## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ALCOA INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. |
| v. | ) | |
| ALCAN INC., ALCAN ROLLED | ) | |
| PRODUCTS-RAVENSWOOD LLC, f/k/a | ) | **DEMAND FOR JURY TRIAL** |
| PECHINEY ROLLED PRODUCTS, LLC, | ) | |
| PECHINEY CAST PLATE, INC., and | ) | |
| CENTURY ALUMINUM COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Alcoa Inc. ("Alcoa"), by and through its undersigned counsel, hereby files its

Complaint for Declaratory Judgment against the above-named Defendants as follows:

## PARTIES

1.    Plaintiff Alcoa is a corporation organized under the laws of the Commonwealth of

Pennsylvania, having its principal place of business in the State of New York.

2.    Defendant Century Aluminum Company ("Century") is a corporation organized

under the laws of Delaware, having its principal place of business in the State of California.

3.    Defendant Alcan Rolled Products-Ravenswood LLC ("Alcan Rolled Products"),

formerly known as Pechiney Rolled Products, LLC, is a corporation organized under the laws of

Delaware, having its principal place of business in the State of West Virginia. Alcan Rolled

Products-Ravenswood LLC is a wholly-owned subsidiary of Pechiney Metals LLC and an

indirect wholly-owned subsidiary of Alcan Inc. Alcan Rolled Products is a successor-in-interest

to Pechiney Rolled Products, LLC.

4.      Defendant Pechiney Cast Plate, Inc. is a corporation organized under the laws of Delaware, having its principal place of business in the State of California. Pechiney Cast Plate, Inc. is a wholly-owned subsidiary of Alcan Rolled Products-Ravenswood LLC.

5.      Defendant Alcan Inc. is a corporation organized under the laws of Canada, having its principal place of business in Montreal, Quebec, Canada. Alcan Inc. produces, among other things, aluminum and aluminum cast plate products, which it sells throughout the world.

6.      Alcan Inc. derives substantial revenue from products or services consumed in the United States, including in the State of Delaware. Alcan Inc. engages in persistent corporate operations in the State of Delaware, including through numerous subsidiaries that are incorporated in the State.

7.      Alcan Inc. operates in the United States and around the world through a complicated web of interlocking corporations, as described herein at Paragraphs 3-6 and 8. (Alcan Inc., Pechiney Cast Plate, Inc., and Alcan Rolled Products-Ravenswood LLC may be collectively referred to herein as "Alcan.")

8.      Aside from the Delaware Defendants named in this action, Alcan Corp. and Pechiney Metals LLC are Delaware subsidiaries owned and operated by Alcan Inc.

## JURISDICTION AND VENUE

9.      Jurisdiction arises under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and 28 U.S.C. §§ 1331 and 1332. There is complete diversity of citizenship between Alcoa and the Defendants, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

10.     Venue is proper in this district under 28 U.S.C. § 1391.

2

**FACTUAL BACKGROUND**

The Vernon Cast Plate Facility

11.    Prior to December 1998, Alcoa owned and operated a cast aluminum plate manufacturing and sales facility located in Vernon, California (the facility and the real property on which the facility is located is hereinafter referred to as the "Facility").

12.    Pursuant to a Final Judgment among the United States of America, Alcoa, and Alumax Inc. dated June 15, 1998, Alcoa was ordered by the United States District Court for the District of Columbia to divest the Facility as an ongoing business in order to maintain competition within the relevant market. The Court ordered that the divestiture be accomplished in a manner to satisfy the United States that the Facility would be used by the purchaser as part of a viable, ongoing business engaged in the manufacture of cast plate and that the purchaser of the Facility would have the capability and intent of competing effectively in the manufacture and sale of cast plate.

Alcoa's Sale to Century

13.    On December 22, 1998, Alcoa and Century entered into an Acquisition Agreement pursuant to which Century purchased the Facility from Alcoa (the "Century Acquisition Agreement").

14.    Alcoa conveyed the Facility to Century on an "as is, where is, with all faults" basis, with no representations or warranties by Alcoa except as provided in the Agreement.

15.    Century agreed to assume all liabilities related to the Facility except as otherwise provided in the Century Acquisition Agreement to the contrary.

16.    Century assumed all environmental liabilities related to the Facility except as otherwise provided in the Century Acquisition Agreement.

17.    Pursuant to Section 10.03(c) of the Century Acquisition Agreement, Alcoa agreed to perform certain specified remedial actions.

18.    Alcoa completed the specified tasks and provided to Century documentation of such completion, including a copy of a "No Further Action" letter obtained from the City of Vernon Environmental Health Department ("Vernon EHD") dated September 2, 1999.

19.    At the time of the closing of the Century Acquisition Agreement, the Facility was in compliance with all environmental regulations.

Century's Sale of Facility to Pechiney

20.    On or about July 26, 1999, Century sold the Facility to an entity then known as Pechiney Rolled Products, LLC pursuant to a Stock and Asset Purchase Agreement dated as of July 26, 1999 (the "Pechiney Purchase Agreement").

21.    Century and Pechiney Rolled Products, LLC entered into a separate indemnification agreement dated as of September 20, 1999 which related to the transfer of the Facility under the Pechiney Purchase Agreement and under which Pechiney Cast Plate, Inc. was named as an indemnified party.

22.    Subsequent to the Pechiney Purchase Agreement, Alcan Inc. acquired Pechiney, S.A. Pechiney Rolled Products, LLC is now known as Alcan Rolled Products-Ravenswood LLC and is indirectly a wholly-owned subsidiary of Alcan Inc.

Alcan Intends to Disturb the Property

23.    In November 2005, Alcan issued a public press release stating that Alcan was closing the Facility effective January 21, 2006, and that Alcan was in negotiations to sell related equipment and real estate to potential buyers.

4

24.     Alcan and/or its potential buyers intend to conduct demolition, excavation and construction work on the site, and to change its use.

25.     By two letters dated April 17, 2006, Alcan demanded that Century indemnify Alcan for any and all "Losses" incurred due to alleged "environmental conditions" at the Facility.  The letters assert indemnification rights under both the Pechiney Purchase Agreement and the separate September 20, 1999 indemnification agreement.

26.     Alcan sent another letter to Century dated April 24, 2006 requesting information from Century regarding the source of PCBs allegedly detected at the Facility.  The April 24, 2006 letter states that, "an invitation to bid on the demolition of the buildings at the [Facility] has been issued to several demolition contractors.  As part of the demolition, a work plan for the disposal of waste containing PCBs ... must be submitted to the United States Environmental Protection Agency ...."  The letter also makes reference to unspecified "soil remediation at the [Facility]."

<u>Century's Demand for Indemnity From Alcoa</u>

27.     By letter to Alcoa dated May 8, 2006, Century asserted a claim for indemnity under Article 10 of the Century Acquisition Agreement.  The letter states that such indemnity claims relate to the alleged presence of hazardous substances at the Facility as described in the Alcan letters dated April 17, 2006 and April 24, 2006.

28.     By a letter dated June 2, 2006, Alcoa rejected Century's demand for indemnification.

<u>Alcan/Pechiney's Threat to Initiate Litigation Against Alcoa</u>

29.     On May 24, 2006, counsel for Alcan, John Cermak, left a voicemail message for Claire Miller, counsel for Alcoa, stating that in addition to pursuing Century, Alcan may look to

Alcoa to pay for certain development costs at the Facility. During a subsequent telephone conversation between Mr. Cermak and Ms. Miller, Mr. Cermak stated that in addition to Alcan's claim for contractual indemnity from Century, Alcan would file a lawsuit asserting claims directly against Alcoa unless Alcoa admitted liability for the costs alleged by Alcan.

      30.    A real, ripe, and justiciable controversy exists between Alcoa and the Defendants.

**FIRST CLAIM FOR RELIEF**

ALCOA IS NOT LIABLE TO CENTURY UNDER THE ACQUISITION AGREEMENT

      31.    Alcoa incorporates herein by reference Paragraphs 1 through 30 as if set forth in their entirety.

      32.    The Century Acquisition Agreement sets forth the agreement of Alcoa and Century with respect to the condition of the Facility which was delivered at the closing date and the allocation of liabilities as between the parties.

      33.    Alcoa sold the Facility to Century on an "as is, where is, with all faults" basis, subject to the express provisions of the Century Acquisition Agreement. Except for express indemnification provisions set forth therein, the Agreement shifts all environmental liabilities to Century and Century assumed all post-closing liabilities regarding the Facility.

      34.    Alcoa has completed all of the specific remedial actions required in Section 10.03(c) of the Century Acquisition Agreement, obtained a "No Further Action" letter from the City of Vernon with regard thereto, and provided other proof of completion of such remedial actions.

      35.    Century has demanded indemnification for any losses incurred as the result of Alcan's development project at the Facility. Alcoa does not owe such an indemnity under the

6

Century Acquisition Agreement because the basis of Century's demand arises out of the subsequent actions of Alcan.

36.     In addition, Alcoa does not owe such an indemnity under the Century Acquisition Agreement because the proposed development is not "required by directives and/or orders of the Vernon Environmental Health Department," as alleged in Century's May 8, 2006 letter.

37.     A controversy exists between Alcoa and Century concerning the nature and extent of Alcoa's obligations, if any, to Century.

**SECOND CLAIM FOR RELIEF**

ALCOA IS NOT RESPONSIBLE FOR THE
COSTS OF DEVELOPMENT AT THE FACILITY

38.     Alcoa incorporates herein by reference Paragraphs 1 through 37 as if set forth in their entirety.

39.     Prior to the sale of the Facility to Century, Alcoa performed an appropriate environmental remediation of the Facility in the context of the ongoing operation of the cast plate manufacturing facility.   At the time of the closing of the Century Acquisition Agreement, the Facility was in regulatory compliance.

40.     Alcoa completed the remediation of the Facility required under the Century Acquisition Agreement and obtained a No Further Action letter from the regulatory authority.

41.     Alcan stated its intent to conduct various development activities at the Facility, including demolition, excavation and construction work on the site which will disturb soil and buildings located at the Facility.

42.     Alcan has asserted that Alcoa is liable to Alcan for certain costs arising from Alcan's development activities at the Facility.

7

43.    Alcan threatened to bring claims directly against Alcoa, including without limitation claims under the Comprehensive Environmental Response Compensation and Liability Act, 42 U.S.C. §§ 9601 *et seq.* ("CERCLA"), to recover costs associated with Alcan's development activities at the Facility.

44.    Any such development activities at the Facility are due solely to the actions of Alcan and/or other owners of the Facility subsequent to Alcoa, and such activities are not the responsibility of Alcoa.

45.    A controversy exists between Alcoa, Century and Alcan concerning the nature and extent of Alcoa's obligations, if any, regarding the costs of development activities at the Facility.

46.    Alcoa seeks a declaration that Alcoa has no liability to Alcan or Century for the costs of Alcan's development activities at the Facility, under CERCLA or otherwise.

47.    In the alternative, in the event that the Court were to determine that Alcoa bears any responsibility under CERCLA or otherwise for the costs of Alcan's development activities at the Facility, Alcoa seeks a declaration as to the allocation of responsibility for such costs as between Alcoa, Century, and Alcan under CERCLA and/or other governing law.

### **THIRD CLAIM FOR RELIEF**

<u>CENTURY IS LIABLE TO ALCOA UNDER THE ACQUISITION AGREEMENT</u>

48.    Alcoa incorporates herein by reference Paragraphs 1 through 47 as if set forth in their entirety.

49.    Except for express indemnification provisions set forth therein, the Century Acquisition Agreement shifts all environmental liabilities to Century and Century assumed all post-closing liabilities regarding the Facility.

8

50.    Century owes Alcoa a duty of indemnity under the Century Acquisition Agreement for claims asserted against Alcoa which fall within Century's assumed liabilities.

51.    In the event that the Court were to determine that Alcoa is liable to Alcan under CERCLA or otherwise for costs arising from Alcan's development activities at the Facility, in full or in part, Alcoa is entitled to indemnity from Century for such liability because it is a post-closing liability assumed by Century under the Century Acquisition Agreement and does not fall within Alcoa's obligations under the express indemnification provisions of the Acquisition Agreement.

52.    Century has implicitly rejected its obligation to indemnify Alcoa through Century's demand that Alcoa indemnify Century for any purported losses incurred as the result of Alcan's development project at the Facility.

53.    A controversy exists between Alcoa and Century concerning the nature and extent of Century's obligations to Alcoa.

WHEREFORE, Alcoa prays for judgment:

A.    Declaring under Alcoa's first claim that Alcoa has no liability to Century for the costs of Alcan's development activities at the Facility.

B.    Declaring under Alcoa's second claim that Alcoa has no liability to Alcan or Century for the costs of Alcan's development activities at the Facility, under CERCLA or otherwise.

C.    In the alternative, in the event that the Court were to determine that Alcoa bears any responsibility under CERCLA or otherwise for the costs of Alcan's development activities at the Facility, judgment declaring the allocation of responsibility for such costs as between Alcoa, Century, and Alcan under CERCLA and/or other governing law.

9

D.     Declaring under Alcoa's third claim, in the event that the Court were to determine that Alcoa bears any responsibility under CERCLA or otherwise for the costs of Alcan's development at the Facility, that Alcoa is entitled to indemnity from Century for such liability.

E.     Awarding Alcoa attorneys' fees as against the above-named Defendants and such other and further relief as may appear just and proper, together with the costs and disbursements of this action.

Allen M. Terrell, Jr. (#709)
terrell@rlf.com
Steven J. Fineman (#4025)
fineman@rlf.com
Richards Layton & Finger
One Rodney Square
920 North King Street
Wilmington, DE 19801
302-651-7700
Attorneys for Plaintiff

OF COUNSEL:
Thomas G. Rohback
James J. Reardon
Benjamin J. Ferron
LeBoeuf, Lamb, Greene & MacRae LLP
Goodwin Square
225 Asylum Street
Hartford, CT 06103
860-293-3500

Dated: July 25, 2006

10

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
ALCOA INC.

**DEFENDANTS:** ALCAN INC., ALCAN ROLLED PRODUCTS-RAVENSWOOD LLC, f/k/a/ PECHINEY ROLLED PRODUCTS, LLC, PECHINEY CAST PLATE, INC., AND CENTURY ALUMINUM COMPANY

**(b)** County of Residence of First Listed Plaintiff _____N/A_____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____N/A_____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Steven J. Fineman
Richards, Layton & Finger
One Rodney Square
920 North King Street
Wilmington, DE 19801
302-651-7700

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☐ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
■ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ■ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 840 Trademark | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ■ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | **CIVIL RIGHTS** | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | ☐ 441 Voting | **Habeas Corpus:** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 442 Employment | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Eject. | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 445 Amer. w/Disabilities - Employment | ☐ 550 Civil Rights | | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 446 Amer. w/Disabilities - Other | ☐ 555 Prison Condition | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | | | | ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)

■ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Justice

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statues unless diversity): 28 U.S.C. § 1332
Brief description of cause: Declaratory Judgment

## VII. REQUESTED IN COMPLAINT
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ■ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____  DOCKET NUMBER _____

DATE  July 25, 2006

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

RLF1-3040921-1

INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. (a) Plaintiffs - Defendants. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved)

(c) Attorneys. Enter firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)"

II. Jurisdiction. The basis of jurisdiction is set forth under Rule 8 (a), F. R. C. P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction is based on 28 U S C 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an X in this box.

Federal question. (3) This refers to suits under 28 U S C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U S. is a party, the U S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U S C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. Residence (citizenship) of Principal Parties. This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. Cause of Action. Report the civil statute directly related to the cause of action and give a brief description of the cause.

V. Nature of Suit. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV above, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

VI. Origin. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U S C. Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U S C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U S C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate's decision.

VII. Requested in Complaint. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F R C P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. Related Cases. This section of the JS-44 is used to reference relating pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

Date and Attorney Signature. Date and sign the civil cover sheet.
(rev. 07/89)

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. _____ 0 6 - 4 5 1 _____

# ACKNOWLEDGMENT
# OF  RECEIPT  FOR AO FORM  85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ____4____ COPIES OF AO FORM 85.


_____JUL 2 5 2006_____            _____Greg Pierce_____
(Date forms issued)              (Signature of Party or their Representative)


_____Greg  Pierce_____
(Printed name of Party or their Representative)


Note: Completed receipt will be filed in the Civil Action