**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ALCOA INC., | ) |
| | ) |
|       Plaintiff, | ) |
| | )   C. A. No. 06-451-SLR |
| v. | ) |
| | ) |
| ALCAN INC., ALCAN ROLLED PRODUCTS- | ) |
| RAVENSWOOD LLC, f/k/a PECHINEY | ) |
| ROLLED PRODUCTS LLC, PECHINEY CAST | ) |
| PLATE INC., and CENTURY ALUMINUM | ) |
| COMPANY, | ) |
| | ) |
|       Defendants. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF ALCAN INC.'S
<u>MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION</u>**

                                                        ASHBY & GEDDESS
                                                        Steven J. Balick (# 2114)
                                                        John G. Day (# 2403)
                                                         Tiffany Geyer Lydon (# 3950)
                                                         222 Delaware Ave., 17th Floor
                                                        P.O. Box 1150
                                                        Wilmington, DE  19899
                                                         Telephone:  (302) 654-1888
                                                        Facsimile:  (302) 654-2067

*Of Counsel:*

Richard P. Steinken (*pro hac vice*)
Shelley Smith (*pro hac vice*)
JENNER & BLOCK LLP
One IBM Plaza
Chicago, IL 60611
Telephone: (312) 222-9350
Facsimile: (312) 840-7631

Dated:  October 13, 2006

**TABLE OF CONTENTS**

I.    NATURE AND STAGE OF PROCEEDINGS ................................................................1

II.    SUMMARY OF ARGUMENT ......................................................................................1

III.    CONCISE STATEMENT OF FACTS ..........................................................................2

IV.    PLAINTIFF'S BURDEN OF PROOF ...........................................................................3

V.    ARGUMENT..................................................................................................................4

    A.    Alcoa Has Failed To Establish Specific Jurisdiction Over Alcan Inc. Under The Delaware Long-Arm Statute .....................................4

    B.    Alcoa Has Failed To Establish General Jurisdiction Over Alcan Inc. Under The Delaware Long-Arm Statute ................................................5

    C.    Jurisdiction Over Alcan Inc. Does Not Comport With Due Process...................................................................................................................6

VI.    CONCLUSION...............................................................................................................8

# TABLE OF AUTHORITIES

**Cases**

*Applied Biosystems, Inc. v. Cruachem, Ltd.*,
 772 F.Supp. 1458 (D. Del. 1991)...............................................................................................7

*Burger King Corp. v. Rudzewicz*,
 471 U.S. 462 (1985).....................................................................................................................6

*Cordis Corp. v. Advanced Cardiovascular Sys., Inc.*,
 No. 97-635-SLR, 1999 WL 805284 (D. Del. 1999) ............................................................6

*Cote v. Wadel*,
 796 F.2d 981 (7th Cir. 1986) ....................................................................................................1

*Goldlawr, Inc. v. Heiman*,
 369 U.S. 463 (1962).....................................................................................................................1

*Helicopteros Nacionales De Colombia,*
 *S.A. v. Hall*, 466 U.S. 408 (1984) .......................................................................................3, 7

*Int'l Shoe Co. v. Washington*,
 326 U.S. 310 (1945).................................................................................................................6, 7

*Merck & Co., Inc. v. Barr Labs., Inc.*,
 179 F.Supp.2d 368 (D. Del. 2002)...........................................................................................3

*Provident Nat'l Bank v. California Fed. Sav. & Loan Assoc.*,
 819 F.2d 434 (3d Cir. 1987).......................................................................................................3

*Reach & Assocs., P.C. v. Dencer*,
 269 F.Supp.2d 497 (D. Del. 2003)......................................................................................3, 5

*SAFT Am., Inc. v. Ovonic Battery Co., Inc.*,
 No. 95-430-SLR, 1996 WL 190008 (D. Del. 1996) ............................................................3

*Sears, Roebuck & Co v. Sears plc*,
 744 F.Supp. 1297 (D. Del. 1990)..............................................................................................7

*Time Share Vacation Club v. Atlantic Resorts, Ltd.*,
 735 F.2d 61 (3d Cir. 1984).........................................................................................................3

*TriStrata Tech., Inc. v. Neoteric Cosmetics, Inc.*,
 961 F.Supp. 686 (D. Del. 1997)................................................................................................5

**Statutes**

28 U.S.C. § 1404 ..................................................................................................................... 1

10 Del. C. § 3104(c)(1) ............................................................................................................. 4

10 Del. C. § 3104(c)(2) ............................................................................................................. 4

10 Del. C. § 3104(c)(3) ............................................................................................................. 4

10 Del. C. § 3104(c)(4) ............................................................................................................. 5

10 Del. C. § 3104(c)(5) ............................................................................................................. 4

10 Del. C. § 3104(c)(6) ............................................................................................................. 4

## I.    NATURE AND STAGE OF PROCEEDINGS

On July 25, 2006, Alcoa Inc. ("Alcoa") filed this action seeking a declaratory judgment that it is not responsible for remediation of environmental contaminants that are located at a manufacturing and sales facility in Vernon, California (the "Vernon facility").  Alcoa filed suit against Alcan Inc., Alcan Rolled Products-Ravenswood LLC, f/k/a Pechiney Rolled Products LLC, Pechiney Cast Plate Inc. (collectively the "Alcan Defendants"), and Century Aluminum Company.  By agreement of the parties and order of this Court, the date by which the Alcan Defendants must respond to Alcoa's Complaint was extended to October 13, 2006.  Alcoa has agreed to extend Century's time to respond to the Complaint to October 27, 2006.  Alcan Inc. now moves to be dismissed from this action for lack of personal jurisdiction.[1]

## II.    SUMMARY OF ARGUMENT

Alcan Inc. is a Canadian company with corporate offices in Montreal, Quebec, Canada. Alcan Inc. does not do business in Delaware, and has no operations, property or employees in Delaware.  (*See* Affidavit of Roy Millington ("Millington Aff.") ¶¶ 2-11) (attached hereto as Exhibit A).  Alcoa's conclusory allegations that Alcan Inc. derives substantial revenues from products or services consumed in Delaware and has operations in Delaware (Compl. ¶¶ 6-7) are both factually and legally insufficient to establish personal jurisdiction over Alcan Inc.  Alcoa fails to allege sufficient grounds for exercising jurisdiction over Alcan Inc. under the Delaware

---

[1]    All of the Alcan Defendants have concurrently filed a motion pursuant to 28 U.S.C. § 1404 to transfer venue to the Central District of California on the grounds that the convenience of the parties and witnesses and the interests of justice will be served because most of the relevant documents and witnesses are located there and that jurisdiction has a more significant nexus to the subject matter of this dispute.  This Court may transfer this case before it decides the present motion.  *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 465-66 (1962) ("Nothing . . . indicates that the operation of the section was intended to be limited to actions in which the transferring court has personal jurisdiction over the defendants."); *see also Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986) ("under 1404(a) as under 1406(a), the transferring court need not have personal jurisdiction over the defendants").

long-arm statute or under federal due process requirements because: (1) Alcoa has not alleged that its claims arose from any actions taken by Alcan Inc. in Delaware, as required for specific jurisdiction; and (2) Alcoa cannot establish that Alcan Inc. had any ongoing contacts with Delaware that would satisfy the standard for general jurisdiction.

### III.   CONCISE STATEMENT OF FACTS

Alcoa admits that Alcan Inc. is a Canadian corporation having its principal place of business in Montreal, Quebec, Canada. (Compl. ¶ 5.) Alcoa does not allege that Alcan Inc. engages in any specific activities in Delaware, or that Alcan Inc. committed acts in Delaware that give rise to any of Alcoa's claims. Alcoa's jurisdictional allegations consist solely of conclusory assertions: (1) that Alcan Inc. derives revenues from unspecified goods or services consumed in Delaware; and (2) that Alcan Inc. engages in unidentified operations in Delaware, including operations conducted through subsidiaries incorporated in Delaware. (Compl. ¶¶ 6-7.) Such bare allegations cannot sustain jurisdiction over Alcan Inc.

The relevant jurisdictional facts are set forth in the attached affidavit of the Corporate Secretary of Alcan Inc., Roy Millington:

- Alcan Inc. is a holding company with no operations and no permanent establishment in the United States, including Delaware. (Millington Aff. ¶¶ 2-3.)

- Alcan Inc. is not registered to do business in Delaware and has no registered agents in Delaware. (*Id.* ¶¶ 4-5.)

- Alcan Inc. is not engaged in business in Delaware and has never entered into any contracts in Delaware. (*Id.* ¶ 6.)

- Alcan Inc. does not have any offices, manufacturing plants, warehouses or other facilities in Delaware and has no telephone listings in Delaware. (*Id.* ¶ 7.)

- Alcan Inc. does not lease or own any real property in Delaware. (*Id.* ¶ 8.)

- Alcan Inc. does not maintain any bank accounts in Delaware. (*Id.* ¶ 9.)

- Alcan Inc. does not have any employees working in Delaware. (*Id.* ¶ 10.)

- Alcan Inc. does not pay taxes or franchise fees in Delaware. (*Id.* ¶ 11.)

**IV.    PLAINTIFF'S BURDEN OF PROOF**

Once a defendant has challenged personal jurisdiction, the plaintiff bears the burden of establishing with reasonable particularity that sufficient minimum contacts exist between the defendant and the forum state to support jurisdiction.  *Provident Nat'l Bank v. California Fed. Sav. & Loan Assoc.*, 819 F.2d 434, 437 (3d Cir. 1987); *Reach & Assocs., P.C. v. Dencer,* 269 F. Supp. 2d 497, 502 (D. Del. 2003); *Merck & Co., Inc. v. Barr Labs., Inc.*, 179 F. Supp. 2d 368, 371 (D. Del. 2002). "Bare pleadings" alone will not suffice to withstand defendant's challenge to personal jurisdiction.  *Time Share Vacation Club v. Atlantic Resorts, Ltd.,* 735 F.2d 61, 66 n.9 (3d Cir. 1984); *see also SAFT Am., Inc. v. Ovonic Battery Co., Inc.,* No. 95-430-SLR, 1996 WL 190008, *2 (D. Del. Mar. 25, 1996) (citing *Time Share Vacation Club* and stating that plaintiffs must establish jurisdiction "through sworn affidavits or other competent evidence").

Plaintiff may satisfy its burden by presenting evidence that: (1) that plaintiff's cause of action arose out of defendant's activities in the forum state (otherwise known as "specific jurisdiction"); or (2) that defendant's contacts with the forum state are continuous and systematic (otherwise known as "general jurisdiction").  *Helicopteros Nacionales De Colombia, S.A. v. Hall,* 466 U.S. 408, 414-16 (1984).

3

V.     ARGUMENT

   A.     **Alcoa Has Failed To Establish Specific Jurisdiction Over Alcan Inc. Under The Delaware Long-Arm Statute.**

Because Alcoa has not and cannot allege that its claims for declaratory relief arise out of any conduct that occurred in Delaware, Alcoa has no basis for asserting a claim of specific jurisdiction over Alcan Inc.  Indeed, Alcoa does not allege any "cause of action . . . arising from any of the acts enumerated," in the Delaware long-arm statute, such as:  (1) conducting "business," "work," or "service" in Delaware; (2) entering into "[c]ontracts to supply services or things" in Delaware; (3) causing "tortious injury by an act or omission" in Delaware; (4) having an interest in, using or possessing real property in Delaware; or (5) contracting to insure or act as surety on a contract to be executed or performed in Delaware.  10 Del. C. § 3104(c)(1)-(3), (5)-(6).

Alcoa's Complaint alleges that the actions giving rise to its claims occurred in California, not Delaware.  The dispute over responsibility for environmental remediation at the Vernon facility stems from the terms of the sale of the Vernon facility by Alcoa to Century Aluminum Company ("Century"), and from the terms of the subsequent sale of the Vernon facility by Century to Pechiney Rolled Products LLC ("Pechiney").  (Compl. ¶¶ 11-30.)  Alcoa alleges that claims for indemnity for environmental liabilities to remediate the Vernon facility have been made by Century against Alcoa and by Pechiney against Century.  (Compl. ¶¶ 25-27.)  According to Alcoa, it has no liability to any party for the cost of remediating the Vernon facility because the facility was in compliance with all environmental regulations when Alcoa sold it, and any need to conduct further remediation is a result of the Defendants' subsequent activities on the site.  (Compl. ¶¶ 18, 44.)  Given this focus on events in and around the Vernon

4

facility, specific jurisdiction cannot be exercised over Alcan Inc. because none of Alcoa's claims are alleged to have arisen out of conduct that occurred in Delaware.

### B. Alcoa Has Failed To Establish General Jurisdiction Over Alcan Inc. Under The Delaware Long-Arm Statute.

Likewise, Alcoa cannot satisfy the high standard for establishing general jurisdiction over Alcan Inc. under Delaware law. *See Reach & Assocs.*, 269 F. Supp. 2d at 505 (finding that "the standard for general jurisdiction is high in practice and not often met."); *see also TriStrata Tech., Inc. v. Neoteric Cosmetics, Inc.,* 961 F. Supp. 686, 691 (D. Del. 1997) (same). The Delaware long-arm statute provides that general jurisdiction exists if the non-resident defendant "[c]auses tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State[.]" 10 Del. C. § 3104(c)(4).

Alcoa's conclusory allegations are insufficient to establish general jurisdiction over Alcan Inc. under the Delaware statute. Alcoa has alleged that "Alcan derives substantial revenue from products or services consumed in the United States, including in the State of Delaware," and that "Alcan engages in persistent corporate operations in the State of Delaware, including through numerous subsidiaries that are incorporated in the State." (Compl. ¶ 6.) With these allegations, however, Alcoa has merely recited the requirements for general jurisdiction under the Delaware statute, and has not provided any facts to support these conclusions. Delaware courts have held that "recitation of the standard for the Delaware long-arm statute in [a plaintiff's] Complaint, without any factual specificity as to the acts that support such an allegation, is not sufficient to confer jurisdiction under Subsection (c)(4) of the Delaware long-arm statute." *Reach & Assocs.,* 269 F. Supp. 2d at 505.

5

Moreover, any attempt to make the necessary allegations to support general jurisdiction under Delaware law would be futile. As discussed above, the attached affidavit of Roy Millington establishes that Alcan Inc. does not have any offices, employees, bank accounts, real estate, or phone listings in Delaware, is not licensed to do business in Delaware, does not have a registered agent in Delaware, does not pay taxes or franchise fees in Delaware, does not solicit business in Delaware, does not enter contracts in Delaware, does not lease or own real estate in Delaware, and does not conduct ongoing operations or business of any kind in Delaware. (*See* Millington Aff. ¶¶ 2-11, Ex. A.) Under these circumstances, general jurisdiction simply does not exist.

### C. Jurisdiction Over Alcan Inc. Does Not Comport With Due Process.

Asserting personal jurisdiction over Alcan Inc. would also fail to comport with the requirements of federal due process. *See Cordis Corp. v. Advanced Cardiovascular Sys., Inc.,* No. 97-635-SLR, 1999 WL 805284, *5-6 (D. Del. 1999). In considering a jurisdictional challenge, "the court must determine whether the exercise of personal jurisdiction is compatible with both the specific requirements of the Delaware long-arm statute *and* with defendant's constitutional right to due process." *Cordis Corp.,* 1999 WL 805284, at *4, 7 n.3 (emphasis added). Even if the statutory requirements could somehow be met in the present case, any exercise of jurisdiction would violate due process.

In order to satisfy the due process requirements for jurisdiction over a non-resident defendant, the non-resident defendant must have "minimum contacts" with Delaware "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945). In determining whether this requirement is met in the present case, this Court must look to whether the non-resident defendant Alcan Inc. has "purposefully avail[ed] itself of the privilege of conducting activities

6

within the forum State…." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475 (1985); *Teclordia Tech., Inc.,* 2005 WL 1268061, at *1; *Cordis Corp.,* 1999 WL 805284, at *5.

Where, as here, the cause of action does not arise out of defendant's alleged contacts with the forum state, defendant's contacts with the forum state must be "continuous and systematic general business contacts" in order for the court to exercise jurisdiction over defendant. *Helicopteros Nacionales De Colombia, S.A. v. Hall,* 466 U.S. at 415-16; *Applied Biosystems, Inc. v. Cruachem, Ltd.*, 772 F. Supp. 1458, 1470 (D. Del. 1991). Like general jurisdiction under the Delaware long-arm statute, the standard for general jurisdiction under federal due process is "a high standard in practice" and "not often met." *See Sears, Roebuck & Co v. Sears plc,* 744 F. Supp. 1297, 1304 (D. Del. 1990) ("In *International Shoe,* the Supreme Court indicated that the 'continuous and substantial' requirement is not often met . . . [i]ndeed, there appears to be only one case . . . in which the United States Supreme Court has upheld the exercise of personal jurisdiction over a defendant where the claim was not related to the defendant's forum related activities.") Given the complete absence of any specific allegations of "continuous and systematic general business contacts" by Alcan Inc. in Delaware, the standard plainly is not met here.

In sum, the absence of any significant, much less "continuous and systematic," contact with Delaware necessitates a finding that the exercise of jurisdiction over Alcan Inc. would "offend 'traditional notions of fair play and substantial justice.'" *See Int'l Shoe,* 326 U.S. at 316. Alcan Inc. should therefore be dismissed from this action.

## VI. CONCLUSION

For all the reasons discussed above, this Court should dismiss Defendant Alcan Inc. from the present action for lack of personal jurisdiction.

Respectfully Submitted,

ASHBY & GEDDES

*/s/ Steven J. Balick*

_____
Steven J. Balick (# 2114)
John G. Day (# 2403)
Tiffany Geyer Lydon (# 3950)
222 Delaware Ave., 17th Floor
P.O. Box 1150
Wilmington, DE  19899
Telephone:  (302) 654-1888
Facsimile:  (302) 654-2067

*Of Counsel:*

Richard P. Steinken (*pro hac vice*)
Shelley Smith (*pro hac vice*)
JENNER & BLOCK LLP
One IBM Plaza
Chicago, IL 60611
Telephone: (312) 222-9350
Facsimile: (312) 840-7631


Dated:  October 13, 2006
174199.

8

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of October 2006, the attached **MEMORANDUM OF LAW IN SUPPORT OF ALCAN INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** was served upon the below-named counsel of record at the addresses and in the manner indicated:

| | |
|---|---|
| Allen M. Terrell, Jr., Esquire<br>Richards Layton & Finger LLP<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE  19801 | HAND DELIVERY |
| Thomas G. Rohback, Esquire<br>LeBoeuf, Lamb, Greene & MacRae LLP<br>Goodwin Square<br>225 Asylum Street<br>Hartford, CT  06103 | VIA FEDERAL EXPRESS |
| Christian D. Wright, Esquire<br>Young, Conaway, Stargatt & Taylor<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE  19801 | HAND DELIVERY |

*/s/ Steven J. Balick*

Steven J. Balick

172155.1

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALCOA INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 06-451-SLR |
| v. | ) |
| | ) |
| ALCAN INC., ALCAN ROLLED PRODUCTS-RAVENSWOOD LLC, f/k/a PECHINEY ROLLED PRODUCTS LLC, PECHINEY CAST PLATE INC., and CENTURY ALUMINUM COMPANY, | ) ) ) ) ) |
| | ) |
| Defendants. | ) |

## AFFIDAVIT OF ROY MILLINGTON

I, Roy Millington, being duly sworn, hereby depose and state:

1. I am currently the Corporate Secretary of Alcan Inc. and have held that position since June 28, 2001. I have personal knowledge, based on the books and records of the company discussed herein, of the matters set forth in this Affidavit and would be competent to testify concerning these matters if called upon to do so.

2. Defendant Alcan Inc. is a Canadian corporation with corporate offices in Montreal, Quebec, Canada. Alcan Inc. is a holding company and has no operations in the United States.

3. Alcan Inc. is not a resident of the United States and has no permanent establishment in the United States, including Delaware and California.

4. Alcan Inc. has never been qualified, authorized, or otherwise chartered or registered to conduct or transact business in Delaware or California.

5. Alcan Inc. has no registered agents in Delaware or California.

6. Alcan Inc. is not engaged in business in Delaware, California or the United States and has never entered into any contracts within the state of Delaware or the state of California.

7. Alcan Inc. does not maintain any offices, manufacturing plants, warehouses or other facilities in the state of Delaware or the state of California. Additionally, Alcan Inc. has no telephone listings anywhere in Delaware or in California.

8. Alcan Inc. does not lease or own any real property in the state of Delaware or the state of California.

9. Alcan Inc. does not maintain bank accounts in Delaware or in California.

10. Alcan Inc. does not have any employees working in the state of Delaware or in the state of California.

11. Alcan Inc. does not pay any taxes or franchise fees in Delaware or in California.

FURTHER AFFIANT SAYETH NOT.

_____
Roy Millington

SUBSCRIBED and SWORN to before me
this 10th day of October, 2006.

_____
Notary Public

2