# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ALCOA INC. | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 06-451-SLR |
| | ) | |
| v. | ) | |
| | ) | |
| ALCAN INC., ALCAN ROLLED | ) | |
| PRODUCTS–RAVENSWOOD LLC, f/k/a | ) | |
| PECHINEY ROLLED PRODUCTS, LLC, | ) | |
| PECHINEY CAST PLATE, INC., and | ) | |
| CENTURY ALUMINUM COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF ALCOA INC.'S ANSWERING BRIEF IN OPPOSITION TO ALCAN INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

OF COUNSEL:
Thomas G. Rohback
James J. Reardon
Patrick J. Sweeney
LeBoeuf, Lamb, Greene & MacRae LLP
Goodwin Square
225 Asylum Street
Hartford, CT 06103
860-293-3500

Allen M. Terrell, Jr.(#709)
terrell@rlf.com
Steven J. Fineman (#4025)
fineman@rlf.com
Richards Layton & Finger
One Rodney Square
920 North King Street
Wilmington, DE 19807
302-651-7700
Attorneys for Plaintiff Alcoa Inc.

Dated: December 5, 2006

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................................................... i

I.    NATURE AND STAGE OF THE PROCEEDING ............................................................. 1

II.   SUMMARY OF ARGUMENT ......................................................................................... 1

III.  STATEMENT OF FACTS ................................................................................................ 2

IV.   ARGUMENT ..................................................................................................................... 3

      A.  Jurisdictional Motion To Dismiss Standard ........................................................... 3

      B.  Alcoa Has Established a *Prima Facie* Case for General Jurisdiction
          Over Alcan Inc. ..................................................................................................... 4

      C.  In the Alternative, The Court Should Defer Ruling and Permit Jurisdictional
          Discovery ............................................................................................................... 6

V.    CONCLUSION .................................................................................................................. 7

# TABLE OF AUTHORITIES

**Case Name**        **Page(s)**

Altech Indus., Inc. v. Al Tech Specialty Steel Corp.,
542 F. Supp. 53 (D. Del. 1982) ............................................................ 4

E.I. DuPont de Nemours & Co. v. Rhodia Fiber & Resin Intermediates, S.A.S.,
197 F.R.D. 112 (D. Del. 2000) ............................................................ 3

Joint Stock Society v. Hueblein, Inc.,
936 F. Supp. 177 (D. Del. 1996) ............................................................ 3

Mellon Bank (East) PSFS Nat'l Ass'n v. Farino,
960 F.2d 1217 (3d Cir. 1992) ............................................................ 3

Munsell v. La Brasserie Molson Du Quebec Limitee,
618 F. Supp. 1383 (E.D.N.Y. 1985) ............................................................ 6

Patin v. Thoroughbred Power Boats,
294 F.3d 640 (5th Cir. 2002) ............................................................ 4

Provident Nat'l Bank v. California Federal Sav. & Loan Assoc.,
819 F.2d 434 (3d Cir. 1987) ............................................................ 5

Renner v. Lanard Toys Ltd.,
33 F. 3d 277 (3d Cir. 1994) ............................................................ 6

Sandvik AB v. Advent Int'l Corp.,
83 F. Supp. 2d 442 (D. Del. 1999) ............................................................ 6

Sears, Roebuck & Co. v. Sears plc,
744 F. Supp. 1297 (D. Del. 1990) ............................................................ 3

Sternberg v. O'Neil,
550 A.2d 1105 (Del. 1988) ............................................................ 4

Tracinda Corp. v. DaimlerChrysler AG,
197 F. Supp. 2d 86 (D. Del. 2002) ............................................................ 6

Wesley-Jessen Corp. v. Pilkington Visioncare, Inc.,
863 F. Supp. 186 (D. Del. 1993) ............................................................ 4

RLF1-3089564-1

I.    **NATURE AND STAGE OF THE PROCEEDING**

Plaintiff Alcoa Inc. ("Alcoa") respectfully submits this answering brief in opposition to the Motion to Dismiss For Lack of Personal Jurisdiction ("Motion"), filed by defendant Alcan Inc. ("Alcan").

Alcoa originally brought suit for a declaratory judgment on July 25, 2006.  Alcan sought, and Alcoa consented to, an extension of time to respond to the complaint.  Alcan filed the pending Motion to Dismiss on October 13, 2006.  The parties agreed to an extension of time, until December 5, 2006, for Alcoa to oppose the Motion.  On November 16, 2006, Alcoa contacted counsel for Alcan and proposed a Rule 26 conference for the specific purpose of discussing jurisdictional discovery.  Alcan responded by requesting a summary of the proposed discovery and a proposed schedule.  Alcoa responded by providing complete drafts of the proposed discovery (and noting that, once served, responses thereto would be due within the time limits set forth under the Federal Rules).  Alcan did not respond until December 4, 2006 when it agreed to participate in a Rule 26 conference to discuss jurisdictional discovery on December 6, 2006 – one day after this brief is due.

II.    **SUMMARY OF ARGUMENT**

Alcoa has sufficiently alleged facts to support this Court's jurisdiction over Alcan, and submits herewith an affidavit supporting and supplementing those allegations.  See Affidavit of James J. Reardon ("Reardon Aff."), filed contemporaneously herewith.[1]  Since discovery has not yet begun, Alcoa relies upon its good faith allegations and the limited public information available regarding the extensive web of private companies Alcan controls as part of its operations, including at least 33 such Alcan companies incorporated in the State of Delaware and several others registered to conduct business in the State of Delaware.  Those companies have

---

[1] All additional exhibits referenced herein are attached to the Reardon Affidavit.

1

acted as the alter ego and/or agents of Alcan in their conduct of activities within Delaware such that their significant jurisdictional contacts are attributable to Alcan. In the alternative, the Court should defer ruling on the Motion and permit jurisdictional discovery.

## III.    **STATEMENT OF FACTS**

Alcan operates through a complicated web of interlocking corporations. D.I. 1 at ¶ 7. Alcan produces, among other things, aluminum and aluminum cast plate products, which it sells throughout the world. Id. at ¶ 5. Alcan engages in persistent corporate operations in the State of Delaware, including through numerous subsidiaries that are incorporated in the State of Delaware. Id. at ¶ 7. Alcan derives substantial revenue from products or services consumed in the United States, including the State of Delaware. Id. As of 2005, Alcan owned at least 33 subsidiaries (directly and/or indirectly) which are incorporated in the State of Delaware (hereinafter, "Alcan's Domestic Subsidiaries"). See Ex. 1, Alcan Inc. Form 10-K (2005) at pp. 57-66. Among those domestic subsidiaries are co-defendants, Pechiney Cast Plate, Inc. and Alcan Rolled Products–Ravenswood LLC. Id.

As part of its regulatory filings, Alcan submits consolidated financial statements for all of it subsidiaries and related companies, including Alcan's Domestic Subsidiaries. See id. Alcan is known to use its United States subsidiaries to facilitate the sale of its products to customers in the United States. See Ex. 2, Reynolds Metals Co. v. Alcan Inc., No. 04-0175 (W.D. Wash. Dec. 7, 2004), Order Denying Motion to Dismiss at 5. On Alcan's website, the term "Alcan" or "Company" is generally used to refer collectively to Alcan Inc. and its subsidiaries, including Alcan's Domestic Subsidiaries. See Ex. 3, Excerpt from Alcan's website (www.alcan.com), "Glossary." In press releases published on its website, Alcan refers to the activities of its subsidiary and co-defendant Alcan Rolled Products–Ravenswood LLC as though Alcan, itself,

2

had performed the activities. See Ex. 4, Press Release, dated October 3, 2006. Elsewhere, in another press release, Alcan refers to the facility in Vernon, California (the sale of which is the subject matter of this action) as its own. See Ex. 5, Press Release, dated November 29, 2005.

## IV.    ARGUMENT

### A. Jurisdictional Motion to Dismiss Standard

A plaintiff may meet its burden for establishing personal jurisdiction by presenting a *prima facie* case in support of the exercise of jurisdiction, that is, by "establishing with reasonable particularity sufficient contacts between the moving party and Delaware." Mellon Bank (East) PSFS Nat'l Ass'n v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992). In turn, the reasonableness of the particularity with which jurisdictional facts are plead depends upon the stage of discovery: "[p]rior to the beginning of discovery, the non-moving party may rely upon the good faith factual allegations of its complaint, cross claims, or counterclaims if such allegations establish sufficient contacts between the moving party and Delaware." Joint Stock Society v. Hueblein, Inc., 936 F. Supp. 177, 192 (D. Del. 1996).

The court may exercise jurisdiction over a foreign corporation based upon its jurisdiction over that corporation's subsidiary through either an "alter ego theory" or an "agency theory." Sears, Roebuck & Co. v. Sears plc, 744 F. Supp. 1297, 1304 (D. Del. 1990). "To exercise jurisdiction under the alter ego theory, the court must find sufficient facts to pierce the corporate veil. . . . The agency theory differs from the alter ego theory in that the court attributes specific acts to the parent because of the parent's authorization of those acts, but does not treat the parent and the subsidiary as one entity." E.I. DuPont de Nemours & Co. v. Rhodia Fiber & Resin Intermediates, S.A.S., 197 F.R.D. 112, 122 (D. Del. 2000). "Delaware courts have found that an agency relationship may exist between corporate affiliates with close business ties." See

3

Wesley-Jessen Corp. v. Pilkington Visioncare, Inc., 863 F. Supp. 186, 188 (D. Del. 1993). Relevant factors in determining agency are: who manufactures and who distributes the relevant products; are the business strategies/financial statements of the companies analyzed as a unit; do the companies present themselves as a unified entity to employees and the marketplace; who owns the relevant patents; where is the relevant research performed; have the companies indemnified one another for patent litigation; and whether the companies are arms of the same business group with common goals. See id. at 188-189.

### B. Alcoa Has Established a *Prima Facie* Case for General Jurisdiction Over Alcan Inc.

Alcan is subject to the general jurisdiction of this Court through the contacts and/or consent of its alter egos and agents. That is, Alcan's domestic subsidiaries, by choosing to incorporate in Delaware, have expressly consented to the general jurisdiction of the Delaware courts. See Sternberg v. O'Neil, 550 A.2d 1105, 1111 (Del. 1988) (recognizing express consent, through statutory registration, as a basis for general personal jurisdiction). In turn, since those entities have acted as the alter ego of Alcan, their consent to jurisdiction must be considered the consent of Alcan as well. See Patin v. Thoroughbred Power Boats, 294 F.3d 640, 653 (5th Cir. 2002) ("[F]ederal courts have consistently acknowledged that it is compatible with due process for a court to exercise personal jurisdiction over an individual or a corporation that would not ordinarily be subject to personal jurisdiction in that court when the individual or corporation is an alter ego or successor of a corporation that would be subject to personal jurisdiction in that court.").

Independent of an alter-ego analysis, general jurisdiction can be established over Alcan under the theory of agency, wherein Alcan's several domestic subsidiaries may be considered the agents of Alcan acting within Delaware. See Altech Indus., Inc. v. Al Tech Specialty Steel

4

Corp., 542 F. Supp. 53 (D. Del. 1982). In Altech Industries, Inc., this Court found general jurisdiction over a foreign parent corporation because of the parent corporation's substantial connections with Delaware, finding that "[a] vast majority" of the parent corporation's 82 subsidiaries were incorporated in Delaware. Id. at 55. There, the Court specifically found that, in the seven year period preceding its decision, at least 35 of the parent's subsidiaries had been incorporated in Delaware and the certificates of at least 5 others had been amended. Id. By considering "these activities . . . in their totality," the Court concluded that the parent corporation's activity in Delaware met the due process requirement of substantial and persistent contacts with the forum. Id. at 56.

In the instant action, without the benefit of discovery, Alcoa has been able to discern that Alcan owns at least 33 subsidiaries (directly and/or indirectly) in the State of Delaware.[2] In its regulatory filings, Alcan employs consolidated financial statements, such that the assets, liabilities, operations, and financial earnings of all of its affiliates and subsidiaries are presented to the public as one indistinguishable whole. Alcan's website presents a unified picture of Alcan and its several subsidiaries, including those incorporated and/or registered to do business in the State of Delaware. These relationships evidence substantial and continued contact with the State of Delaware and a purposeful availment of the benefits of doing business within Delaware. Indeed, "where all the facts of a web-work of corporations are uniquely within defendants' knowledge, the Court is inclined to assume that failure to fully disclose the exact nature of the corporate relationships, including all the elements determinative in establishing agency or overlapping identities, indicates that the facts do not refute the assertion of in personam

---

[2] The Court should consider the sheer number of subsidiaries to determine contacts, without reference to the percentage of total operation those subsidiaries represent. See Provident Nat'l Bank v. California Federal Sav. & Loan Assoc., 819 F.2d 434, 437-38 (3d Cir. 1987) (noting that "the size of the percentage of [foreign defendant's] total business represented by its [in state] contacts is generally irrelevant").

5

jurisdiction." <u>Munsell v. La Brasserie Molson Du Quebec Limitee</u>, 618 F. Supp. 1383, 1386 (E.D.N.Y. 1985).

### C. In the Alternative, The Court Should Defer Ruling and Permit Jurisdictional Discovery.

Notwithstanding Alcoa's belief that the current record (especially given Alcan's failure to illuminate the complicated web of corporations it controls) is sufficient for the Court to deny Alcan's motion to dismiss, Alcoa requests, in the alternative, the opportunity to conduct jurisdictional discovery. "When the plaintiff does not set forth in its complaint adequate grounds upon which the court may assert personal jurisdiction over the defendants, courts commonly permit the plaintiff to conduct limited discovery to determine whether the defendants have adequate contacts with the forum." <u>Sandvik AB v. Advent Int'l Corp.</u>, 83 F. Supp. 2d 442, 446 (D. Del. 1999). The Third Circuit has admonished district courts to defer granting a motion to dismiss for lack of personal jurisdiction until the plaintiff has had sufficient opportunity to conduct discovery. <u>See, e.g.</u>, <u>Renner v. Lanard Toys Ltd.</u>, 33 F. 3d 277, 283 (3d Cir. 1994) (reversing district court for failure to grant limited discovery prior to dismissing case for lack of personal jurisdiction); <u>see also</u> <u>Tracinda Corp. v. DaimlerChrysler AG</u>, 197 F. Supp. 2d 86, 96-97 (D. Del. 2002) (deferring ruling on motion to dismiss and permitting jurisdictional discovery).[3]

---

[3] Alcoa has made multiple efforts to discuss jurisdictional discovery with Alcan, and even provided complete copies of its proposed discovery requests. <u>See</u> Ex. 6, Letter from S. Fineman to S. Balick, dated 12/4/06. Alcan neglected and/or refused to agree to meet and confer for over two weeks. <u>Id.</u> On December 4, 2005 – one day before this brief was due – Alcan finally agreed to a telephone conference to discuss jurisdictional discovery, which conference is currently scheduled for December 6, 2006 – one day after this brief was due.

## V.    **CONCLUSION**

For the foregoing reasons, the Court should deny Alcan's Motion to Dismiss or, in the
alternative, defer ruling to permit Alcoa to conduct jurisdictional discovery and supplement the
record.

_____

Allen M. Terrell, Jr. (#709)

OF COUNSEL:                                    terrell@rlf.com
Thomas G. Rohback                              Steven J. Fineman (#4025)
James J. Reardon                               fineman@rlf.com
Patrick J. Sweeney                             Richards Layton & Finger
LeBoeuf, Lamb, Greene & MacRae LLP             One Rodney Square
Goodwin Square                                 920 North King Street
225 Asylum Street                              Wilmington, DE 19807
Hartford, CT 06103                             302-651-7700
860-293-3500                                   Attorneys for Plaintiff Alcoa Inc.

Dated:  December 5, 2006

7

## CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2006, I electronically filed the foregoing with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following and which has also been served as noted:

**BY HAND**

Steven J. Balick, Esquire
John G. Day, Esquire
Tiffany Geyer Lydon
Ashby & Geddes
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899

Christian D. Wright, Esquire
Young, Conaway, Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

Steven J. Fineman (#4025)
fineman@rlf.com

RLF1-3089564-1