# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

ALCOA INC.                                    )
                                              )
            Plaintiff,                        )        C.A. No. 06-451-SLR
                                              )
v.                                            )
                                              )
ALCAN INC., ALCAN ROLLED                      )
PRODUCTS–RAVENSWOOD LLC, f/k/a                )
PECHINEY ROLLED PRODUCTS, LLC,                )
PECHINEY CAST PLATE, INC., and                )
CENTURY ALUMINUM COMPANY,                     )
                                              )
            Defendants.                       )

## ALCOA'S ANSWERING BRIEF IN OPPOSITION TO MOTION TO TRANSFER VENUE AND ENLARGE TIME TO ANSWER OR OTHERWISE PLEAD

OF COUNSEL:                              Allen M. Terrell, Jr. (#709)
Thomas G. Rohback                       terrell@rlf.com
James J. Reardon                        Steven J. Fineman (#4025)
Patrick J. Sweeney                      fineman@rlf.com
LeBoeuf, Lamb, Greene & MacRae LLP      Richards Layton & Finger
Goodwin Square                          One Rodney Square
225 Asylum Street                       920 North King Street
Hartford, CT 06103                      Wilmington, DE 19807
860-293-3500                            302-651-7700
                                        Attorneys for Plaintiff Alcoa Inc.

Dated: December 5, 2006

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................. ii

I.  NATURE AND STAGE OF THE PROCEEDING ........................................... 1

II.  SUMMARY OF ARGUMENT ........................................................................ 2

III.  STATEMENT OF FACTS ............................................................................... 2

IV.  ARGUMENT .................................................................................................... 3

      A.  Motion to Transfer Venue Standard ..................................................... 3

      B.  Alcan Has Failed To Show that the Balance of Convenience and the
          Interests of Justice Weigh Strongly in Favor of Transfer .................... 5

          1.  Plaintiff's choice of forum should be afforded great deference. ............... 6

          2.  The location where the claim arose does not weigh in favor of transfer ... 7

          3.  Alcan has not shown that the convenience of the witnesses
              weighs in favor of transfer ...................................................... 8

          4.  The location of the sources of proof does not weigh
              in favor of transfer ................................................................. 9

          5.  The present dispute does not constitute a local controversy for the
              purposes of transfer ................................................................ 9

          6.  Practical considerations do not weigh in favor of transfer ....................... 10

          7.  The relative congestion in the courts of the two forums
              does not weigh in favor of transfer .......................................... 11

          8.  The predominance of Delaware law governing the dispute
              weighs against transfer ........................................................... 12

      C.  Alcan Has Failed To Provide A Basis For Its Request For An Enlargement
          of Time To Respond To The Complaint ............................................... 12

V.  CONCLUSION .............................................................................................. 14

## TABLE OF AUTHORITIES

**Cases**                                                                 **Page**

Adams v. Crowley,
No. 05-1565-SLR, 2005 U.S. Dist. LEXIS 9885 (D. Del. May 25, 2005) ..................................... 9

ADE Corp. v. KLA-Tenor Corp.,
138 F. Supp. 2d 565, 567 (D. Del. 2001) .................................................................................. 3

Arrow Comm. Labs., Inc. v. John Mezzalingua Assocs.,
No. 05-357-SLR, 2005 U.S. Dist. LEXIS 25004 (D. Del. Oct. 26 2005) ..................................... 8

Bergman v. Brainin,
512 F. Supp. 972 (D. Del. 1981) ............................................................................................. 3

Continental Cas. Co. v. American Home Assurance Co.,
61 F. Supp. 2d 128 (D. Del. 1999) .......................................................................................... 4

C.R. Bard, Inc. v. Guidant Corp.,
997 F. Supp. 556 (D. Del. 1998) ............................................................................................. 4

Critikon, Inc. v. Becton Dickinson Vascular Access, Inc.,
821 F. Supp. 962 (D. Del. 1993) ............................................................................................. 9

Cypress Semiconductor Corp. v. Integrated Circuit Systems, Inc.,
No. 01-199-SLR, 2001 U.S. Dist. LEXIS 20803 (D. Del. Nov. 28, 2001) ...................... 4, 6, 8, 9

In re M.L. Lee Acquisition Fund II, L.P.,
816 F. Supp. 973 (D. Del. 1993) ......................................................................................... 4, 12

Jumara v. State Farm Ins. Co.,
55 F.3d 873 (3d Cir. 1995) ............................................................................................... 4, 5, 9

Northwood Corp. v. KMART Stores,
No. 95-740-MMS, 1996 U.S. Dist. LEXIS 6320 (D. Del. April 11, 1996) ........................... 6, 10

Shutte v. Armco Steel Corp.,
431 F.2d 22 (3d Cir. 1970) ..................................................................................................... 3

Turn of The Century Solution, L.P. v. Int'l Rectifier Corp.,
No. 05-816-SLR, 2006 U.S. Dist. LEXIS 39893 (D. Del. June 15, 2006) ...................... 5, 6, 8, 10

Virgin Wireless, Inc. v. Virgin Enters., Ltd.,
201 F. Supp. 2d 294 (D. Del. 2002) ...................................................................................... 7, 8

Wesley-Jessen Corp. v. Pilkington Visioncare,
157 F.R.D. 215 (D. Del. 1993) ............................................................................................... 5

Zoetics, Inc. v. Yahoo!, Inc.,
No. 06-108-JJF, 2006 U.S. Dist. LEXIS 46910 (D. Del. July 6, 2006) ....................................... 9

**Other Authorities**

15 Wright & Miller § 3822 ...................................................................................................... 10

ii

## I. **NATURE AND STAGE OF THE PROCEEDING**

Plaintiff Alcoa Inc. ("Alcoa") respectfully submits this answering brief in opposition to the Motion to Transfer Venue and Enlarge Time to Answer or Otherwise Plead ("Motion") submitted by Alcan Inc., Alcan Rolled Products–Ravenswood LLC, and Pechiney Cast Plate Inc. (collectively, "Alcan" or "Alcan Defendants").

Alcoa originally brought suit for a declaratory judgment on July 25, 2006. Alcan sought, and Alcoa consented to, an extension of time to respond to the Complaint. One of the Alcan Defendants – Alcan Inc. – has responded to the Complaint by filing a motion to dismiss. On October 13, 2006, instead of responding to the Complaint, the remaining Alcan Defendants – Alcan Rolled Products–Ravenswood LLC and Pechiney Cast Plate Inc. – merely filed the pending Motion seeking transfer pursuant to 28 U.S.C. § 1404(a) (in which motion Alcan Inc. joins) and an enlargement of time to answer or otherwise plead pursuant to Fed. R. Civ. P. 6(b). Alcan never advised Alcoa of its intentions to seek an extension of time.

The parties agreed to extend Alcoa's time to respond to the Motion until December 5, 2006. On November 16, 2006, Alcoa contacted counsel for Alcan and proposed a Rule 26 conference for the specific purpose of discussing jurisdictional discovery. Alcan responded by requesting a summary of the proposed discovery and a proposed schedule. Alcoa responded by providing complete drafts of the proposed discovery (and noting that, once served, responses thereto would be due within the time limits set forth under the Federal Rules). Alcan did not respond until December 4, 2006 when it agreed to participate in a Rule 26 conference to discuss jurisdictional discovery on December 6, 2006 – one day after this brief is due.

1

## II.    SUMMARY OF ARGUMENT

Alcoa's choice of this forum should be granted great deference in light of the several legitimate reasons it chose to bring suit here: (1) Delaware constitutes Alcoa's "home turf" for purposes of this litigation because it is the forum closest to its place of business where it could obtain jurisdiction over the principal defendant(s); (2) three of the four defendants are incorporated here; (3) the contract at the heart of this dispute was entered into in Delaware and is to be construed pursuant to Delaware law; and (4) this venue has a reputation for maintaining an efficient docket and possesses expertise in complex civil litigation. Alcan has failed to carry its heavy burden. Specifically, Alcan has failed to overcome several key presumptions against venue transfer:

1.  A plaintiff's choice of venue should be granted deference so long as it is based on some legitimate reason (foremost among them, that the chosen forum, as is the case here, may be considered the plaintiff's "home turf");
2.  A corporate defendant should be held to account in the state in which it has chosen to incorporate (having thereby benefited from doing business there).

Alcan focuses, instead on the less important issue of where the potential witnesses and the sources of proof are located. Notwithstanding the location of the business for which Century has asserted indemnification against Alcoa, the gravamen of this dispute relates to a contractual dispute – arising from a contract entered into in Delaware and controlled by Delaware law.

## III.    STATEMENT OF FACTS

Alcoa brought this action for declaratory judgment regarding its rights and obligations under a contract with Defendant Century Aluminum Company ("Century") for the sale of a cast aluminum plate facility located in Vernon, California (the "Vernon Facility").

Alcoa sold the Vernon Facility to Century, a Delaware corporation, pursuant to an Acquisition Agreement, which agreement was "executed and delivered and [to] be construed and enforced in accordance with the laws of the State of Delaware." See Acquisition Agreement,

2

§ 13.08, attached as Exhibit 1 to the Declaration of James J. Reardon filed contemporaneously herewith.    At the time of the closing, the Vernon Facility was in compliance with all environmental regulations.

Subsequently, Century sold the Vernon Facility to the predecessor-in-interest of Defendant Alcan Rolled Products–Ravenswood LLC ("Alcan Rolled Products"), also a Delaware corporation.  Alcoa was not a party to that transaction.  The Vernon Facility is now owned by Defendant Pechiney Cast Plate Inc. ("Pechiney"), a wholly-owned subsidiary of Alcan Rolled Products and also, itself, a Delaware corporation.  Alcan has made a claim for indemnification against Century for costs incurred in connection with its demolition at the Vernon Facility and the alleged environmental conditions resulting therefrom.    In turn, Century has sought indemnification from Alcoa.

Alcoa filed a declaratory judgment action in Delaware – the forum whose law governs the contract at issue and where three of the four defendants are incorporated.  Alcan now seeks to have the matter transferred to the Central District of California.

IV.    **ARGUMENT**

### A. Motion to Transfer Venue Standard

Under 28 U.S.C. § 1404(a), the burden of establishing the need to transfer rests with the movant "to establish that the balance of convenience of the parties and witnesses strongly favors the defendants." Bergman v. Brainin, 512 F. Supp. 972, 973 (D. Del. 1981) (citing Shutte v. Armco Steel Corp., 431 F.2d 22, 251 (3d Cir. 1970)).  "Unless the balance is strongly in favor of a transfer, the plaintiff's choice of forum should prevail." ADE Corp. v. KLA-Tenor Corp., 138 F. Supp. 2d 565, 567 (D. Del. 2001); Shutte, 431 F.2d at 25.  The deference afforded a plaintiff's choice of forum will apply as long as the plaintiff has selected the forum for some legitimate

3

reason. C.R. Bard, Inc. v. Guidant Corp., 997 F. Supp. 556, 562 (D. Del. 1998); Cypress

Semiconductor Corp. v. Integrated Circuit Systems, Inc., No. 01-199-SLR, 2001 U.S. Dist.

LEXIS 20803, at *5 (D. Del. Nov. 28, 2001); Continental Cas. Co. v. American Home

Assurance Co., 61 F. Supp. 2d 128, 131 (D. Del. 1999). "[T]he burden remains at all times on the

defendants to show that the balance of convenience and the interests of justice weigh strongly in

favor of transfer." In re M.L. Lee Acquisition Fund II, L.P., 816 F. Supp. 973, 976 (D. Del.

1993).

The Third Circuit has indicated that, while "there is no definitive formula or list of factors

to consider," district courts may consider several potential factors which it characterized as either

private or public interests. Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995). The

private interests include: "(1) plaintiff's forum preference as manifested in the original choice; (2)

defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties

as indicated by their relative physical and financial condition; (5) the convenience of the

witnesses but only to the extent that the witnesses may actually be unavailable for trial in one of

the fora; and (6) location of books and records (similarly limited to the extent that the files could

not be produced in the alternative forum)." Id. (citations omitted). The public interests include:

"(1) the enforceability of the judgment; (2) practical considerations that could make the trial

easy, expeditious or inexpensive; (3) the relative administrative difficulty in the two fora

resulting from court congestion; (4) the local interest in deciding local controversies at home; (5)

the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state

law in diversity cases." Id. (citations omitted).

4

**B.    Alcan Has Failed To Show that the Balance of Convenience and the Interests of Justice Weigh Strongly in Favor of Transfer.**

As specifically set forth below, consideration of the Third Circuit's Jumara factors governing the propriety of transferring venue should compel deference to Alcoa's choice to bring suit in the District of Delaware. See generally Jumara, 55 F.3d at 879. Alcoa chose this district to litigate its contractual dispute because it is the venue closest to its principal place of business where it could be certain to obtain jurisdiction over all of the defendants.[1] As such, it should be considered Alcoa's "home turf" for purposes of this litigation.

Additional legitimate reasons for choosing Delaware include: (1) the amenability of the defendants to jurisdiction here, evidenced by their decision to incorporate here; and (2) the applicability of Delaware law to the interpretation of the contract at issue. In the absence of any compelling reason to find otherwise, Alcoa's choice of this venue should receive substantial deference. See Turn of The Century Solution, L.P. v. Int'l Rectifier Corp., No. 05-816-SLR, 2006 U.S. Dist. LEXIS 39893, at * 4 (D. Del. June 15, 2006). ("The deference afforded plaintiff's choice of forum will apply as long as a plaintiff has selected the forum for some legitimate reason."). Moreover, Alcan completely fails to address the indisputable fact of their choice to incorporate in Delaware and thereby subject themselves to suit here. See Wesley-Jessen Corp. v. Pilkington Visioncare, 157 F.R.D. 215, 218 (D. Del. 1993) ("Absent some showing of a unique or unexpected burden, these corporations should not be successful in arguing that litigation in their state of incorporation is inconvenient.").

Alcoa specifically addresses the Jumara factors as presented in Alcan's Motion as follows.

---

[1] For purposes of determining the relative convenience of this venue, the Court need not consider the amenability of Alcan Inc. to jurisdiction in Delaware since Alcan Inc. has indicated that it would be no more amenable to jurisdiction in California.

### 1.  Plaintiff's Choice Of Forum Should Be Afforded Great Deference.

Alcan argues that Delaware is not Alcoa's "home turf" and its choice of forum is, therefore, entitled to less deference.    See D.I. 15, Memorandum of Law in Support of Defendants' Motion to Transfer Venue and Enlarge Time To Answer of Otherwise Plead ("Alcan Memo.") at 5-6.  As an initial matter, it is incorrect that the rule granting deference to the plaintiff's choice of forum should not apply where a plaintiff has not brought suit on its "home turf."  See Turn of The Century Solution, L.P., 2006 U.S. Dist. LEXIS 39893, at *4.  Indeed, "[t]he deference afforded plaintiff's choice of forum will apply as long as a plaintiff has selected the forum for some legitimate reason."  Id.  As stated above, legitimate reasons for choosing Delaware include its proximity to Alcoa's principal place of business, the amenability of defendants to jurisdiction here, and the predominance of Delaware law in governing this dispute. Additionally, Alcoa brought suit in Delaware because of this Court's reputation "for its efficient docket and its expertise in complex civil litigation."  See Cypress Semiconductor Corp., 2001 U.S. Dist. LEXIS 20803, at *14.

Nevertheless, simply because Alcoa does not reside in this jurisdiction does not mean that it should not be considered Alcoa's "home turf" for purposes of this litigation.  "Home turf" is defined as "the forum closest to the [plaintiff's] home in which [the plaintiff] could effect personal service over the principal defendant."  Northwood Corp. v. KMART Stores, No. 95-740-MMS, 1996 U.S. Dist. LEXIS 6320, at *12 (D. Del. April 11, 1996) (denying motion to transfer).  As applied to this case, Delaware may be considered Alcoa's "home turf" since its principal place of business is in the neighboring state of Pennsylvania, and Delaware is the state of incorporation for three of the four defendants (rendering them per se subject to jurisdiction there).  Indeed, when compared to the alternative venue proposed by Alcan, the rational basis for

6

choosing this venue becomes especially clear: the distance from Pittsburgh to Wilmington is 240 miles as compared to the distance to Los Angeles of 2131 miles.[2]  Moreover, this Court is in the same Circuit as Alcoa's home district, the Western District of Pennsylvania.

### 2. The Location Where The Claim Arose Does Not Weigh In Favor Of Transfer.

Alcan incorrectly contends that "[t]he present dispute has no significant nexus to Delaware . . . all alleged acts or omissions giving rise to Alcoa's claims occurred in the Central District of California."  Alcan Memo. at 6-7.  In support of its argument, Alcan mischaracterizes the nature of the present dispute.  In fact, Alcoa's claim arose out of a contract that was entered into in, and is to be governed by the law of, the State of Delaware; the claim was precipitated by a demand for indemnification served on Alcoa in its Pittsburgh offices.

As evidenced on the face of the Complaint, the present action is based primarily on an allocation of liability in the Acquisition Agreement and, to the extent that further allocation of liability under federal statutory law may be necessary, on CERCLA.   The Acquisition Agreement specifically provides that it was "executed and delivered and will be construed and enforced in accordance with the laws of the State of Delaware."  See Ex. 1, Acquisition Agreement, § 13.08. Alcan misplaces reliance on this Court's decision in Virgin Wireless, Inc. v. Virgin Enters., Ltd., 201 F. Supp. 2d 294 (D. Del. 2002). The facts of that case are inapposite to the instant case.  In Virgin Wireless, Inc., the plaintiffs, New York corporations, brought suit seeking a declaratory judgment that their conduct did not constitute an infringement of certain patents. Id. at 296-98. There, the court found that the declaratory judgment action arose out of the plaintiffs' physical operation of retail stores in the state of New York. Id. at 300. In the instant case, the act which gave rise to the declaratory judgment action was the demand for

---

[2] Notably, Defendant Alcan Rolled Products has its principal place of business in West Virginia which is also significantly closer to Wilmington than Los Angeles.

7

indemnification from Century served upon Alcoa in its Pittsburgh office, which demand was based upon a contract between a Delaware corporation and Pennsylvania corporation, entered into in Delaware, and governed by Delaware law. Based on these operative facts, it can hardly be said that the claim arose in the Central District of California.

### 3. Alcan Has Not Shown That The Convenience Of The Witnesses Weighs In Favor Of Transfer.

Alcan argues that "[t]he vast majority of the party and non-party witnesses who possess first-hand knowledge of the facts at issue in this case reside in the Central District of California and will be inconvenienced by traveling more than 2,500 miles to Delaware." Alcan Memo. at 7-11.

As an initial matter, this Court has previously found that "[c]onvenience of the parties is a somewhat archaic notion in the world today." Cypress Semiconductor Corp., 2001 U.S. Dist. LEXIS 20803, at *8, *11. Moreover, party witnesses may be compelled to appear and the convenience of the witnesses may be considered "to the extent that the witnesses may actually be unavailable for trial." Arrow Comm. Lab. Inc. v. John Mezzalingua Assocs., No. 05-357-SLR, 2005 U.S. Dist. LEXIS 25004, at *5 (D. Del. Oct. 26 2005). Accordingly, the Court should ignore the portion of Alcan's argument based on the location of party witnesses.

As to the non-party witnesses, Alcan argues that it need not establish that certain third-party witnesses would be unavailable for trial, but merely only establish that they are outside of this Court's subpoena power. Yet, this Court has previously disregarded the assertion that witnesses were outside of its subpoena power where the movant never "attempted to show that [the witnesses] would be unwilling to travel to Delaware to testify." Turn of The Century Solution, L.P., 2006 U.S. Dist. LEXIS 39893, at *8. The Court reasoned that, "[f]rom a practical standpoint much of the testimony presented at trial these days is presented via recorded

8

depositions, as opposed to witnesses traveling and appearing live," referring to such presentation

as "routine trial practice." Id. at *8 n.2.[3]

### 4. The Location O The Sources Of Proof Does Not Weigh In Favor Of Transfer.

Alcan argues that the various sources of proof necessary for trial can be more easily

accessed in the Central District of California. Alcan Memo. at 11-12. Yet, this Court has

previously found the contention that witnesses and documents are located in California to be

wholly unpersuasive. See Cypress Semiconductor Corp., 2001 U.S. Dist. LEXIS 20803, at *12-

13 (denying motion to transfer). The Court reasoned as follows:

> The location of documents, in the context of access to proof, in a document-
> intensive case such as this can be misleading. No matter where the trial is
> held [defendants']...counsel and [plaintiffs']...counsel will be required to travel to
> [various places] to select and produce the requested discovery. Regardless of
> where the trial is held, the documents will be copied and mailed to the offices of
> counsel and subsequently transported to trial.

Id. (quoting Critikon, Inc. v. Becton Dickinson Vascular Access, Inc., 821 F. Supp. 962, 966-67

(D. Del. 1993)). The Court should make a similar finding here.

### 5. The Present Dispute Does Not Constitute A Local Controversy For The Purposes Of Transfer.

Alcan argues that the Central District of California has a significant interest in

adjudicating this case in its home forum, characterizing it as a "local controversy." Alcan Memo.

at 13. Alcan cites numerous cases (all from district courts in other circuits) which it claims to

---

[3] Alcan has cited a District of Delaware case in which the Court held that a moving party need not
establish that potential witnesses will not be available but only that they reside outside of the Court's
subpoena power. See Motion at 7-8 (citing Zoetics, Inc. v. Yahoo!, Inc., No. 06-108-JJF, 2006 U.S. Dist.
LEXIS 46910, at *12-13 (D. Del. July 6, 2006)). However, this case appears to be against the great
majority of decisions holding otherwise (notably including this Court's previous decisions cited above).
Indeed, as the Jumara Court annunciated this factor, the convenience of the witnesses is relevant "only to
the extent that the witnesses may actually be unavailable for trial." Jumara, 55 F.3d at 879 (emphasis
added). As such, the mere potential unavailability of a witness should not guide the Court's disposition of
Alcan's request at this stage of the proceedings. See Adams v. Crowley, No. 05-1565-SLR, 2005 U.S.
Dist. LEXIS 9885 (D. Del. May 25, 2005) (denying motion to transfer venue where the record was
unclear as to whether non-party witnesses would voluntarily appear).

9

consider "environmental regulations, directly affecting local residents."    These cases are inapposite insofar as they concern the so-called "local interest doctrine."    That doctrine is not implicated by disputes that are contractual in nature, even where those disputes affect land:

> Among actions that have been held to be local are those to set aside a preferential transfer of property, to foreclose or cancel a mortgage, for trespass to land, to abate a nuisance, [and] to try title to land . . . . Tort actions not affecting land clearly are transitory, as are actions arising out of contracts, even though the contract may relate to land.

Northwood Corp., 1996 U.S. Dist. LEXIS 6320, at *9-10 (quoting 15 Wright & Miller § 3822 at 209).

While Alcan suggests that the present dispute concerns interests that are local to the Central District because the contract at issue purportedly affects environmental remediation within the Central District, even if true, that would be irrelevant.    In fact, there does not presently appear to be any question that either Alcan or Century will conduct the work necessary to change the use of the Vernon Facility from a cast plate facility to a power plant.    The central issue presently before the Court is, under the terms of the Acquisition Agreement, should Alcoa have to pay for that work.

Moreover, Alcan completely overlooks Delaware's strong interest in this dispute, since three of the four defendants are incorporated here.    See Turn of The Century Solution, 2006 U.S. Dist. LEXIS 39893, at * 7 ("Defendant's complaints about litigating here are outweighed by the fact that [it] has enjoyed the benefits and protections of incorporation in Delaware and that the state has an interest in litigation regarding companies incorporated within its jurisdiction.").

### 6.  Practical Considerations Do Not Weigh In Favor Of Transfer.

Alcan states that there would be no practical considerations to prevent the case from moving to the Central District of California.    Alcan Memo. at 14.    However, while this factor

10

does not militate against transfer, the absence of such considerations does not militate in favor of transfer.

### 7. The Relative Congestion In The Courts Of The Two Forums Does Not Weigh In Favor Of Transfer.

Alcan argues that the relative lack of congestion in the Central District of California supports transfer. Alcan Memo. at 15. While Alcoa does not dispute that the congestion is incrementally lower in the Central District of California than in the District of Delaware when considering the correct 2005 data available, the margin of difference is far smaller than Alcan has argued through the proffer of incorrect 2005 data.[4]

Alcan bases its docket congestion argument on figures it purports to reflect the caseloads of the respective dockets for the year 2005, yet the figures are, in fact, for the year 2004. The misleading nature of Alcan's advocacy is compounded by viewing the entire data set going back to the year 2000, and observing that Alcan seized upon data from a year in which this district's docket was most congested and the Central District of California's docket was least congested. The true and accurate figures are as follows:[5]

| Time Period | District | 2005 | 2004 | 2003 | 2002 | 2001 | 2000 | Average |
|---|---|---|---|---|---|---|---|---|
| *From Filing to Disposition* | Delaware | 10.9 | 14.0 | 11.2 | 8.2 | 12.6 | 10.9 | 11.3 |
| | C.D. Cal. | 7.4 | 7.3 | 7.5 | 7.9 | 7.1 | 7.5 | 7.5 |
| *From Filing to Trial* | Delaware | 23.5 | 26.0 | 24.0 | 22.5 | 21.0 | 24.0 | 23.5 |
| | C.D. Cal. | 20.5 | 17.8 | 21.2 | 20.0 | 21.0 | 18.0 | 19.8 |

---

[4] Alcan's proffer of court congestion data, through the Affidavit of Shahid U. Haque, dated October 12, 2006, states that the "attached is a true and correct copy of two pages from the 2005 Judicial Caseload Profile" and refers to an internet address, http://www.uscourts.gov/cgi-bin/cmsd2005.pl. Indeed, that internet link leads to a webpage entitled, Federal Court Management Statistics 2005, from which one may generate reports for the District of Delaware and the Central District of California. Yet, the documents actually attached to the affidavit are profiles from the previous year, 2004. In turn, Alcan's brief, although it cites a 2005 report, actually uses figures from a 2004 report.
[5] The figures represent the number of civil cases for 12-month periods ending on September 30 of each year indicated.

11

If Alcan had used the figures from the 2005 report (as it purported to have done), the alleged difference in relative caseloads would have shrunk dramatically. For example, in 2005, the actual difference in the median time from filing to disposition of civil cases in the respective districts was 2 months as opposed to the 8.2 months proffered by Alcan. Likewise, in 2005, the actual difference in median time from filing to trial of civil cases in the respective districts was 3.5 months as opposed to the 6.7 months proffered by Alcan.

This Court, although maintaining a full caseload, is equally capable of providing a prompt resolution to this matter.[6]

### 8. The Predominance Of Delaware Law Governing The Dispute Weighs Against Transfer.

Alcan seeks to diminish this Court's stated preference for deciding matters of Delaware law – which indisputably controls the interpretation of the contract at issue – by arguing that the Central District of California is well-equipped to decide Delaware law. Alcan Memo. at 16-17. On this score, Alcoa does not suggest that the Central District of California is somehow not capable of interpreting Delaware law; rather, Alcoa recognizes the preference for such law to be decided in this forum. See In re M.L.-Lee Acquisition Fund II, L.P., 816 F. Supp. at 979 ("[I]t is preferable for the court of the state whose substantive law controls to hear the case.").

### C. Alcan Has Failed To Provide A Basis For Its Request For An Enlargement of Time To Respond To The Complaint.

The Court should deny the Alcan Defendants' request for an enlargement of time to plead where they have shown no basis for any such enlargement as required by Fed. R. Civ. P. 6(b).[7] While one of the Alcan Defendants – Alcan Inc. – has properly filed a motion pursuant to Fed.

---

[6] Alcan's claimed concern for the speedy disposition of this case is belied by the failure of two of the Alcan Defendants to respond to the Complaint despite having over four months to do so.
[7] Notably, the Alcan Defendants also failed to notify Alcoa of their intentions to move for an extension of time.

R. Civ. P. 12, and has thus responded to the Complaint, the remaining Alcan Defendants – Alcan Rolled Products and Pechiney – have not.  Moreover, those Alcan Defendants have provided absolutely no justification for their failure to do so.  Even if this action is transferred, which it should not be, the Alcan Defendants will still be required to respond to the Complaint.

Without any cause shown, there exists no basis on which to grant the motion to enlarge time.  Having failed to timely respond to the Complaint, the Court should order Alcan Rolled Products and Pechiney to file their answers immediately.

13

## V.    **CONCLUSION**

For all of the foregoing reasons, the Court should deny Alcan's Motion to Transfer Venue

And Enlarge Time To Otherwise Plead.


OF COUNSEL:
Thomas G. Rohback
James J. Reardon
Patrick J. Sweeney
LeBoeuf, Lamb, Greene & MacRae LLP
Goodwin Square
225 Asylum Street
Hartford, CT 06103
860-293-3500

Dated:  December 5, 200

Allen M. Terrell, Jr., (#709)
terrell@rlf.com
Steven J. Fineman (#4025)
fineman@rlf.com
Richards Layton & Finger
One Rodney Square
920 North King Street
Wilmington, DE 19807
302-651-7700
Attorneys for Plaintiff Alcoa Inc.

14

## CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2006, I electronically filed the foregoing with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following and which has also been served as noted:

**BY HAND**

Steven J. Balick, Esquire
John G. Day, Esquire
Tiffany Geyer Lydon
Ashby & Geddes
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899

Christian D. Wright, Esquire
Young, Conaway, Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

Steven J. Fineman (#4025)
fineman@rlf.com

RLF1-3089564-1