**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ALCOA INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 06-451-SLR |
| v. | ) | |
| | ) | |
| ALCAN INC., ALCAN ROLLED PRODUCTS- | ) | |
| RAVENSWOOD LLC, f/k/a PECHINEY | ) | |
| ROLLED PRODUCTS LLC, PECHINEY CAST | ) | |
| PLATE INC., and CENTURY ALUMINUM | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF ITS MOTION TO TRANSFER
VENUE AND ENLARGE TIME TO ANSWER OR OTHERWISE PLEAD**

ASHBY & GEDDES
Steven J. Balick (# 2114)
John G. Day (# 2403)
Tiffany Geyer Lydon (# 3950)
500 Delaware Ave., 8th Floor
P.O. Box 1150
Wilmington, DE 19899
Telephone: (302) 654-1888
Facsimile: (302) 654-2067
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Defendants Alcan Inc.,
Alcan Rolled Products-Ravenswood LLC, and
Pechiney Cast Plate, Inc.*

*Of Counsel:*

Richard P. Steinken
Shelley Smith
JENNER & BLOCK LLP
330 N. Wabash Avenue
Chicago, IL 60611
Telephone: (312) 222-9350

Dated: December 20, 2006

## TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................... 1

II.   ARGUMENT ......................................................................................... 1

      A.    The Dispute Arose in Vernon, California, Which Lies in the Central
            District of California. ............................................................................ 2

      B.    The Central District of California Has a Significant Interest in
            Adjudicating This Local Controversy in Its Home Forum. ..................... 3

      C.    The Vast Majority of the Witnesses to Be Called at Trial Reside in
            California and Will Be Inconvenienced By Venue in Delaware. ............ 7

      D.    The Relative Congestion in the Courts of the Two Forums Favors Transfer
            to the Central District of California. .................................................... 11

      E.    The Application of Delaware Law Does Not Weigh Against Transfer,
            Because Delaware Law is But One of Many Applicable Laws That the
            Court Will Be Called Upon to Interpret and Apply. ............................. 12

      F.    Defendants' Time to Answer or Otherwise Plead Should Be Enlarged. .............. 13

CONCLUSION .................................................................................................. 13

i

# TABLE OF AUTHORITIES

**Page**

## Cases

*ADE Corp. v. KLA-Tenor Corp.*,
   138 F. Supp. 2d 565 (D. Del. 2001).................................................................................. 7

*Affymetrix, Inc. v. Synteni, Inc.*,
   28 F. Supp. 2d 192 (D. Del. 1998)...................................................................................... 9

*Allergan, Inc. v. Alcon Labs.*,
   No. 02-1682-GMS, 2003 U.S. Dist. LEXIS 2564, at *5 (D. Del. Feb 25, 2003) ............... 6

*Alliedsignal, Inc. v. Cooper Auto.*,
   No. 96-540 SLR, 1997 U.S. Dist. LEXIS 22902, at *10-11 n.4 (D. Del. Jul. 30,
   1997) ................................................................................................................................ 10

*Alloc, Inc. v. Unilin Decor N.V.*,
   Nos. 03-253, 05-857, 2006 U.S. Dist. LEXIS 78019, at *12 (D. Del. Oct. 26,
   2006) .................................................................................................................................. 7

*APV N. Am., Inc. v. Sig Simonazzi N. Am., Inc.*,
   295 F. Supp. 2d 393 (D. Del. 2002)..................................................................................... 6

*Arrow Commun. Labs., Inc. v. John Mezzalingua Assocs.*,
   No. 05-357-SLR, 2005 U.S. Dist. LEXIS 25004, at *4-5 (D. Del. Oct. 25, 2005) ........ 2, 7

*Bergman v. Brainan*,
   512 F. Supp. 972, (D. Del. 1981)........................................................................................ 6

*C.R. Bard, Inc. v. Guidant Corp.*,
   997 F. Supp. 556 (D. Del. 1998).......................................................................................... 7

*Continental Cas. Co. v. American Home Assur. Co.*,
   61 F. Supp. 2d 128 (D. Del. 1999)..................................................................................... 12

*Cypress Semiconductor Corp. v. Integrated Circuit Systems, Inc.*,
   No. 01-199-SLR, 2001 U.S. Dist. LEXIS 20803 (D. Del. Nov. 28, 2001) ........................ 7

*Elf Atochem N. Am. v. Allegheny Ludlum Corp.*,
   No. 92-7459, 1995 U.S. Dist. LEXIS 11315, at *6 (E.D. Pa. Aug. 9, 1995) ..................... 5

*Gulf Oil Corp. v. Gilbert*,
   330 U.S. 501 (1947).................................................................................................... 3, 5, 9

*Inter-City Products Corp. v. Insurance Co. of North America,*
No. 90-717-SLR, 1993 U.S. Dist. LEXIS 886, at *29 (D. Del. 1993) .......................... 3, 9

*Jumara v. State Farm Ins. Co.,*
55 F.3d 873 (3d Cir. 1995) ................................................................................. passim

*Memminger v. Infocure Corp.,*
No. 00-707-JJF, 2000 U.S. Dist. LEXIS 22077 at *12-13 (D. Del. Nov. 14, 2000) .... 9, 10

*Mentor Graphics Corp. v. Quickturn Design Sys.,*
77 F. Supp. 2d 505 (D. Del. 1999) ............................................................................. 9, 10

*Nez Perce Tribe v. Nat'l Oceanic & Atmospheric Admin. Fisheries,*
CV 04-60-RE, 2004 U.S. Dist. LEXIS 10166, at *7-9 (D. Or. May 27, 2004) ................ 5

*Nilssen v. Everbrite, Inc.,*
No. 00-189-JJF, 2001 U.S. Dist. LEXIS 25568, at *6 (D. Del. Feb. 16, 2001) ................ 9

*Nilssen v. OSRAM Sylvania, Inc.,*
No. 00-695-JJF, 2001 U.S. Dist. LEXIS 25570, at *8 (D. Del. May 1, 2001) ............. 9, 10

*Northwood Corp. v. Kmart Corp.,*
No. 95-740 MMS, 1996 U.S. Dist. LEXIS 6320, at *8-10 (D. Del. Apr. 11, 1996) .......... 4

*Omnicom Group, Inc. v. Emplrs. Reinsurance Corp.,*
No. 01-839-GMS, 2002 U.S. Dist. LEXIS 1275, at *13 (D. Del. Jan. 28, 2002) ............... 3

*Pennwalt Corp. v. Purex Industries, Inc.,*
659 F. Supp. 287 (D. Del. 1986) ............................................................................... 9, 12

*Praxair, Inc. v. ATMI, Inc.,*
No. 03-1158-SLR, 2004 U.S. Dist. LEXIS 7076, at *8 (D. Del. Apr. 20, 2004) ............... 7

*S. Utah Wilderness Alliance v. Norton,*
315 F. Supp. 2d 82,  (D.D.C. 2004) ................................................................................ 5

*Sherwood Med. Co. v. Ivac Med. Sys.,* No. 96-305 MMS, 1996 U.S. Dist. LEXIS 18194,
at *11-14 (D. Del. Nov. 25, 1996) .................................................................................. 9

*Sierra Club v. Flowers,*
276 F. Supp. 2d 62 (D.D.C. 2003) .................................................................................. 5

*Stewart Org., Inc. v. Ricoh Corp.,*
487 U.S. 22, 108 S. Ct. 2239, 101 L. Ed. 2d 22 (1988) .................................................. 1

*Transcanada Power Mktg., Ltd. v. Narragansett Elec. Co.,*
402 F. Supp. 2d 343 (D. Mass. 2005) ............................................................................ 6

*Trout Unlimited v. United States Dep't of Agric.*,
   944 F. Supp. 13, 19-20 (D.D.C. 1996) ............................................................. 5

*Turn of the Century Solution, L.P. v. Int'l Rectifier Corp.*,
   No. 00-707-JJF, 2006 U.S. Dist. LEXIS 39893, at *8 n.2. (D. Del. Nov. 14, 2006) ..... 7, 8

*Van Dusen v. Barrack*,
   376 U.S. 612, 84 S. Ct. 805, 11 L. Ed. 2d 945 (1964) ........................................ 1

*Virgin Wireless, Inc. v. Virgin Enters., Ltd.*,
   201 F. Supp. 2d 294 (D. Del. 2002) ................................................................ 2

*Weisler v. Barrows*,
   No. 06-362 GMS, 2006 U.S. Dist. LEXIS 80979, at *9-10 (D. Del. Nov. 6, 2006) .......... 6

*Wesley-Jessen Corp. v. Pilkington Visioncare, Inc.*,
   157 F.R.D. 215 (D. Del. 1993) ...................................................................... 7

*Wheeling-Pittsburgh Steel Corp. v. United States EPA*,
   No. 98-4654, 1999 U.S. Dist. LEXIS 2130, at *13-14 (D. Pa. 1999) .......................... 6

*Zoetics, Inc. v. Yahoo!, Inc.*, No. 06-108-JJF, 2006 U.S. Dist. LEXIS 46910, at *12-13,
   15 (D. Del. Jul. 6, 2006) ............................................................................ 10

## Statutes

28 U.S.C. § 1391 ............................................................................................... 4

28 U.S.C. §1404(a) ...................................................................................... passim

42 U.S.C. §§ 9601 ............................................................................................. 5

## Other Authorities

Fed. R. Civ. P. 45(b)(2) ..................................................................................... 11

Fed. R. Civ. P. 6(b) .......................................................................................... 13

## Rules

15 Wright, Miller & Cooper, Federal Practice and Procedure:
   Jurisdiction and Related Matters § 3851, at 415 (2d ed. 1986) ............................. 9

## Regulations

Cal. Code Regs. tit. 27 § 15100 *et seq.* (2006) ...................................................... 4

City of Vernon, Cal. Health & Safety Code, ch. 6.11, §§ 25404-25404.8 (2006) .......... 4

## I.     INTRODUCTION

Defendants Alcan Inc., Alcan Rolled Products-Ravenswood LLC and Pechiney Cast Plate Inc. (the "Alcan Defendants") have moved this Court pursuant to 28 U.S.C. §1404(a) to transfer this action to the Central District of California for a number of reasons, including: (1) the claim arose in Vernon, California, which lies in the Central District of California; (2) the Central District of California has a significant interest in regulating the remediation of environmental contaminants located within its jurisdiction; and (3) the majority of the party and non-party witnesses are in the Central District of California, which lies outside of the Court's subpoena power, and no witnesses are located in Delaware.

Alcoa Inc. ("Alcoa") fails to refute any of these grounds for transfer to the Central District of California or point to any reasons why the District of Delaware would be more convenient or serve the interests of justice more fully. Alcoa argues primarily that its choice of forum should be given deference. However, despite the strong deference accorded to Alcoa's choice of venue, this choice is not wholly determinative. As set forth below and in their opening memorandum, the Alcan Defendants have met their burden of showing that the balance of convenience and the interests of justice weigh more strongly in favor of transfer.

## II.     ARGUMENT

When deciding a motion to transfer under 28 U.S.C. § 1404(a), the Court should not lose sight of the statute's fundamental purpose: to prevent avoidable "waste of time, energy and money" and to "protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). No single factor — not even the plaintiff's choice of forum — is determinative of this analysis. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995).

The present dispute is fundamentally connected to the Central District of California, and Alcoa's choice of venue in the District of Delaware should not control over more important factors that illustrate that transfer is warranted "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a).

A.    **The Dispute Arose in Vernon, California, Which Lies in the Central District of California.**

This court has held that the location where a cause of action arises is highly indicative of the nexus the dispute shares with the forum in which the case is filed. *See, e.g., Arrow Commun. Labs., Inc. v. John Mezzalingua Assocs.*, No. 05-357-SLR, 2005 U.S. Dist. LEXIS 25004, at *7-10 (D. Del. Oct. 25, 2005); *Virgin Wireless, Inc. v. Virgin Enters., Ltd.*, 201 F. Supp. 2d 294, 300 (D. Del. 2002). Alcoa agrees, as it must, that this dispute relates to Alcoa's responsibility for the remediation of environmental contaminants located at a cast aluminum plate manufacturing and sales facility in Vernon, California (the "Vernon facility"). (D.I. 25, Alcoa Br. at 3.) Nevertheless, Alcoa has attempted to characterize this dispute as a contract claim that arose in Pittsburgh when a demand for indemnification was served on Alcoa by Century Aluminum Company ("Century"). Alcoa's self-serving characterization of this dispute cannot stand, because Alcoa cannot divorce itself from its own actions in Vernon, California — or the lack thereof — which brought about the need for environmental remediation and indemnification for the expenses incurred therewith.

When Alcoa sold the Vernon facility to Century Aluminum Company ("Century"), Alcoa contractually committed to perform specified environmental remediation and to indemnify Century against certain environmental liabilities. (D.I. 1, Compl. ¶¶ 17, 27.) Century has asserted a claim for indemnification against Alcoa on the grounds that Alcoa did not properly remediate the site as required by contract, and is responsible in any event for indemnifying

Century against liabilities associated with the remediation of the Vernon facility. (*Id.* ¶ 27.)
Therefore, Alcoa's actions in Vernon, California are at the heart of this dispute, and the question
is whether Alcoa truly completed the environmental remediation that it was obligated to
complete prior to the sale of the Vernon facility to Century. (*Id.* at ¶¶ 18-19.)

Alcoa's assertion that this dispute arose where the demand for indemnification was
received ignores the reality of the situation. The nature of the dispute centers on Alcoa's acts
and omissions in connection with the remediation of the Vernon facility, which is located in the
Central District of California, and "factual aspects of the underlying environmental incidents
frequently are of considerable or greatest significance" in making a liability determination.
*Inter-City Products Corp. v. Insurance Co. of North America*, No. 90-717-SLR, 1993 U.S. Dist.
LEXIS 886, at *29 (D. Del. Jan. 26, 1993) (transferring venue where "the environmental
damages and costs as well as the underlying enforcement proceedings for which [plaintiff] seeks
defense and indemnification coverage all arose in the Middle District of Tennessee."); *Omnicom
Group, Inc. v. Emplrs. Reinsurance Corp.*, No. 01-839-GMS, 2002 U.S. Dist. LEXIS 1275, at
*13 (D. Del. Jan. 28, 2002) (dispute over insurance liability coverage arose in New York where
the wrongful acts occurred that gave rise to the suit for which insurance was needed).

**B.    The Central District of California Has a Significant Interest in Adjudicating
This Local Controversy in Its Home Forum.**

It is well-settled that one of the important public interest factors embodied in the
language of Section 1404(a) is the local interest of a forum in deciding localized controversies at
home. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 509 (1947); *Jumara*, 55 F.3d at 879. Alcoa
attempts to characterize this case as a simple contract dispute and to downplay any relationship
to the environmental remediation of the site in Vernon, California, but the subject matter makes
this litigation of critical importance to the people of Vernon, California. The present lawsuit has

3

significant local interest in Vernon, California, because this case will resolve not only responsibility for the remediation of environmental contamination present at the Vernon facility, but also the appropriate remediation efforts that should be taken.  The State of California has delegated authority over environmental matters to the City of Vernon, Cal. Health & Safety Code, ch. 6.11, §§ 25404-25404.8 (2006); Cal. Code Regs. tit. 27 § 15100 *et seq.* (2006), California State Auditor, Department of Toxic Substances Control, App. A at 41 (1999), http://www.bsa.ca/gov/pdfs/reports/98027.pdf, who has taken an active interest in the remediation of the site.  In fact, Century's demand for indemnification from Alcoa is based on Century's position that the City of Vernon's Environmental Health Department has issued directives and/or orders requiring that remedial action be taken.  (D.I. 21, Ex. L, Century's May 8, 2006 Demand for Indemnification; Compl. ¶ 36.)

        While Alcoa attempts to distinguish the environmental transfer cases cited by the Alcan Defendants on the grounds that the local interest doctrine does not apply to contract cases, even contract disputes involving land (Alcoa Br. at 9-10), its argument is flawed for two reasons.  First, the case Alcoa relies on to support its argument is entirely inapposite, because it relates not to the public interest in having localized controversies decided at home, but to the applicability of an exception to venue under 28 U.S.C. § 1391.  *Northwood Corp. v. Kmart Corp.*, No. 95-740 MMS, 1996 U.S. Dist. LEXIS 6320, at *8-10 (D. Del. Apr. 11, 1996).  In *Northwood Corp.*, defendant argued that plaintiff's cause of action fit into a narrow exception to 28 U.S.C. § 1391, because that statute only applies to transitory causes of action and defendant argued that plaintiff's claim was a non-transitory *in rem* action.  *Id.*  The present motion does not contest venue under 28 U.S.C. § 1391, and the "local action" exception to the venue statute is unrelated to the consideration of local interest under 28 U.S.C. § 1404(a), which is simply based on the

idea that "[i]n cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only." *Gulf Oil Corp.*, 330 U.S. at 509.

Second, Alcoa argues that its action is solely contractual in nature and thus differs from the cases holding that suits involving environmental regulation "should be resolved in the forum where the people 'whose rights and interests are in fact most vitally affected by the suit.'" *Trout Unlimited v. United States Dep't of Agric.*, 944 F. Supp. 13, 19-20 (D.D.C. 1996). At the same time, however, Alcoa admits that "the present action is based . . . , to the extent that further allocation of liability under federal statutory law may be necessary, on CERCLA." (Alcoa Br. at 7.) Courts have confirmed that actions under the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. §§ 9601 *et seq.* ("CERCLA"), including actions involving allocation of responsibility for cleaning up the contamination, should be transferred to the site of the clean-up:

> First, and perhaps most importantly, the community in which the site is located has the greatest interest in determining which parties are responsible for cleaning up the site and in assuring that the site is in fact cleaned. It is true, as plaintiff argues, that CERCLA clean-ups have national impact, but the local interest is far more immediate and pressing.

*Elf Atochem N. Am. v. Allegheny Ludlum Corp.*, No. 92-7459, 1995 U.S. Dist. LEXIS 11315, at *6 (E.D. Pa. Aug. 9, 1995) (transferring venue to the site of the CERCLA clean-up).

Thus, given the focus of this case on remediation of the Vernon facility, Alcoa cannot distinguish this case from any of the environmental cases cited by the Alcan Defendants in their opening motion.[1] Under the principles recognized in these cases, it is beyond dispute that

---

[1] *Trout Unlimited*, 944 F. Supp. at 19-20; *Sierra Club v. Flowers*, 276 F. Supp. 2d 62, 63 (D.D.C. 2003); *S. Utah Wilderness Alliance v. Norton*, 315 F. Supp. 2d 82, 88 (D.D.C. 2004); *Nez Perce Tribe v. Nat'l Oceanic & Atmospheric Admin. Fisheries*, CV 04-60-RE, 2004 U.S.

removal of hazardous waste at the Vernon facility will directly affect the people of California, because they are the ones who "will face the consequences of any contamination originating at the facility." *Wheeling-Pittsburgh Steel Corp. v. United States EPA*, No. 98-4654, 1999 U.S. Dist. LEXIS 2130, at *13-14 (D. Pa. Mar. 3, 1999).

Alcoa also claims that Delaware has a strong interest in adjudicating this dispute because three of the four defendants are incorporated in Delaware. (Alcoa Br. at 10.) While Delaware does have an interest in litigation involving companies that are incorporated in Delaware, this interest does not control over California's far more significant interest in a dispute concerning the regulation of environmental contamination of a site in California. *APV N. Am., Inc. v. Sig Simonazzi N. Am., Inc.*, 295 F. Supp. 2d 393, 398-99 (D. Del. 2002) ("Where an alternative forum is more convenient and has more substantial connections with the litigation 'incorporation in Delaware will not prevent transfer.'"); *Weisler v. Barrows*, No. 06-362 GMS, 2006 U.S. Dist. LEXIS 80979, at *9-10 (D. Del. Nov. 6, 2006) (noting that a party's incorporation in Delaware is not dispositive of a motion to transfer); *Bergman v. Brainan,* 512 F. Supp. 972, 975 (D. Del. 1981) (granting motion to transfer a shareholder derivative action involving a company based in Illinois where "the only real connection of this action with this forum is that [the defendant] is a Delaware corporation."). Indeed, when other interests take precedence, this court has transferred lawsuits even where *both* parties were Delaware entities. *See Allergan, Inc. v. Alcon Labs.*, No. 02-1682-GMS, 2003 U.S. Dist. LEXIS 2564, at *5 (D. Del. Feb 25, 2003) (transferring case and noting "while the plaintiffs and several of the defendants are Delaware entities, and should reasonably expect to litigate in the forum, there is little connection between Delaware and this action or the parties").

---

Dist. LEXIS 10166, at *7-9 (D. Or. May 27, 2004); *Transcanada Power Mktg., Ltd. v. Narragansett Elec. Co.*, 402 F. Supp. 2d 343, 354 (D. Mass. 2005).

Moreover, the only case Alcoa cites in support of its argument that Delaware has an interest in deciding this case that outweighs the interest of California, *Turn of the Century Solution, L.P. v. Int'l Rectifier Corp.*, No. 00-707-JJF, 2006 U.S. Dist. LEXIS 39893, at *8 n.2. (D. Del. Nov. 14, 2006), was a patent infringement case where the local interest doctrine was not even raised. In fact, it is well settled that patent rights, the subject of *Turn of the Century* and many of the other cases Alcoa relies on, *ADE Corp. v. KLA-Tenor Corp.,* 138 F. Supp. 2d 565 (D. Del. 2001); *C.R. Bard, Inc. v. Guidant Corp.*, 997 F. Supp. 556 (D. Del. 1998); *Cypress Semiconductor Corp. v. Integrated Circuit Systems, Inc.*, No. 01-199-SLR, 2001 U.S. Dist. LEXIS 20803 (D. Del. Nov. 28, 2001); *Wesley-Jessen Corp. v. Pilkington Visioncare, Inc.*, 157 F.R.D. 215 (D. Del. 1993); *Arrow Commun. Labs., Inc.*, 2005 U.S. Dist. LEXIS 25004 at *4-5, do not implicate local interests for purposes of deciding motions to transfer under Section 1404(a), *Praxair, Inc. v. ATMI, Inc.*, No. 03-1158-SLR, 2004 U.S. Dist. LEXIS 7076, at *8 (D. Del. Apr. 20, 2004); *Alloc, Inc. v. Unilin Decor N.V.*, Nos. 03-253, 05-857, 2006 U.S. Dist. LEXIS 78019, at *12 (D. Del. Oct. 26, 2006). In contrast, in the present case, the people of the Central District of California have a significant interest in the removal of hazardous contaminants located in their city, as well as the appropriate remediation efforts that should be taken. Therefore, the Court should transfer venue to the Central District of California where these issues can be more directly monitored by the City of Vernon and its residents.

### C.  The Vast Majority of the Witnesses to Be Called at Trial Reside in California and Will Be Inconvenienced By Venue in Delaware.

The Alcan Defendants have established by affidavit that key witnesses who possess first-hand knowledge of the facts at issue in this case, including a large number of non-party witnesses who lie outside of this court's subpoena power, reside in the Central District of California and will be inconvenienced by traveling more than 2,500 miles to Delaware. Many of

these witnesses are City of Vernon officials, who have submitted declarations stating they are

unwilling to travel to Delaware due to the nature of their duties and responsibilities as municipal

employees. (Decl. of Leonis C. Malburg, attached as Ex. A; Decl. of Lewis J. Pozzebon,

attached as Ex. B; Decl. of Thomas A. Ybarra, attached at Ex. C.)[2]  These witnesses will address

a number of vigorously contested issues, and the jury will be called upon to make credibility

determinations.  Alcoa does not contest that the witnesses identified by the Alcan Defendants

possess critical and highly material information that is relevant to the matters at issue in this

case.  Nor does Alcoa point to a single witness who resides in Delaware and will be

inconvenienced by venue in California.

Alcoa's only argument is that the fact that all of the relevant fact witnesses are in

California, well beyond the subpoena power of this Court, should be ignored as a factor in the

transfer analysis because no evidence has been presented that any of the non-party witnesses are

unwilling to come to Delaware to testify, and even if such evidence were presented, videotaped

depositions could be used in place of live testimony.  (Alcoa Br. at 8.)  In support of this

argument, Alcoa relies on this Court's observation that: "From a practical standpoint, much of

the testimony presented at trial these days is presented via recorded depositions, as opposed to

witnesses traveling and appearing live.  There certainly is no obstacle to [defendant] embracing

this routine trial practice." *Turn of the Century Solution, L.P.*, 2006 U.S. Dist. LEXIS 39893 at

*8 n.2.  However, considerations of witness availability will turn on the facts of each case and

numerous courts have recognized in considering transfer motions the benefits to the litigation

---

[2]  Another City of Vernon official, Leonard Grossman, is out of the country until January 8,
2007, and the Alcan Defendants therefore reserve their right to supplement the record when he
returns to the United States.

process when witnesses can be compelled to testify live. *See* 15 Wright, Miller & Cooper,

*Federal Practice and Procedure: Jurisdiction and Related Matters* § 3851, at 415 (2d ed. 1986).

The United States Supreme Court has made it clear that it is important to hold trial in a

forum in which a court can compel the personal attendance of witnesses: "Certainly to fix the

place of trial at a point where litigants cannot compel personal attendance and may be forced to

try their cases on deposition, is to create a condition not satisfactory to court, jury or most

litigants." *Gulf Oil Corp.*, 330 U.S. at 511. District of Delaware courts have repeatedly

confirmed the importance of live witness testimony and have accordingly given the convenience

of non-party witnesses significant weight. *See Pennwalt Corp. v. Purex Industries, Inc.*, 659 F.

Supp. 287 (D. Del. 1986) (finding that "convenience of the witnesses balances strongly in favor

of transfer" because "transfer to California will allow all parties to have live testimony");

*Sherwood Med. Co. v. Ivac Med. Sys.*, No. 96-305 MMS, 1996 U.S. Dist. LEXIS 18194, at *11-

14 (D. Del. Nov. 25, 1996) (finding that the parties' ability to procure live witness testimony was

a critical consideration that mandated transfer to California); *Affymetrix, Inc. v. Synteni, Inc.*, 28

F. Supp. 2d 192 (D. Del. 1998), (transferring venue to California in order to guarantee live

witness testimony).[3]

The ability to compel attendance of witnesses is no less relevant under these factual

circumstances. Indeed, in *Inter-City Products Corp.*, this Court held that the testimony of non-

---

[3] *See also Mentor Graphics Corp. v. Quickturn Design Sys.*, 77 F. Supp. 2d 505, 510 (D. Del.
1999) (finding that the presence of three former employees with critical knowledge of the case
within the subpoena power of the transferree forum was factor that strongly favored transfer);
*Memminger v. Infocure Corp.*, No. 00-707-JJF, 2000 U.S. Dist. LEXIS 22077 at *12-13 (D. Del.
Nov. 14, 2000) (location of material non-party witnesses outside the subpoena power of the
Delaware court strongly favored transfer despite the fact that they would be subject to Rule
30(b)(6) deposition notices because these depositions "would not be equivalent to witnesses
being subject to compulsory process in this forum."); *Nilssen v. Everbrite, Inc.*, No. 00-189-JJF,
2001 U.S. Dist. LEXIS 25568, at *6 (D. Del. Feb. 16, 2001) (same); *Nilssen v. OSRAM Sylvania,
Inc.*, No. 00-695-JJF, 2001 U.S. Dist. LEXIS 25570, at *8 (D. Del. May 1, 2001) (same).

party witnesses "cannot be presented adequately by deposition because their testimony will deal with critical issues" involving environmental contamination and remediation, and "the actual appearance of the witnesses on the stand will be a crucial factor in the jury's evaluation of the credibility of their testimony." 1993 U.S. Dist. LEXIS 886 at *18-19; *see also Alliedsignal, Inc. v. Cooper Auto.*, No. 96-540 SLR, 1997 U.S. Dist. LEXIS 22902, at *10-11 n.4 (D. Del. Jul. 30, 1997) (recognizing that the defendant "has a valid concern regarding the availability of witnesses who are outside of the subpoena power of the District of Delaware" because video depositions are unsatisfactory when compared to live witness testimony).

Alcoa fundamentally misunderstands the *Jumara* court's holding that the convenience of a witness is only relevant "to the extent that the witness may actually be unavailable for trial in one of the fora." 55 F.3d at 879. Courts in the District of Delaware have made it clear that under *Jumara*, "[a] party need not allege that a witness *definitely* will be unavailable for trial; rather, it is sufficient for purposes of venue transfer analysis if the witness is not subject to a court's subpoena power" because in that situation the witnesses' testimony cannot be guaranteed. *OSRAM Sylvania, Inc.*, 2001 U.S. Dist. LEXIS 25570 at *8 (emphasis added); *Mentor Graphics Corp.*, 77 F. Supp. 2d at 510 (noting that, if availability of a witness "cannot be guaranteed" in the present forum, this fact weighs in favor of transfer); *Memminger*, 2000 U.S. Dist. LEXIS 22077 at *13 (noting that the defendant "does not have to allege that the witnesses actually will be unavailable for trial to establish the necessary lack of 'convenience.'"); *Zoetics, Inc. v. Yahoo!, Inc.,* No. 06-108-JJF, 2006 U.S. Dist. LEXIS 46910, at *12-13, 15 (D. Del. Jul. 6, 2006) ("it is sufficient for purposes of venue transfer analysis if the witness is not subject to a Court's subpoena power" and in that case the "Defendant bears no burden to show that the witnesses it plans to subpoena would be 'reluctant' to testify").

Alcoa does not, and cannot, dispute that this Court only has the power to subpoena witnesses within 100 miles of the courthouse, Fed. R. Civ. P. 45(b)(2), and that the witnesses who reside in the Central District of California are well beyond the range of this Court's subpoena power. Moreover, a number of City of Vernon officials have submitted affidavits confirming that they will be unwilling to travel to Delaware due to the nature of their duties and responsibilities as municipal employees. Because the vast majority of the witnesses who will be called at trial will be inconvenienced or unavailable in Delaware, this factor strongly supports transfer to the Central District of California.

### D.     The Relative Congestion in the Courts of the Two Forums Favors Transfer to the Central District of California.

Alcoa concedes that the Central District of California is less congested than the District of Delaware.[4] In 2004, the median time from filing to disposition for civil cases in the Central District of California was 7.3 months. In 2005, it was incrementally more at 7.4 months. In contrast, in 2004 the median time from filing to disposition for civil cases in the District of Delaware was 14 months. In 2005, it was 10.9 months. Whether one looks at the 2004 or 2005 statistics, the Central District of California is more than three months faster to disposition than the District of Delaware.

Similarly, in 2004, the median time from filing to trial for civil cases in the Central District of California was 17.8 months. In 2005, it was a little more at 20.5 months. In contrast, in 2004 the median time from filing to trial for civil cases in the District of Delaware was 26 months. In 2005 it was 23.5 months. Thus, the Central District of California is also three months faster to trial than the District of Delaware.

---

[4] In their opening motion, the Alcan Defendants inadvertently mislabeled 2004 statistics from the Judicial Caseload Profile as being 2005 statistics. Alcoa mistakenly characterizes this error as being intentionally misleading. Despite the inclusion of mislabeled 2004 statistics, the point stands that the Central District of California is less congested than the District of Delaware.

E.     **The Application of Delaware Law Does Not Weigh Against Transfer, Because Delaware Law is But One of Many Applicable Laws That the Court Will Be Called Upon to Interpret and Apply.**

Alcoa has attempted to portray this dispute as arising solely under the sales agreement between Alcoa and Century, which is governed by Delaware law.  However, the relief that Alcoa seeks will require application of the laws of a number of different states, as well as federal law. Therefore, Alcoa is incorrect that the application of Delaware law weighs against transfer.

In Count Two of its Complaint, Alcoa seeks a declaratory judgment that Alcoa is not liable under CERCLA for any of the costs of environmental remediation at the Vernon facility, or in the alternative, for a declaratory judgment as to the allocation of responsibility among the parties for those costs.  (Compl. ¶¶ 46-47.)  Therefore, in addition to federal environmental law, when determining the proper allocation of responsibility for disposal of environmental contaminants at the Vernon facility, the court will be required to interpret and apply the sales agreement between Century and Pechiney Rolled Products LLC, which is governed by New York law, as well as the sales agreement between Pechiney Rolled Products LLC and the City of Vernon, which is governed by California law.

Regardless, application of Delaware law only weighs against transfer if the issues are complex, present novel issues of law, or provide occasion to develop Delaware commercial jurisprudence.  *Continental Cas. Co. v. American Home Assur. Co.*, 61 F. Supp. 2d 128, 133 (D. Del. 1999) (giving this factor "no weight" because the case implicated no important considerations of Delaware law); *Pennwalt Corp.*, 659 F. Supp. at 292 ("Although the choice of law factor is important in cases where the foreign law to be applied is difficult or unsettled, it is less crucial in other cases.").  The issues of Delaware law that are implicated in this case are "straight-forward" and do not require the expertise of a Delaware court.

**F.    Defendants' Time to Answer or Otherwise Plead Should Be Enlarged.**

As set forth above, the balance of convenience and the interests of justice weigh strongly in favor of transfer to the Central District of California.  Given that transfer is appropriate, the Alcan Defendants respectfully suggest that the date by which the Alcan Defendants shall answer or otherwise plead in response to the Complaint should be set by the transferee court.[5]

## CONCLUSION

For the foregoing reasons, the Alcan Defendants respectfully request that this Court exercise its discretion under 28 U.S.C. § 1404(a) to transfer this action to the Central District of California.  Pursuant to Fed. R. Civ. P. 6(b), the Alcan Defendants also request that the date by which the Alcan Defendants shall answer or otherwise plead be set with the transferee court.

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*

Steven J. Balick (# 2114)
John G. Day (# 2403)
Tiffany Geyer Lydon (# 3950)
500 Delaware Ave., 8th Floor
P.O. Box 1150
Wilmington, DE 19899
Telephone:  (302) 654-1888
Facsimile:  (302) 654-2067
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Of Counsel:*

Richard P. Steinken
Shelley Smith
JENNER & BLOCK LLP
330 N. Wabash Avenue
Chicago, IL 60611
Telephone: (312) 222-9350
Facsimile: (312) 840-7631

Dated:  December 20, 2006
176273.1

*Attorneys for Defendants Alcan Inc.,*
*Alcan Rolled Products-Ravenswood LLC,*
*and Pechiney Cast Plate, Inc.*

---

[5]  Contrary to Alcoa's assertion, the Alcan Defendants did indeed notify Alcoa of their intention to move for an extension of time.  This request was made on October 11, 2006.  On the same day, Alcoa refused to agree to this request.

# EXHIBIT A

DEC-19-06  16:46          323 826 1438                              P.02      R-353    Job-107
12/19/2006 17:35 FAX 323 826 1438          CITY CLERK'S OFFICE                        ☒002

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ALCOA INC., | ) | C.A. No. 06-451-SLR |
| Plaintiff | ) | |
| | ) | **DECLARATION OF LEONIS C.** |
| vs. | ) | **MALBURG** |
| | ) | |
| ALCAN INC., ALCAN ROLLED | ) | |
| PRODUCTS-RAVENSWOOD LLC, f/k/a | ) | |
| PECHINEY ROLLED PRODUCTS LLC, | ) | |
| PECHINEY CAST PLATE INC., and | ) | |
| CENTURY ALUMINUM COMPANY | ) | |
| | ) | |
| Defendants. | ) | |

DECLARATION OF LEONIS C. MALBURG

LOSANGELES 329076v1 49789-00001

DEC-19-06  16:46                323 826 1438                          P.03        R-353    Job-107
12/19/2006 17:35 FAX 323 826 1438            CITY CLERK'S OFFICE                              ☒003

I, Leonis C. Malburg, declare:

1.      I am over the age of 18 and am the Mayor of the City of Vernon, California.  I reside in the City of Vernon, California.  I have personal knowledge of the facts set forth herein, and if called and sworn as a witness, I could and would testify competently hereto.

2.      I understand that I have been identified as a witness in the above-captioned action with respect to an agreement which I signed on behalf of the City for the sale by Pechiney Cast Plate, Inc. to the City of Vernon of certain real property located in the City of Vernon.

3.      Due to the nature of my duties and responsibilities as the Mayor of the City of Vernon, I would not be willing to voluntarily travel to Delaware to testify in this matter due to the inconvenience such a trip would cause.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this _19th_ day of December, 2006, at Vernon, California.

(Leonis C. Malburg

DECLARATION OF LEONIS C. MALBURG

LOSANGELES 329076v1 49789-00001

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALCOA INC., | ) C.A. No. 06-451-SLR |
|        Plaintiff | ) |
| | ) **DECLARATION OF LEWIS J.** |
|        vs. | ) **POZZEBON** |
| ALCAN INC., ALCAN ROLLED | ) |
| PRODUCTS-RAVENSWOOD LLC, f/k/a | ) |
| PECHINEY ROLLED PRODUCTS LLC, | ) |
| PECHINEY CAST PLATE INC., and | ) |
| CENTURY ALUMINUM COMPANY | ) |
| | ) |
|        Defendants. | ) |

I, Lewis J. Pozzebon, declare:

      1.     I am over the age of 18 and am employed by the City of Vernon as the Director and Health Officer of the City of Vernon Environmental Health Department ("EHD"). I reside in the City of Carlsbad, California. I have personal knowledge of the facts set forth herein, and if called and sworn as a witness, I could and would testify competently hereto.

      2.     As Director and Health Officer of EHD, I have been and am responsible for the governmental review process with respect to environmental requirements in connection with the closure of the Pechiney Cast Plate, Inc. plant located in the City of Vernon. I understand that I have been identified as a witness in the above-captioned action regarding the governmental review process and environmental requirements of the City of Vernon with respect to the plant.

      3.     Due to the nature of my duties and responsibilities as Director and Health Officer of EHD, I would not be willing to voluntarily travel to Delaware to testify in this matter due to the inconvenience such a trip would cause.

      I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

      Executed this 18th day of December, 2006, at Vernon, California.

                                  _____

                                  Lewis J. Pozzebon

DECLARATION OF LEWIS J. POZZEBON

# EXHIBIT C

DEC-19-06 16:46          323 826 1438                    P.04      R-353   Job-107
12/19/2006 17:35 FAX 323 826 1438          CITY CLERK'S OFFICE                    ☑004

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ALCOA INC., | ) | C.A. No. 06-451-SLR |
| Plaintiff | ) | |
| | ) | **DECLARATION OF THOMAS A.** |
| vs. | ) | **YBARRA** |
| ALCAN INC., ALCAN ROLLED | ) | |
| PRODUCTS-RAVENSWOOD LLC, f/k/a | ) | |
| PECHINEY ROLLED PRODUCTS LLC, | ) | |
| PECHINEY CAST PLATE INC., and | ) | |
| CENTURY ALUMINUM COMPANY | ) | |
| | ) | |
| Defendants. | ) | |

DECLARATION OF THOMAS A. YBARRA

I, Thomas A. Ybarra, declare:

1.    I am over the age of 18 and am the Mayor Pro Tem of the City of Vernon, California. I reside in the City of Vernon, California. I have personal knowledge of the facts set forth herein, and if called and sworn as a witness, I could and would testify competently hereto.

2.    I understand that I have been identified as a witness in the above-captioned action with respect to an amendment which I signed on behalf of the City to an agreement for the sale by Pechiney Cast Plate, Inc. to the City of Vernon of certain real property located in the City of Vernon.

3.    Due to the nature of my duties and responsibilities as Mayor Pro Tem of the City of Vernon, I would not be willing to voluntarily travel to Delaware to testify in this matter due to the inconvenience such a trip would cause.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 18TH day of December, 2006, at Vernon, California.

_____
Thomas A. Ybarra

DECLARATION OF THOMAS A. YBARRA