**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ALCOA INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CA No.: 06-451-SLR |
| v. | ) | |
| | ) | |
| ALCAN INC., ALCAN ROLLED PRODUCTS- | ) | |
| RAVENSWOOD LLC, PECHINEY ROLLED | ) | |
| PRODUCTS LLC, PECHINEY CAST PLATE | ) | |
| INC., and CENTURY ALUMINUM COMPANY | ) | |
| | ) | |
| Defendants. | ) | |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF ALCAN INC.'S
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

ASHBY & GEDDES
Steven J. Balick (# 2114)
John G. Day (# 2403)
Tiffany Geyer Lydon (#3905)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE  19801
Telephone:  (302) 654-1888
Facsimile:  (302) 654-2067
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Of Counsel:*

*Attorneys for Defendants Alcan Inc., Alcan
Rolled Products-Ravenswood LLC, f/k/a
Pechiney Rolled Products, LLC, and Pechiney
Cast Plate, Inc.*

Richard P. Steinken
Shelley Smith
JENNER & BLOCK LLP
330 N. Wabash Avenue
Chicago, IL 60611
Telephone: (312) 222-9350
Facsimile: (312) 840-7631

Dated:  December 20, 2006

## TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ............................................................................................ 1

II.     ALCOA HAS FAILED TO ESTABLISH SPECIFIC JURISDICTION OVER
        ALCAN UNDER THE DELAWARE LONG ARM STATUTE ........................................ 3

III.    ALCOA HAS NOT ALLEGED FACTS SUFFICIENT TO SUPPORT GENERAL
        JURISDICTION OVER ALCAN BASED ON OWNERSHIP OF DELAWARE
        SUBSIDIARIES ................................................................................................ 7

IV.     ALCOA HAS FAILED TO ESTABLISH THAT EXERCISING JURISDICTION
        OVER ALCAN WOULD COMPORT WITH DUE PROCESS ........................................ 9

V.      RULING ON THIS MOTION SHOULD NOT BE DEFERRED FOR ADDITIONAL
        DISCOVERY ....................................................................................................10

VI.     CONCLUSION ..................................................................................................14

# TABLE OF AUTHORITIES

## FEDERAL CASES

**Page**

*Ace & Co., Inc. v. Balfour Beatty PLC*, 148 F. Supp. 2d 418 (D. Del. 2001) ...........................4, 6

*Akzona Inc. v. E.I. Du Pont Nemours & Co.*, 607 F. Supp. 227 (D. Del. 1984)..............................8

*Altech Indus., Inc. v. Al Tech Specialty Steel Corp.*, 542 F. Supp. 53 (D. Del. 1982).......7, 8, 9, 10

*Applied Biosystems, Inc. v. Cruachem, LTD*, 772 F. Supp. 1458 (D. Del. 1991)....1, 2, 3, 4, 6, 8, 9

*C.R. Bard Inc. v. Guidant Corp.*, 997 F. Supp. 556 (D. Del. 1998) ........................................2, 5, 6

*E.I. DuPont de Nemours and Co. v. Rhodia Fiber and Resin Intermediates, S.A.S*, 197 F.R.D. 112 (D. Del. 2000) ...................................................................................6

*Hansen v. Neumueller GmbH*, 163 F.R.D. 471 (D. Del. 1995) ......................................................12

*Helicopteros Nacionales De Colombia, S.A. v. Hall*, 466 U.S. 408 (1984) ....................................9

*ICT Pharm., Inc. v. Boehringer Ingelheim Pharm., Inc.*, 147 F. Supp. 2d 268 (D. Del. 2001).......5

*The Joint Stock Society v. Heublein, Inc.*, 936 F. Supp. 177 (D. Del. 1996) .............................4, 12

*Mass. School of Law at Andover, Inc. v. Am. Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997) ....12

*Molnycke Health Care v. Dumex Medical Surgical Prod.*, 64 F. Supp. 2d 448 (E.D. Pa. 1999)........................................................................................................................11

*Monsanto Co. v. Syngenta Seeds, Inc.*, 443 F. Supp. 2d 636 (D. Del. 2006)  .....................1, 3, 6, 7

*Munsell v. La Brasserie Molson Du Quebec Limitee*, 618 F. Supp. 1383 (E.D.N.Y. 1985)...........8

*Poe v. Babcock Int'l, PLC*, 662 F. Supp. 4 (M.D. Pa. 1985) ........................................................13

*Reach & Assoc., P.C. v. Dencer*, 269 F. Supp. 2d 497 (D. Del. 2003)...........................................6

*Renner v. Lanard Toys Limited*, 33 F.2d 277 (3d Cir. 1994).......................................................12

*Sandvik v. Advent International Corp.*, 83 F. Supp. 2d 442 (D. Del. 1999)..................................12

*Sears, Roebuck & Co. v. Sears plc*, 744 F. Supp. 1297 (D. Del. 1990)..................................5, 6, 8

**Page**

*Toys 'R' Us, Inc. v. Step Two, SA*, 318 F.3d 446 (3rd Cir. 2003) ...................................12

*Tracinda Corp. v. DaimlerChrysler AG*, 197 F. Supp.2d 86 (D. Del. 2002) ...............................12

*Tristrata Tech., Inc. v. Neoteric Cosmetics, Inc.*, 961 F. Supp. 686 (D. Del. 1997).....................10

*United States v. Alcan Aluminum Corp.*, 964 F.2d 252 (3d Cir. 1992) ...........................................7

*United States v. Consolidated Rail Corp.*, 674 F. Supp. 138 (D. Del. 1987) ................................7

*Wesley-Jessen Corp. v. Pilkington Visioncare, Inc.*, 863 F. Supp. 186 (D. Del. 1993)..................6

## DOCKETED CASES

*In re Astropower Liquidating Trust v. Xantrex Tech., Inc.*, No. 04-10322(MFW), 2006 WL
        2850110 (Bkrtcy. D. Del Oct. 2, 2006)...........................................................................13

*Clark Capital Mgmt. Group, Inc. v. Navigator Inv., LLC*, No. 06-2334, 2006 WL 2707392
(E.D. Pa. Sept. 19, 2006) ...............................................................................................12

*Cordis Corp. v. Advanced Cardiovascular System, Inc.*, No. 97-635-SLR,
        1999 WL 805284 (D. Del. Sept. 17, 1999)........................................................................9

*Parker v. Learn The Skills Corp.*, No 05-2752, 2006 WL 2228867 (E.D. Pa. Aug. 2, 2006).......13

## FEDERAL STATUTES

Del. Code Ann. tit. 10 § 3104(c)(4) (2005) ........................................................................2, 4, 7, 11

## I.    INTRODUCTION

In its opening brief, Alcan, Inc. ("Alcan") demonstrated that Alcoa failed to allege sufficient facts in its Complaint to sustain a claim of personal jurisdiction over Alcan under the Delaware long-arm statute or under the requirements of due process. Alcan submitted a sworn affidavit of Roy Millington, Alcan's Corporate Secretary, attesting that the company has not conducted business activities of any kind in Delaware which would support the exercise of jurisdiction over it.

In its Brief in Opposition, Alcoa does not cite to any activities engaged in by Alcan itself in Delaware that would be sufficient to support jurisdiction in this forum. Instead, Alcoa argues that Alcan is subject to personal jurisdiction in Delaware through subsidiaries that are incorporated in Delaware that "have acted as the alter ego and/or agents of Alcan in their conduct of activities within Delaware such that their significant jurisdictional contacts are attributable to Alcan." (Alcoa Br. at 1-2) [D.I. 23]. This argument is without merit.

First, in order to proceed in this Court Alcoa must establish either specific or general jurisdiction over Alcan under the Delaware long-arm statute, and it can do neither. To obtain specific jurisdiction over Alcan, Alcoa must allege that its claims arise as a result of jurisdictional activities that took in place in Delaware. This statutory requirement must be met regardless of whether those activities involved actions by Alcan, its alter-egos or its agents. *See Monsanto Co. v. Syngenta Seeds, Inc.*, 443 F. Supp. 2d 636, 644-45 (D. Del. 2006); *Applied Biosystems, Inc. v. Cruachem, LTD*, 772 F. Supp. 1458, 1464 (D. Del. 1991). Because Alcoa has not alleged that Alcan or any alter-ego or agent subsidiary engaged in actions in Delaware that gave rise to Alcoa's claims, Alcoa cannot assert a claim of specific jurisdiction over Alcan under the Delaware long-arm statute, either directly or based on an alter ego or agency theory.

Second, the Delaware long-arm statute limits general jurisdiction to cases against non-resident defendants who, individually or through their agents, have caused "tortious injury." Del. Code Ann. tit. 10 § 3104(c)(4) (2005). Alcoa cannot assert general jurisdiction over Alcan because it has not alleged that Alcan or any Alcan subsidiary caused a "tortious injury" and the general business activities of Alcan subsidiaries in Delaware alone cannot support jurisdiction over Alcan under the general jurisdiction section of the Delaware long-arm statute.

Finally, even if Alcoa had alleged a claim for tortious injury or claims that arose from conduct in Delaware, it has not alleged any facts to support attributing jurisdictional conduct of Alcan subsidiaries to Alcan under an alter-ego or agency theory. Alcoa has failed to allege any grounds for piercing the corporate veil as to any Alcan subsidiary, as would be required to subject Alcan to jurisdiction based on the jurisdictional acts of a subsidiary in Delaware under an alter-ego theory. *C.R. Bard Inc. v. Guidant Corp.*, 997 F. Supp. 556, 559 (D. Del. 1998). Similarly, under an agency theory, Alcoa would have to allege facts to establish that Alcan was responsible for directing the actions of a Delaware subsidiary that was operating as its agent in connection with the particular acts that gave rise to Alcoa's claims. *See Applied Biosystems, Inc.*, 772 F. Supp. at 1467 ("Under the agency theory, however, only acts by the agent which were directed by the principal may provide the basis for jurisdiction."). Alcoa has made no such allegations.

Alternatively, Alcoa asks the Court to defer ruling on the present motion and permit Alcoa to take jurisdictional discovery. (Alcoa Br. at 6). There is no basis for deferring this Court's ruling. First, Alcoa's jurisdictional allegations are frivolous, as Alcoa has not alleged even the most minimal grounds for asserting specific or general jurisdiction over Alcan under the Delaware long-arm statute. Second, discovery would be futile. Alcoa has not alleged any claims

arising out of actions taken by any Alcan entity in Delaware, and is not asserting tort claims

against Alcan, so discovery could not possibly provide additional support for either specific or

general jurisdiction over Alcan.   Third, Alcan has provided responses to Alcoa's discovery

requests, to the extent they seek information concerning Alcan's contacts with the forum, and

these responses show, consistent with the Millington affidavit, that Alcan has no contacts with

this forum that would support personal jurisdiction. (See Defendants' Objections and Responses

to Alcoa's First Set of Interrogatories Regarding Jurisdiction and Defendants' Objections and

Responses to Alcoa's First Request for the Production of Documents Regarding Jurisdiction,

attached hereto as Exhibits A and B, respectively.) [1]

## II.    ALCOA HAS FAILED TO ESTABLISH SPECIFIC JURISDICTION OVER ALCAN UNDER THE DELAWARE LONG ARM STATUTE

As explained in Alcan's opening brief, Alcoa cannot allege specific jurisdiction over

Alcan under any of the provisions of the Delaware long-arm statute because Alcoa has not

alleged in its Complaint that its claims for declaratory relief arise out of any conduct that

occurred in Delaware.  (Alcan Br. at 4) [D.I. 13].  This statutory requirement does not change

simply because Alcoa now claims in its Brief in Opposition that it is relying on alter-ego and

agency theories of jurisdiction.  *See Monsanto*, 443 F. Supp. 2d at 644.  ("An agency relationship

alone, however, is not sufficient to confer jurisdiction.  Rather, the result of finding such an

agency is simply that we may attribute certain of [the Syngenta U.S. Companies'] acts to

[Syngenta AG and Participations] in assessing whether the requirements of the Delaware long-

arm statute have been satisfied.") (citing *Applied Biosystems, Inc.*, 772 F. Supp. at 1464).

Because Alcoa does not allege that any Alcan subsidiary engaged in any actions in Delaware as

---

[1]   Alcan has objected on the grounds of relevance and undue burden to providing responses to
Alcoa's requests for discovery regarding the activities of every Alcan subsidiary in every
state in the U.S. when Alcoa has not alleged that its claims arose from any activities in
Delaware of any alleged alter-ego or agent subsidiary of Alcan.

Alcan's agent or alter ego which gave rise to Alcoa's declaratory judgment claim, there can be no grounds for agency or alter ego jurisdiction over Alcan under the specific jurisdiction provisions of the Delaware long-arm statute.[2]  *See* Del. Code Ann. tit. 10 § 3104(c)(1)(2)(3).

In addition, having failed to assert any claims arising from activities in Delaware, Alcoa cannot rely on Alcan's mere ownership of Delaware subsidiaries as a basis for specific jurisdiction under an alter-ego or agency theory.  For example, in *The Joint Stock Society v. Heublein, Inc.*, 936 F. Supp. 177, 196 (D. Del 1996), one of the cases Alcoa relies on, the court held that the foreign defendants' incorporation of a Delaware co-defendant was not sufficient to create jurisdiction under Delaware's long arm statute because the act of incorporating a Delaware company itself did not have a sufficient nexus with the claims being asserted against the foreign defendants to support a claim of specific jurisdiction under the statute.  *See also Ace & Co., Inc. v. Balfour Beatty PLC*, 148 F. Supp. 2d 418, 425 (D. Del. 2001) (holding incorporation of Delaware subsidiary by English company insufficient under Section 3104(c)1 for contract action unrelated to the act of incorporation); *Applied Biosystems, Inc.*, 772 F. Supp. at 1468 (holding nonresident corporation's act of incorporating a Delaware subsidiary insufficient for jurisdiction under Section 3104(c)(3) because plaintiff's patent claims did not arise from act of incorporation).  Similarly here, Alcoa has not alleged that Alcan's incorporation

---

[2]    Alcoa makes the vague claim that "Alcan is known to use its United States subsidiaries to facilitate the sale of its products to customers in the United States" (Alcoa Br. at 2), but this assertion is hardly sufficient to subject Alcan to jurisdiction in Delaware under the Delaware long-arm statute based on an agency relationship with a Delaware subsidiary.  Alcoa's only support for its claim is an unreported ruling of a federal court in the Western District of Washington, *Reynolds Metals Co. v. Alcan Inc.*, No. C04-0175L (W.D. Wash. Dec. 7, 2004) (Alcoa Br., Ex. 2), which held that Alcan was subject to specific jurisdiction in that forum in a case asserting claims arising from sales in Washington of Alcan's products through one of its U.S. subsidiaries.

of a subsidiary in Delaware was the act giving rise to its claims, and therefore cannot use that act as a basis for specific jurisdiction under the statute.

Moreover, even if Alcoa had alleged activities by Alcan subsidiaries in Delaware, nowhere in Alcoa's Complaint does it allege that any subsidiary acted as Alcan's alter-ego or agent so as to establish jurisdiction. The Complaint does not identify a single company that allegedly has the authority to act as Alcan's agent, or any of the facts that would be required under Delaware law to pierce the corporate veil. In its brief, Alcoa relies on its allegations that "Alcan operates through a complicated web of interlocking corporations," which include Delaware subsidiaries. (Alcoa Br. at 2). In Delaware, however, "to reach a parent corporation under the alter ego theory, the party asserting jurisdiction must establish some fraud, injustice, or inequity in the use of the corporate form." *C.R. Bard Inc.*, 997 F. Supp. at 559.[3] Courts will not "lightly set aside corporate formalities in order to hail a foreign corporation into this judicial district," especially when the plaintiff has not provided "facts that warrant the extraordinary remedy of piercing the corporate veil." *ICT Pharm., Inc. v. Boehringer Ingelheim Pharm., Inc.*, 147 F. Supp. 2d 268, 274 (D. Del. 2001). Alcoa has not alleged any grounds for suggesting any impropriety in the formation of any of Alcan's Delaware subsidiaries or in the conduct of their corporate affairs, and its assertion of jurisdiction under the alter ego theory should therefore be rejected.

The court will not subject a parent to jurisdiction in Delaware based on the acts of its subsidiary under an agency theory unless the plaintiff can show that the subsidiary "could enter

---

[3]  Moreover, indirectly-owned subsidiaries cannot be attributed to Alcan without demonstrating grounds for piercing the corporate veil between each of these entities, as Alcoa's own cases demonstrate. *See Sears, Roebuck & Co. v. Sears plc*, 744 F. Supp. 1297, 1305 n.8 (D. Del. 1990) (rejecting plaintiff's argument that twelve indirectly owned Delaware subsidiaries could be attributed to the foreign defendant where plaintiff had not established grounds for disregarding the separate corporate entities).

into negotiations or binding agreements for [the foreign parent], or act for [the parent] in any other way in Delaware." *Sears*, 744 F. Supp. at 1304-05.  In addition to proving an agency relationship, the plaintiff must also carry "its burden to demonstrate that the activities directed or controlled by [the nonresident parent corporations] are the jurisdictional acts of [the nonresident parent corporations]." *Monsanto*, 443 F. Supp. 2d at 645.  *See also Reach & Assoc., P.C. v. Dencer*, 269 F. Supp. 2d 497, 507 (D. Del. 2003)(granting motion to dismiss where plaintiff failed to demonstrate that acts of agent corporations in Delaware giving rise to plaintiff's claims were directed or controlled by nonresident defendants); *Applied Biosystems, Inc.*, 772 F. Supp. at 1467 ("Under the agency theory, however, only the acts by the agent which were directed by the principal may provide the basis for jurisdiction."); *C.R. Bard Inc.*, 997 F. Supp. at 560 (same). Finally, the jurisdictional acts of the agent must take place in Delaware.  *Ace & Co.*, 148 F. Supp. 2d at 425 ("The agency theory requires not only that the precise conduct shown to be instigated by the parent be attributable to the parent, but also that such conduct satisfy § 3104(c)(1); i.e., that the jurisdictional conduct take place in Delaware.").  In this case, Alcoa has not come close to meeting its burden.[4]

---

[4]  Alcoa's cases are inapposite because they involved extensive evidence that the nonresident corporation had directed in Delaware the wrongful actions of the Delaware corporation that gave rise to plaintiff's claims, whereas here Alcoa has not alleged any wrongdoing by any Alcan subsidiary in Delaware.  In *Wesley-Jessen Corp. v. Pilkington Visioncare, Inc.*, 863 F. Supp. 186, 188 (D. Del. 1993), an English defendant manufactured allegedly infringing product pursuant to a contract with the resident defendant for sale in Delaware.  In *E.I. DuPont de Nemours and Co. v. Rhodia Fiber and Resin Intermediates, S.A.S*, 197 F.R.D. 112 (D. Del. 2000), the two foreign defendants, one an indirect subsidiary of the other, moved to dismiss for lack of jurisdiction, based on a record that included affidavits, documents and deposition transcripts.  The Court found that specific jurisdiction existed over the subsidiary under Section 3104(c)(3) of the Delaware long arm statute based on alleged misrepresentations made by its employee in Delaware that gave rise to plaintiff's claims.  *Id.* at 121.  Based on the evidence presented, the Court found that these jurisdictional acts could be attributed to the other foreign defendant on an agency theory because the employee had the apparent authority to speak on the defendant's behalf.  *Id.* at 122.

In sum, Alcoa has not alleged any facts to support a claim of an alter-ego or agency relationship between Alcan and any Delaware subsidiary that took any actions giving rise to Alcoa's claims, and has therefore failed to satisfy its burden for maintaining jurisdiction over Alcan in this forum under Delaware law.

## III.    Alcoa Has Not Alleged Facts Sufficient to Support General Jurisdiction Over Alcan Based on Ownership of Delaware Subsidiaries

Alcoa has also failed to establish general jurisdiction under the Delaware long-arm statute because the general jurisdiction provision under this statute is reserved for tort cases, and Alcoa has not alleged that Alcan, on its own or through an alter-ego or agent, caused any "tortious injury."[5] Del. Code Ann. tit. 10 § 3104(c)(4); *Monsanto*, 443 F. Supp. 2d at 646. Alcoa cannot establish a prima facie case for general jurisdiction over Alcan under Delaware law without satisfying this fundamental statutory requirement.

The mere assertion of an alter-ego or agency theory of jurisdiction in a response brief does not satisfy the need to allege a tort claim to assert general jurisdiction over a nonresident defendant under the Delaware long-arm statute, *Monsanto*, 443 F. Supp. 2d at 645-46, and none of Alcoa's cases hold otherwise. For example, in *Altech Indus., Inc. v. Al Tech Specialty Steel Corp.*, 542 F. Supp. 53 (D. Del. 1982), plaintiff asserted claims for trade name infringement, unfair competition and false designation of origin against a Delaware company and its New York parent, alleging that the parent directed its subsidiary to use plaintiff's trade name. These

---

[5]    In *United States v. Consolidated Rail Corp.*, 674 F. Supp. 138, 143 (D. Del. 1987),the court found that a government action based on an allegation of improper disposal of hazardous wastes under CERCLA alleged a "tortious injury" for purposes of Delaware's general jurisdiction statute, but Alcoa has not alleged that Alcan engaged in any such conduct. In addition, the Third Circuit has subsequently held that "CERCLA imposes strict liability on responsible parties," making them liable for response costs even when no wrongdoing has been alleged or proven. *United States v. Alcan Aluminum Corp.*, 964 F.2d 252, 259 (3d Cir. 1992). Thus, a claim for costs under CERCLA should not be interpreted to constitute a claim for "tortious injury" within the meaning of the Delaware long-arm statute.

allegations, together with evidence that the "vast majority" of the parent's subsidiaries were formed, merged or acquired under Delaware law, was sufficient to "comprise a persistent course of conduct in Delaware which is required by Section 3104(c)(4)." *Id.* at 55-56. However, *Altech* stands for the proposition that general jurisdiction may be found over the parent corporation where it actually directed its subsidiary to engage in the alleged tortious activities, requiring not only evidence of agency but also the exercise of the authority of the principle over the agent to take the specific wrongful acts. *See Applied Biosystems, Inc.*, 772 F. Supp. at 1469; *Sears*, 744 F. Supp. at 1306. Alcoa has made no such allegations against Alcan in this case.

Alcoa also argues that Alcan's Delaware subsidiaries have consented to jurisdiction in Delaware by choosing to incorporate in Delaware, and that as alter-egos of Alcan, their consent to jurisdiction in Delaware must be imputed to Alcan. (Alcoa Br. at 4). But Alcoa has not alleged any facts to establish that any Alcan subsidiary actually is an alter ego of Alcan, and even if it had, Alcoa has again ignored the need to plead a claim against Alcan of "tortious injury," in order to assert general jurisdiction under the statute.

Finally, Alcoa claims that it may rely on its "alter-ego and/or agency theory" because Alcan and its 33 direct or indirect Delaware subsidiaries issue a consolidated financial statement in Alcan's regulatory filings, and Alcan's website "presents a unified picture" of Alcan and these subsidiaries.[6] (Alcoa Br. at 5). Alcoa's only support for this argument is *Munsell v. La Brasserie Molson Du Quebec Limitee*, 618 F. Supp. 1383, 1386 (E.D.N.Y. 1985), where the court did *not* conclude that jurisdiction over the Canadian defendant was proper under New York's long-arm statute, but simply found that the facts were unclear, and that a decision was

---

[6] References to the project of a subsidiary as the parent company's project have been held insufficient, even combined with other factors such as intercompany loan guarantees, to establish agency jurisdiction. *See Akzona Inc. v. E.I. Du Pont Nemours & Co.*, 607 F. Supp. 227 (D. Del. 1984).

unnecessary, since the court had decided to dismiss the case on forum non conveniens grounds.

Indeed, if Alcoa were correct, every public company with Delaware subsidiaries that files a 10-K

based on consolidated financial statements and has a website that discusses corporate events

using the name of the parent corporation would be subject to jurisdiction in Delaware since these

facts would establish alter-ego and/or agency jurisdiction.

## IV.    Alcoa Has Failed to Establish that Exercising Jurisdiction Over Alcan Would Comport with Due Process

Alcan established in its opening brief that asserting personal jurisdiction over Alcan Inc.

would also fail to satisfy the requirements of federal due process (Alcan Br. at 6-7) [D.I. 13], and

that "the court must determine whether the exercise of personal jurisdiction is compatible with

both the specific requirements of the Delaware long-arm statute *and* with defendant's

constitutional right to due process." *See Cordis Corp. v. Advanced Cardiovascular Sys., Inc.,*

No. 97-635-SLR, 1999 WL 805284, *4, 7 n.3 (D. Del. Sept. 17, 1999) (emphasis added).

Because Alcoa's cause of action does not arise out of any alleged contacts by any defendant with

the forum state, the assertion of personal jurisdiction over Alcan could comport with due process

only if Alcan's contacts with the forum state are "continuous and systematic general business

contacts." *Helicopteros Nacionales De Colombia, S.A. v. Hall,* 466 U.S. 408, 415-16 (1984);

*Applied Biosystems, Inc.,* 772 F. Supp. at 1470.

In its response, Alcoa does not identify any evidence of continuous or systematic

business activities of Alcan in Delaware, but relies entirely on Alcan's ownership of direct and

indirect Delaware subsidiaries and the use of the term "Alcan" on the corporate website and in

press releases to refer to the activities of Alcan subsidiaries.  Alcoa's only due process case is

*Altech*, but that court's analysis of federal due process requirements was minimal.  The court

observed that defendant did not even claim that traditional due process notions of fair play and

substantial justice would be offended if it were required to come to Delaware to defend the action, and that, "the conduct and connection of [the defendant] with Delaware is such that it should reasonably have anticipated that it might have to defend in Delaware an action in which it is charged with directing and controlling its subsidiary defendant Al Tech, a Delaware corporation, with infringing plaintiff's trade name." *Altech*, 542 F. Supp. at 56. The same cannot be said here, however, where Alcoa has made no allegations that Alcan directed any of the other Alcan Defendants or any other subsidiary to take any actions relating to Alcoa's claims.

## V.    RULING ON THIS MOTION SHOULD NOT BE DEFERRED FOR ADDITIONAL DISCOVERY

Alcoa did not diligently pursue jurisdictional discovery. A month after Alcan filed its motion to dismiss, Alcoa first raised the issue of jurisdictional discovery, and Alcan invited Alcoa to send a summary of its requests and a proposed schedule of an extended briefing schedule. On November 20, 2006, Alcoa sent an email with its draft requests to just one of Alcan's attorneys, who did not retrieve the email for an extended period of time. In this email, Alcoa stated that it did not presently intend to seek any extension of its December 5th response date for the motion to dismiss, and expected that Alcan would respond to discovery, although none had been formally served, in the 30 days provided by the Federal Rules or slightly later if a reasonable extension was necessary. Alcoa's counsel did not follow up with further communication until December 4, 2006, the day before its brief was due, but then asked only that a discovery conference be held within five business days. Two days after filing its brief on December 5, Alcoa for the first time formally served Alcan with requests for documents and interrogatories purporting to seek jurisdictional discovery. An alleged lack of discovery did not hinder Alcan's ability to contest this motion, nor should it cause this Court to delay its ruling. *See Tristrata Tech., Inc. v. Neoteric Cosmetics, Inc.*, 961 F. Supp. 686, 691-92 (D. Del. 1997)

(denying jurisdiction where plaintiff had ample opportunity to conduct discovery before filing its brief in response to defendant's motion to dismiss); *Molnycke Health Care v. Dumex Medical Surgical Prod.*, 64 F. Supp. 2d 448, 454 (E.D. Pa. 1999) (same).

Moreover, the Court should not defer ruling on Alcan's motion to dismiss because the defects in Alcoa's jurisdictional pleading cannot be cured by additional discovery. Additional discovery concerning a possible alter-ego or agency relationship between Alcan and any of its subsidiaries would not strengthen Alcoa's jurisdictional case because Alcoa still would not have any basis for alleging that its claims arose from actions in Delaware by any Alcan subsidiary as is required for specific jurisdiction under the Delaware long-arm statute. Such an allegation would be solely within Alcoa's knowledge.

Similarly, no amount of jurisdictional discovery can supply the allegation that Alcan or one of its alter-egos or agents has caused "tortious injury," as required to assert a claim for general jurisdiction under Del. Code Ann. tit. 10 § 3104(c)(4). Thus, even if Alcan were required to produce every document concerning the business of every subsidiary of Alcan in every state in the United States, as Alcoa has requested, none of this discovery would establish general jurisdiction over Alcan because Alcoa still would not have alleged the requisite tortious injury caused by Alcan.

Courts will not delay ruling on a Rule 12(b)(2) motion to dismiss for lack of jurisdiction to allow for discovery where, as here, plaintiff has failed to present factual allegations that show with "reasonable particularity," the possible existence of the requisite jurisdictional contacts between defendant and the forum state, and its allegations of personal jurisdiction are clearly

frivolous.[7] *See, e.g., Toys 'R' Us, Inc. v. Step Two, SA*, 318 F.3d 446 (3rd Cir. 2003); *Joint Stock*, 936 F. Supp. at 192; *Sandvik v. Advent Int'l Corp.*, 83 F. Supp. 2d 442, 447 (D. Del. 1999). A mere unsupported allegation that "the defendant 'transact business' in an area is 'clearly frivolous'" and will not suffice for purposes of seeking jurisdictional discovery. *Mass. School of Law at Andover, Inc. v. Am. Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997). Once defendant has challenged jurisdiction, plaintiff "may not rely on the bare allegations in his complaint to warrant further discovery," and "[t]he court must be satisfied that there is some indication that this particular defendant is amenable to suit in this forum." *Hansen v. Neumueller GmbH,* 163 F.R.D. 471, 475-76 (D. Del. 1995). Moreover, "when the lack of personal jurisdiction is clear. . . further discovery serves no purpose and should be denied." *Telcordia Tech., Inc. v. Alcatel S.A.*, No. 04-874 GMS, 2005 WL 1268061, *9 (D. Del. May 27, 2005).

Based on these principles, courts have denied requests for discovery when plaintiff's allegations did not support a claim for jurisdiction under recognized law, and the search for evidence in discovery to support plaintiff's allegations would therefore be pointless. For example, in *Clark Capital Mgmt. Group, Inc. v. Navigator Inv., LLC*, No. 06-2334, 2006 WL 2707392, *7 (E.D. Pa. Sept. 19, 2006), the court found that plaintiff would not benefit from the

---

[7] This situation is therefore distinguishable from Alcoa's cases, where the courts found that such a threshold showing of jurisdictional contacts had been made, and deferred ruling to give plaintiff an opportunity to take discovery to collect additional information on the nature and extent of defendant's contacts with the forum. For example, in *Renner v. Lanard Toys Ltd.*, 33 F.3d 277, 283 (3d Cir. 1994), plaintiffs asserted a personal injury claim against a foreign toy manufacturer on a "stream of commerce" theory, and the court held that further discovery was necessary to determine whether the safety tests the foreign defendant was conducting were being taken specifically for stores in the forum state, and whether its buying agent had been designated as a distributor for stores in that state. Similarly, in *Tracinda Corp. v. DaimlerChrysler AG*, 197 F. Supp. 2d 86, 95 (D. Del. 2002), plaintiff had made a prima facie case of personal jurisdiction based on the foreign defendant's attendance at meetings relating to the allegedly fraudulent securities filings, but the court found that further discovery was necessary to sustain plaintiff's burden to clearly establish personal jurisdiction.

jurisdictional discovery it was seeking to support its allegations, because, "accepting plaintiff's factual allegations regarding defendant's solicitation of plaintiff and visits to defendants' website by Pennsylvania residents as true, proof of such communications and website visits would not be sufficient to establish personal jurisdiction over defendant." As a result, the court denied plaintiff's request for jurisdictional discovery and granted defendant's motion to dismiss for lack of jurisdiction. *Id. See e.g. In re Astropower Liquidating Trust v. Xantrex Tech., Inc.*, No. 04-10322(MFW), 2006 WL 2850110, *7-8 (Bkrtcy. D. Del Oct. 2, 2006) (denying motion for jurisdictional discovery and granting motion to dismiss because the only contact plaintiff alleged between defendant and the forum was insufficient as a matter of law to support specific or general jurisdiction consistent with due process); *Parker v. Learn The Skills Corp.*, No 05-2752, 2006 WL 2228867, *3-4 (E.D. Pa. Aug. 2, 2006) (finding motion to conduct jurisdictional discovery "an attempted fishing expedition" because there were no allegations of any sales that took place in the forum state); *Poe v. Babcock Int'l, PLC,* 662 F. Supp. 4, 7 (M.D. Pa. 1985) (holding that where "plaintiff has met defendants' affidavit evidence with mere speculation" in support of an alter-ego theory of jurisdiction, "[i]t would be inappropriate for this court to allow plaintiff to conduct a fishing expedition in order to conduct a basis for jurisdiction.").

Similarly here, Alcoa has not presented factual allegations that show with "reasonable particularity," the possible existence of the requisite jurisdictional contacts with Delaware by Alcan, or any of Alcan's subsidiaries, under Delaware's long-arm statute to justify additional discovery. Alcoa's request that the Court delay ruling on Alcan's motion to dismiss until further discovery is taken should therefore be denied.

## VI.     CONCLUSION

For all the reasons discussed above, this Court should dismiss Defendant Alcan from the

present action for lack of personal jurisdiction.

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*

Steven J. Balick (# 2114)
John G. Day (# 2403)
Tiffany Geyer Lydon (# 3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE  19899
Telephone:  (302) 654-1888
Facsimile:  (302) 654-2067
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Defendants Alcan Inc., Alcan Rolled*
*Products-RavenswoodLLC, f/k/a Pechiney Rolled*
*Products, LLC, and Pechiney Cast Plate, Inc.*

*Of Counsel:*

Richard P. Steinken
Shelley Smith
JENNER & BLOCK LLP
330 N. Wabash Avenue
Chicago, IL 60611
Telephone: (312) 222-9350
Facsimile: (312) 840-7631

Dated:  December 20, 2006
176274.1

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ALCOA INC.,                                             )
                                                        )
                    Plaintiff,                          )
                                                        )          C.A. No. 06-451-SLR
v.                                                      )
                                                        )
ALCAN INC., ALCAN ROLLED PRODUCTS-                      )
RAVENSWOOD LLC, f/k/a PECHINEY                          )
ROLLED PRODUCTS LLC, PECHINEY CAST                      )
PLATE INC., and CENTURY ALUMINUM                        )
COMPANY,                                                )
                                                        )
                    Defendants.                         )

## DEFENDANTS' OBJECTIONS AND RESPONSES TO ALCOA'S FIRST
## SET OF INTERROGATORIES REGARDING JURISDICTION

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, defendants Alcan

Inc., Alcan Rolled Products – Ravenswood, LLC, f/k/a Pechiney Rolled Products LLC, and

Pechiney Case Plate, Inc. (collectively, the "Alcan Defendants"), submit the following objections

and responses to Alcoa, Inc.'s ("Alcoa's") First Set of Interrogatories To the Alcan Defendants

Regarding Jurisdiction (the "Interrogatories").

## GENERAL OBJECTIONS

1.      The Alcan Defendants object to the Interrogatories to the extent that they are not

limited to issues reasonably raised by the Motion to Dismiss for Lack of Personal Jurisdiction

brought by Alcan Inc.  The Federal Rules of Civil Procedure do not permit discovery at this stage

of the litigation except as authorized by order or agreement of the parties.  *See* Fed. R. Civ. P.

26(d).  Defendants have agreed to provide discovery regarding Alcan Inc.'s contacts with

Delaware.  To the extent that the Interrogatories are not limited to this issue, they exceed the

scope of discovery permissible under the Federal Rules of Civil Procedure at this time, they are overly broad and unduly burdensome, and they seek information currently neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

2.    The Alcan Defendants object to the definitions of the terms "Alcan," "Pechiney" and "Alcan Rolled Products," in the "Definitions" section of the Interrogatories, because these parties are defined to include virtually hundreds of corporate entities, divisions and units, in the U.S. and abroad, many of which no longer exist, and the interrogatories incorporating these terms are therefore overbroad, unduly burdensome, and seek information that is not relevant to the issues raised in the Motion to Dismiss for Lack of Personal Jurisdiction filed by Alcan Inc. and is not calculated to lead to the discovery of admissible evidence.

3.    The Alcan Defendants object to the Interrogatories to the extent that they seek to impose on the Alcan Defendants obligations different from, or in addition to, those imposed on them by the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the District of Delaware.  Specifically, and without limitation, the Alcan Defendants object to the "Definitions" and "Instructions" contained in the Interrogatories to the extent that they differ from or impose duties or obligations beyond those set forth in the applicable Rules. Defendants will respond to the Interrogatories consistent with their obligations under the applicable Rules and subject to the objections set forth herein.

4.    The Alcan Defendants object to the Interrogatories to the extent they seek information that is protected from disclosure by any applicable privilege or immunity, including the attorney-client privilege and the work product doctrine.  The Alcan Defendants will not disclose such information.  To the extent the Alcan Defendants inadvertently disclose any privileged information, such inadvertent disclosure shall not be deemed a waiver of protection.

5.      All of the Alcan Defendants' objections and answers are based upon information that is presently available and specifically known to the Alcan Defendants. The Alcan Defendants expressly reserve their rights to amend any of their objections and answers to these Interrogatories based upon the discovery of additional information.

6.      The Alcan Defendants object to the Interrogatories to the extent they seek information not in the Alcan Defendants' possession, custody or control or information that is obtainable from other sources that are more convenient, less burdensome, or less expensive.

7.      The Alcan Defendants object to the Interrogatories to the extent they assume facts that do not exist or facts that are incorrect. By responding to a particular interrogatory, the Alcan Defendants do not indicate that they agree, admit, or otherwise acknowledge the characterizations or assumptions of fact or law contained therein.

8.      The Alcan Defendants object to the Interrogatories to the extent that any particular interrogatory is overly broad, vague, ambiguous, misleading, subject to differing interpretations, or otherwise objectionable under the Federal Rules of Civil Procedure. The Alcan Defendants reserve their rights to raise additional objections if and when counsel for the Alcan Defendants and counsel for Alcoa clarify the scope, meaning, or nature of an interrogatory through good faith communications and negotiations within the meaning of the Federal Rules of Civil Procedure.

9.      These General Objections are incorporated by reference into each of the specific objections below as if fully set forth therein.

## OBJECTIONS AND RESPONSES TO SPECIFIC INTERROGATORIES

1.      Identify all states and territories of the United States, if any, in which the Alcan Defendants derive revenue from the sale of goods or services and specify the amount of such revenue by state for each company.

**RESPONSE:**   In addition to the General Objections, the Alcan Defendants object to

Interrogatory No. 1 to the extent that it seeks information relating to Defendants other than Alcan

Inc., and to the further extent that it seeks information on issues other than those presented by the

Motion to Dismiss for Lack of Personal Jurisdiction filed by Alcan Inc. on the grounds that it is

therefore overbroad, unduly burdensome, and seeks information that is not currently relevant nor

reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, the Alcan Defendants state that Alcan

Inc. derives no revenue from the sale of any of its goods or services in Delaware.

2.      Identify all states and territories of the United States, if any, with which the Alcan Defendants maintain continuous or systematic business contacts of any type or are otherwise subject to general jurisdiction.

**RESPONSE:**   In addition to the General Objections, the Alcan Defendants object to

Interrogatory No. 2 to the extent that it seeks information relating to Defendants other than Alcan

Inc., and to the further extent that it seeks information on issues other than those presented by the

Motion to Dismiss for Lack of Personal Jurisdiction filed by Alcan Inc., on the grounds that it is

therefore overbroad, unduly burdensome, and seeks information that is not currently relevant or

reasonably calculated to lead to the discovery of admissible evidence.  The Alcan Defendants

further object to Interrogatory No. 2 on the grounds that it uses conclusory legal terms that would

require the Alcan Defendants to concede jurisdiction, specifically, the terms "continuous or

systematic business contacts" and "or are otherwise subject to general jurisdiction."

Subject to and without waiving these objections, the Alcan Defendants state that Alcan Inc. has not maintained continuous or systematic business contacts of any type in Delaware and is not otherwise subject to general jurisdiction in Delaware.

3.    Identify all individuals involved in maintaining the Alcan corporate website and for each such individual, identify the corporate entity by which that individual is employed.

**RESPONSE:**

In addition to the General Objections, the Alcan Defendants object to Interrogatory No. 3 to the extent that it seeks information relating to Defendants other than Alcan Inc., and to the extent that it seeks information on issues other than those presented by the Motion to Dismiss for Lack of Personal Jurisdiction filed by Alcan Inc., on the grounds that it is therefore overbroad, unduly burdensome, and seeks information that is not currently relevant or reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, the Alcan Defendants state that Alcan Inc. does not have any employees working in the State of Delaware, including any employees who maintain the Alcan corporate website.

4.    Identify the board of directors for each of the Alcan Defendants for each year since 2002.

**RESPONSE:**

In addition to the General Objections, the Alcan Defendants object to Interrogatory No. 4 to the extent that it seeks information relating to Defendants other than Alcan Inc., and to the extent that it seeks information on issues other than those presented by the Motion to Dismiss for Lack of Personal Jurisdiction filed by Alcan Inc., on the grounds that it is therefore overbroad, unduly burdensome, and seeks information that is not currently relevant or reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, the Alcan Defendants state that the board of directors for Alcan Inc. for the years 2002 through 2006 is identified in Exhibit 1 hereto.

5.    Identify by name and title the ten senior-most corporate officers of each of the Alcan Defendants for each year since 2002.

**RESPONSE:**

In addition to the General Objections, the Alcan Defendants object to Interrogatory No. 5 on the grounds that the term "the ten senior most corporate officers," is vague and ambiguous. The Alcan Defendants further object to Interrogatory 5 to the extent that it seeks information relating to Defendants other than Alcan Inc., and to the extent that it seeks information on issues other than those presented by the Motion to Dismiss for Lack of Personal Jurisdiction filed by Alcan Inc., on the grounds that it is therefore overbroad, unduly burdensome, and seeks information that is not currently relevant or reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, the Alcan Defendants state that the official corporate officers for Alcan Inc. for the years 2002 through 2006 are identified in Exhibit 1 hereto.

6.    Identify all products distributed by Alcan, or for the benefit of Alcan, in the United States, along with the revenue derived from the sale of those products in the United States, and the identity of any distributor of those products in the United States.

**RESPONSE:**

In addition to the General Objections, the Alcan Defendants object to Interrogatory No. 6 on the grounds that the term "or for the benefit of Alcan" is vague and ambiguous. The Alcan Defendants further object to Interrogatory 6, to the extent that it seeks information relating to

Defendants other than Alcan Inc., and to the extent that it seeks information on issues other than

those presented by the Motion to Dismiss for Lack of Personal Jurisdiction filed by Alcan Inc.,

on the grounds that it is therefore overbroad, unduly burdensome, and seeks information that is

not currently relevant or reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, the Alcan Defendants state that Alcan

Inc. does not sell products in Delaware.


ASHBY & GEDDES

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Ave., 8th Floor
P.O. Box 1150
Wilmington, DE  19899
Telephone:  (302) 654-1888
Facsimile:  (302) 654-2067

*Attorneys for Defendants Alcan Inc.,
Alcan Rolled Products-Ravenswood
LLC, f/k/a Pechiney Rolled Products,
LLC, and Pechiney Cast Plate, Inc.*

*Of Counsel:*

Richard P. Steinken
Shelley Smith
JENNER & BLOCK LLP
330 N. Wabash Avenue
Chicago, IL 60611
Telephone:  (312) 222-9350
Facsimile:  (312) 840-7631

Dated:  December 20, 2006

176270.1

# EXHIBIT 1

## Alcan Inc.

**As of October 2006**

| Directors | |
|---|---|
| | Roland Berger |
| | L. Denis Desautels |
| | Richard B. Evans |
| | L. Yves Fortier |
| | Jean-Paul Jacamon |
| | Yves Mansion |
| | Gwyn Morgan |
| | Christine Morin-Postel |
| | H. Onno Ruding |
| | Guy Saint-Pierre |
| | Gerhard Schulmeyer |
| | Paul M. Tellier |
| | Milton K. Wong |

| Officers | | |
|---|---|---|
| | Richard B. Evans | President and Chief Executive Officer |
| | Michael Hanley | Executive Vice President and Chief Financial Officer |
| | David L. McAusland | Executive Vice President, Chief Legal Officer |
| | Daniel Gagnier | Senior Vice President |
| | Jean-Christophe Deslarzes | Senior Vice President |
| | Gaston Ouellet | Senior Vice President |
| | Jacynthe Côté | Senior Vice President, |
| | Cynthia Carroll | Senior Vice President |
| | Michael Jacques | Senior Vice President |
| | Christel Bories | Senior Vice President |
| | Rhodri J. Harries | Vice President and Treasurer |
| | Cesidio Ricci | Vice President and Controller |
| | Pierre Chenard | Vice President and General Counsel |
| | Roy Millington | Corporate Secretary |
| | Ulf Quellmann | Assistant Treasurer |
| | Glen Rioux | Assistant Controller |

**As of March 3, 2006**
**As stated in 2005 Annual Report**

| Directors | |
|---|---|
| | Roland Berger |
| | L. Denis Desautels |
| | Travis Engen |
| | Richard B. Evans |
| | L. Yves Fortier |
| | Jean-Paul Jacamon |
| | William R. Loomis, Jr. |
| | Yves Mansion |
| | Gwyn Morgan |
| | Christine Morin-Postel |
| | H. Onno Ruding |
| | Guy Saint-Pierre |
| | Gerhard Schulmeyer |
| | Paul M. Tellier |
| | Milton K. Wong |

| Officers | | |
|---|---|---|
| | Travis Engen | President and Chief Executive Officer and Director |
| | Richard B. Evans | Executive Vice President, Chief Operating Officer |
| | Michael Hanley | Executive Vice President and Chief Financial Officer |
| | David L. McAusland | Executive Vice President, Chief Legal Officer |
| | Daniel Gagnier | Senior Vice President |
| | Jean-Christophe Deslarzes | Senior Vice President |
| | Gaston Ouellet | Senior Vice President |
| | Jacynthe Côté | Senior Vice President |
| | Cynthia Carroll | Senior Vice President |
| | Michel Jacques | Senior Vice President |
| | Christel Bories | Senior Vice President |
| | Rhodri J. Harries | Vice President and Treasurer |
| | Cesidio Ricci | Vice President and Controller |
| | Pierre Chenard | Vice President and General Counsel |
| | Roy Millington | Corporate Secretary |

**As of March 2, 2005**
**As stated in 2004 Annual Report**

| Directors | |
|---|---|
| | L. Yves Fortier |
| | Roland Berger |
| | L. Denis Desautels |
| | Travis Engen |
| | Jean-Paul Jacamon |
| | William R. Loomis, Jr. |
| | Yves Mansion |
| | Christine Morin-Postel |
| | H. Onno Ruding |
| | Guy Saint-Pierre |
| | Gerhard Schulmeyer |
| | Paul M. Tellier |
| | Milton K. Wong |

| Officers | | |
|---|---|---|
| | Travis Engen | President and Chief Executive Officer |
| | Richard B. Evans | Executive Vice President |
| | Michael Hanley | Executive Vice President |
| | Geoffery E. Merszei | Executive Vice President |
| | David L. McAusland | Executive Vice President |
| | Daniel Gagnier | Senior Vice President |
| | Gaston Ouellet | Senior Vice President |
| | Cynthia Carroll | Senior Vice President |
| | Michael Jacques | Senior Vice President |
| | Christel Bories | Senior Vice President |
| | Rhodri J. Harries | Vice President and Treasurer |
| | Thomas J. Harrington | Vice President and Controller |
| | Roy Millington | Corporate Secretary |

**As of March 5, 2004**
**As stated in 2003 Annual Report**

| Directors | |
|---|---|
| | L. Yves Fortier |
| | Roland Berger |
| | L. Denis Desautels |
| | Travis Engen |
| | Jean-Paul Jacamon |
| | William R. Loomis, Jr. |
| | Yves Mansion |
| | Christine Morin-Postel |
| | J.E. Newall |
| | Guy Saint-Pierre |
| | Gerhard Schulmeyer |
| | Paul M. Tellier |
| | Milton K. Wong |

| Officers | | |
|---|---|---|
| | Travis Engen | President and Chief Executive Officer |
| | Richard B. Evans | Executive Vice President |
| | Brian W. Sturgell | Executive Vice President |
| | Geoffery E. Merszei | Executive Vice President |
| | Daniel Gagnier | Senior Vice President |
| | David L. McAusland | Senior Vice President, Chief Legal Officer |
| | Gaston Ouellet | Senior Vice President |
| | Michael Hanley | Senior Vice President |
| | Cynthia Carroll | Senior Vice President |
| | Martha Brooks | Senior Vice President |
| | Christopher Bark-Jones | Senior Vice President |
| | Michael Jacques | Senior Vice President |
| | Christel Bories | Senior Vice President |
| | Jean-Dominique Sènard | Senior Vice President |
| | Pierre Vareille | Senior Vice President |
| | Pierre Arseneault | Senior Vice President |
| | Glenn R. Lucas | Vice President and Treasurer |
| | Thomas J. Harrington | Vice President and Controller |
| | Roy Millington | Corporate Secretary |

**As of January 1, 2003**
**As stated in 2002 Annual Report**

| Directors | |
|---|---|
| | L. Yves Fortier |
| | Roland Berger |
| | Clarence J. Chandran |
| | Travis Engen |
| | Brian M. Levitt |
| | William R. Loomis, Jr. |
| | J.E. Newall |
| | Guy Saint-Pierre |
| | Gerhard Schulmeyer |
| | Paul M. Tellier |

| Officers | | |
|---|---|---|
| | Travis Engen | President and Chief Executive Officer |
| | Richard B. Evans | Executive Vice President |
| | Brian W. Sturgell | Executive Vice President |
| | Geoffery E. Merszei | Executive Vice President |
| | Michael Hanley | Senior Vice President |
| | Cynthia Carroll | Senior Vice President |
| | Martha Finn Brooks | Senior Vice President |
| | Christopher Bark-Jones | Senior Vice President |
| | Kurt Wolfensberger | Executive Vice President |
| | Armin Weinhold | Senior Vice President |
| | Daniel Gagnier | Senior Vice President |
| | David L. McAusland | Senior Vice President |
| | Gaston Ouellet | Senior Vice President |
| | Glenn R. Lucas | Vice President and Treasurer |
| | Thomas J. Harrington | Vice President and Controller |
| | Michael Jacques | Vice President |
| | Roy Millington | Corporate Secretary |

**As of January 1, 2002**
**As stated in Annual 2001 Report**

| Directors | |
|---|---|
| | John R. Evans |
| | W.R.C. Blundell |
| | Clarence J. Chandran |
| | Martin Ebner |
| | Travis Engen |
| | Willi Kerth |
| | Brian M. Levitt |
| | J.E. Newall |
| | Guy Saint-Pierre |
| | Gerhard Schulmeyer |
| | Paul M. Tellier |

| Officers | | |
|---|---|---|
| | Travis Engen | President and Chief Executive Officer |
| | Richard B. Evans | Executive Vice President |
| | Brian W. Sturgell | Executive Vice President |
| | Geoffery E. Merszei | Executive Vice President |
| | Emery P. LeBlanc | Executive Vice President |
| | Michael Hanley | Senior Vice President |
| | Cynthia Carroll | Senior Vice President |
| | Christopher Bark-Jones | Senior Vice President |
| | Kurt Wolfensberger | Executive Vice President |
| | Armin Weinhold | Senior Vice President |
| | Robert L. Ball | Executive Vice President |
| | Daniel Gagnier | Senior Vice President |
| | David L. McAusland | Senior Vice President |
| | Gaston Ouellet | Senior Vice President |
| | Glenn R. Lucas | Vice President and Treasurer |
| | Richard Genest | Vice President and Controller |
| | Michael Jacques | Vice President |
| | Roy Millington | Corporate Secretary |

## VERIFICATION

I hereby declare that I have read the foregoing Defendants' Objections and Responses to Alcoa's First Set of Interrogatories Regarding Jurisdiction, and that the matters therein stated with respect to Alcan Inc. are true and correct to the best of my knowledge.

Dated:  December 19, 2006

_____
Roy Millington

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of December, 2006, the attached **DEFENDANTS'**

**OBJECTIONS AND RESPONSES TO ALCOA'S FIRST SET OF INTERROGATORIES**

**REGARDING JURISDICTION** was served upon the below-named counsel of record at the

addresses and in the manner indicated:

Allen M. Terrell, Jr., Esquire                                  HAND DELIVERY
Richards Layton & Finger LLP
One Rodney Square
920 North King Street
Wilmington, DE  19801

Thomas G. Rohback, Esquire                               VIA ELECTRONIC MAIL
LeBoeuf, Lamb, Greene & MacRae LLP
Goodwin Square
225 Asylum Street
Hartford, CT  06103

Christian D. Wright, Esquire                                  HAND DELIVERY
Young, Conaway, Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801

Robert M. Howard, Esquire                                  VIA ELECTRONIC MAIL
Latham & Watkins LLP
600 West Broadway, Suite 1800
San Diego, CA  92101

James R. Barrett, Esquire                                    VIA ELECTRONIC MAIL
Latham & Watkins LLP
555 Eleventh Street, N.W., Suite 1000
Washington, DC  20004-1304

_____
Tiffany Geyer Lydon

172155.1

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ALCOA INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 06-451-SLR |
| v. | ) | |
| | ) | |
| ALCAN INC., ALCAN ROLLED PRODUCTS- | ) | |
| RAVENSWOOD LLC, f/k/a PECHINEY | ) | |
| ROLLED PRODUCTS LLC, PECHINEY CAST | ) | |
| PLATE INC., and CENTURY ALUMINUM | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' OBJECTIONS AND RESPONSES TO ALCOA'S FIRST
REQUEST FOR THE PRODUCTION OF DOCUMENTS
REGARDING JURISDICTION**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, defendants Alcan

Inc., Alcan Rolled Products-Ravenswood LLC, f/k/a Pechiney Rolled Products LLC, and

Pechiney Cast Plate, Inc. (collectively, the "Alcan Defendants"), submit the following objections

and responses to Alcoa, Inc.'s ("Alcoa's") First Request for the Production of Documents to the

Alcan Defendants Regarding Jurisdiction (the "Request for Production").

**GENERAL OBJECTIONS**

1.      The Alcan Defendants object to the Request for Production to the extent that it is

not limited to issues reasonably raised by Alcan Inc.'s Motion to Dismiss for Lack of Personal

Jurisdiction.  The Federal Rules of Civil Procedure do not permit discovery at this stage of the

litigation except as authorized by order or agreement of the parties.  *See* Fed. R. Civ. P. 26(d).

The Alcan Defendants have agreed to provide discovery regarding Alcan Inc.'s contacts with

Delaware.  Defendants object to the Request for Production to the extent that it is not limited to

this issue, on the grounds that it seeks discovery not permitted by the Federal Rules of Civil

Procedure at this time, it is overly broad and unduly burdensome, and it seeks documents that are

currently neither relevant nor reasonably calculated to lead to the discovery of admissible

evidence.

      2.      The Alcan Defendants object to the Request for Production to the extent that it

seeks the production of documents that are subject to the attorney-client privilege, the work

product doctrine, or otherwise protected from disclosure under relevant statutory or case law.

The Alcan Defendants will not produce such documents, but will provide a list of documents

withheld from production as provided by Federal Rule of Civil Procedure 26(b)(5).  If the Alcan

Defendants inadvertently produce a privileged or protected document, they reserve the right to

demand that the inadvertently-produced privileged or protected document be returned and all

copies destroyed.  The Alcan Defendants state affirmatively that any such inadvertent production

does not constitute a knowing waiver of the attorney-client privilege or the work-product

doctrine.

      3.      The Alcan Defendants object to the Request for Production to the extent that any

particular request duplicates other requests and to the extent the Request for Production calls for

each and every copy of every document, on the grounds that the Request for Production is overly

broad and unduly burdensome and expensive.

      4.      The Alcan Defendants object to the Request for Production to the extent that the

information requested is in the possession, custody, or control of Alcoa or is obtainable from

other sources that are more convenient, less burdensome, or less expensive.

      5.      The Alcan Defendants object to the Request for Production to the extent that it

seeks to impose on them duties and obligations beyond those imposed by the Federal Rules of

Civil Procedure or the Local Rules of the United States District Court for the District of

Delaware. Specifically, and without limitation, the Alcan Defendants object to the "Definitions"

and "Instructions" contained in the Request for Production to the extent that they differ from or

impose duties or obligations beyond those set forth in the applicable Rules. The Alcan

Defendants will conduct a reasonably diligent search and will produce documents responsive to

the Request for Production consistent with their obligations under the applicable Rules and

subject to the objections set forth herein.

      6.     The Alcan Defendants specifically object to the definitions in the "Definitions"

contained in the Request for Production of the terms "Alcan," "Pechiney" and "Alcan Rolled

Products," because these parties are defined to include virtually hundreds of corporate entities,

divisions and units, in the U.S. and abroad, many of which no longer exist, and the requests

incorporating these terms are therefore overbroad, unduly burdensome, and seek documents that

are not relevant to the issues raised in Alcan Inc.'s Motion to Dismiss for Lack of Personal

Jurisdiction and are not calculated to lead to the discovery of admissible evidence.

      7.     The Alcan Defendants object to the Document Request to the extent that any

particular request is overly broad, vague, ambiguous, misleading, subject to differing

interpretations or otherwise objectionable under the Federal Rules of Civil Procedure. The Alcan

Defendants reserve their rights to raise additional objections if and when counsel for the Alcan

Defendants and counsel for Alcoa clarify the scope, meaning or nature of a request through good

faith communications and negotiations within the meaning of the Federal Rules of Civil

Procedure.

      8.     Any statement herein that the Alcan Defendants will produce documents

responsive to a request is neither a representation that such documents exist nor a representation

that such documents will be located through a reasonable search pursuant to the Federal Rules of

Civil Procedure. When the Alcan Defendants state herein that they will produce documents, the

Alcan Defendants represent that they will conduct a reasonable search for responsive, non-

privileged documents in their possession, custody, or control and that they will produce the

located documents at a time and in a manner to be agreed among counsel.

      9.     Any statement herein that the Alcan Defendants will produce documents

responsive to a request does not indicate and should not be construed as meaning that the Alcan

Defendants agree, admit or otherwise acknowledge Alcoa's characterization of fact or law or the

factual expressions or assumptions contained in the request.

      10.     These General Objections are incorporated by reference into each specific

response as if fully set forth therein.

## OBJECTIONS AND RESPONSES TO SPECIFIC REQUESTS FOR PRODUCTION

      1.     All documents concerning or reflecting any meetings, communications or correspondence between Alcan and any representatives or agents of the other Alcan Defendants or the City of Vernon, California concerning the Vernon facility.

**RESPONSE:**

      In addition to the General Objections, the Alcan Defendants object to Request for

Production No. 1 on the grounds that it seeks documents regarding defendants other than Alcan

Inc. as well as documents concerning issues beyond those raised in Alcan Inc.'s Motion to

Dismiss for Lack of Personal Jurisdiction and is therefore overly broad, unduly burdensome, and

seeks documents that are not currently relevant or reasonably calculated to lead to the discovery

of admissible evidence.

      2.     All documents concerning or reflecting any indemnification agreements among or between the Alcan Defendants, or among or between the Alcan Defendants and any third party.

**RESPONSE:**

In addition to the General Objections, the Alcan Defendants object to Request for

Production No. 2 on the grounds it seeks documents regarding defendants other than Alcan Inc.,

as well as documents regarding issues beyond those raised in Alcan Inc.'s Motion to Dismiss for

Lack of Personal Jurisdiction and is therefore overly broad, unduly burdensome, and seeks

documents that are not currently relevant or reasonably calculated to lead to the discovery of

admissible evidence.

3.    All documents concerning or reflecting sales or offers for sale of any product by any of the Alcan Defendants in the state of Delaware, or to any customer located in the State of Delaware since 2002.

**RESPONSE:**

In addition to the General Objections, the Alcan Defendants object to Request for

Production No. 3 to the extent that it seeks documents regarding defendants other than Alcan Inc.

and to the extent that it seeks documents concerning issues beyond those raised in Alcan Inc.'s

Motion to Dismiss for Lack of Personal Jurisdiction on the grounds that it is overly broad,

unduly burdensome, and seeks documents that are not currently relevant or reasonably calculated

to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, the Alcan Defendants state that there are

no documents to produce concerning or reflecting offers for sale of any product by Alcan Inc. in

the state of Delaware or to any customer located in the State of Delaware.

4.    All documents concerning or reflecting agreements or contracts of any kind between any of the Alcan Defendants and any entity located in the State of Delaware.

**RESPONSE:**

In addition to the General Objections, the Alcan Defendants object to Request for Production No. 4 to the extent that it seeks documents regarding defendants other than Alcan Inc. and to the extent that it seeks documents concerning issues beyond those raised in Alcan Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not currently relevant or reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, the Alcan Defendants state that there are no documents to produce concerning or reflecting agreements or contracts of any kind between Alcan Inc. and any entity with operations in the State of Delaware.

     5.    All documents concerning or reflecting the shipment of any product by any of the Alcan Defendants to any entity located in the State of Delaware.

**RESPONSE:**

In addition to the General Objections, the Alcan Defendants object to Request for Production No. 5 to the extent that it seeks documents regarding defendants other than Alcan Inc. and to the extent that it seeks documents concerning issues beyond those raised in Alcan Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not currently relevant or reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, the Alcan Defendants state that there are no documents to produce concerning or reflecting the shipment of any product by Alcan Inc. to any entity located in the State of Delaware.

6.    All documents concerning or reflecting sales or income tax receipts in the State of Delaware since 2002 for Alcan or any entity wholly owned, either directly or indirectly, by Alcan.

**RESPONSE:**

In addition to the General Objections, the Alcan Defendants object to Request for

Production No. 6 to the extent that it seeks documents regarding defendants other than Alcan Inc.

and to the extent that it seeks documents concerning issues beyond those raised in Alcan Inc.'s

Motion to Dismiss for Lack of Personal Jurisdiction on the grounds that it is overly broad,

unduly burdensome, and seeks documents that are not currently relevant or reasonably calculated

to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, the Alcan Defendants state that there are

no documents to produce concerning or reflecting sales or income tax receipts in the State of

Delaware since 2002 for Alcan Inc.


7.    All documents listing or reflecting the ownership of any properties, monies, holdings or assets of any kind in the State of Delaware, by Alcan or any entity wholly owned, either directly or indirectly, by Alcan.

**RESPONSE:**

In addition to the General Objections, the Alcan Defendants object to Request for

Production No. 7 to the extent that it seeks documents regarding defendants other than Alcan Inc.

and to the extent that it seeks documents concerning issues beyond those raised in Alcan Inc.'s

Motion to Dismiss for Lack of Personal Jurisdiction on the grounds that it is overly broad,

unduly burdensome, and seeks documents that are not currently relevant or reasonably calculated

to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, the Alcan Defendants state that there are no documents to produce concerning or reflecting the ownership of any properties, monies, holdings or assets of any kind in the State of Delaware by Alcan Inc.

8.    Documents sufficient to identify employees of Alcan or any entity wholly owned, either directly or indirectly, by Alcan, who work in the State of Delaware.

**RESPONSE:**

In addition to the General Objections, the Alcan Defendants object to Request for Production No. 8 to the extent that it seeks documents regarding defendants other than Alcan Inc. and to the extent that it seeks documents concerning issues beyond those raised in Alcan Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not currently relevant or reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, the Alcan Defendants state that there are no documents to produce that would identify any employees of Alcan Inc. who work in the State of Delaware.

9.    Documents concerning or showing an exchange of information between the Alcan Defendants and any Internet Web server in the State of Delaware.

**RESPONSE:**

In addition to the General Objections, the Alcan Defendants object to Request for Production No. 9 to the extent that it seeks documents regarding defendants other than Alcan Inc. and to the extent that it seeks documents concerning issues beyond those raised in Alcan Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not currently relevant or reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, the Alcan Defendants state that there are no documents to produce concerning or showing any exchange of information between Alcan Inc. and any Internet Web server owned or operated by Alcan Inc. in the State of Delaware because Alcan Inc. does not own or operate an Internet Web server in the State of Delaware.

10.    Documents sufficient to identify the tonnage of aluminum shipped by Alcan from Canada to the United States in each of the years 2004, 2005 and 2006.

**RESPONSE:**

In addition to the General Objections, the Alcan Defendants object to Request for Production No. 10 on the grounds it seeks documents regarding defendants other than Alcan Inc., as well as documents regarding issues beyond those raised in Alcan Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction and is therefore overly broad, unduly burdensome, and seeks documents that are not currently relevant or reasonably calculated to lead to the discovery of admissible evidence.

11.    Documents sufficient to identify all agreements or arrangements for the distribution of any product manufactured by Alcan in the United States.

**RESPONSE:**

In addition to the General Objections, the Alcan Defendants object to Request for Production No. 11 to the extent that it seeks documents regarding defendants other than Alcan Inc. and to the extent that it seeks documents concerning issues beyond those raised in Alcan Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not currently relevant or reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, the Alcan Defendants state that there are no documents to produce that would identify any agreements or arrangements for the distribution of any product manufactured by Alcan Inc. for sale in the State of Delaware.

     12.    Documents sufficient to identify the timing, location and attendance of all board meetings for each of the Alcan Defendants since 2004.

**RESPONSE:**

In addition to the General Objections, the Alcan Defendants object to Request for Production No. 12 to the extent that it seeks documents regarding defendants other than Alcan Inc. and to the extent that it seeks documents concerning issues beyond those raised in Alcan Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not currently relevant or reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, the Alcan Defendants state that they will produce documents sufficient to show the location and timing of all board meetings for Alcan Inc. since 2004, none of which occurred in the State of Delaware.

     13.    Documents sufficient to show the amount and frequency of any dividends paid by any of the Alcan Defendants since 2002.

**RESPONSE:**

In addition to the General Objections, the Alcan Defendants object to Request for Production No. 13 on the grounds it seeks documents regarding defendants other than Alcan Inc., as well as documents regarding issues beyond those raised in Alcan Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction and is therefore overly broad, unduly burdensome, and seeks documents that are not currently relevant or reasonably calculated to lead to the discovery of admissible evidence.

14.    Quality audited financial statements for each of the Alcan Defendants for the years 2004, 2005 and 2006.

**RESPONSE:**

In addition to the General Objections, the Alcan Defendants object to Request for Production No. 14 on the grounds it seeks documents regarding defendants other than Alcan Inc., as well as documents regarding issues beyond those raised in Alcan Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction and is therefore overly broad, unduly burdensome, and seeks documents that are not currently relevant or reasonably calculated to lead to the discovery of admissible evidence.

15.    Documents sufficient to show the amount and nature of any loans among or between any of the Alcan Defendants.

**RESPONSE:**

In addition to the General Objections, the Alcan Defendants object to Request for Production No. 15 on the grounds it seeks documents regarding defendants other than Alcan Inc., as well as documents regarding issues beyond those raised in Alcan Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction and is therefore overly broad, unduly burdensome, and seeks documents that are not currently relevant or reasonably calculated to lead to the discovery of admissible evidence.

16.    Documents sufficient to show the amount and nature of any loan guarantees by and of the Alcan Defendants for any of the other Alcan Defendants.

**RESPONSE:**

In addition to the General Objections, the Alcan Defendants object to Request for Production No. 16 on the grounds it seeks documents regarding defendants other than Alcan Inc., as well as documents regarding issues beyond those raised in Alcan Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction and is therefore overly broad, unduly burdensome, and seeks

documents that are not currently relevant or reasonably calculated to lead to the discovery of admissible evidence.

ASHBY & GEDDES

_(signature)_

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Ave., 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888

*Attorneys for Defendants Alcan Inc.,*
*Alcan Rolled Products-Ravenswood*
*LLC, f/k/a Pechiney Rolled Products,*
*LLC, and Pechiney Cast Plate, Inc.*

*Of Counsel:*

Richard P. Steinken
Shelley Smith
JENNER & BLOCK LLP
330 N. Wabash Avenue
Chicago, IL 60611

Dated: December 20, 2006

176272.1

- 12 -

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of December, 2006, the attached **DEFENDANTS'**

**OBJECTIONS AND RESPONSES TO ALCOA'S FIRST REQUEST FOR**

**PRODUCTION OF DOCUMENTS REGARDING JURISDICTION** was served upon the

below-named counsel of record at the addresses and in the manner indicated:

Allen M. Terrell, Jr., Esquire                          HAND DELIVERY
Richards Layton & Finger LLP
One Rodney Square
920 North King Street
Wilmington, DE 19801

Thomas G. Rohback, Esquire                        VIA ELECTRONIC MAIL
LeBoeuf, Lamb, Greene & MacRae LLP
Goodwin Square
225 Asylum Street
Hartford, CT 06103

Christian D. Wright, Esquire                          HAND DELIVERY
Young, Conaway, Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

Robert M. Howard, Esquire                          VIA ELECTRONIC MAIL
Latham & Watkins LLP
600 West Broadway, Suite 1800
San Diego, CA 92101

James R. Barrett, Esquire                            VIA ELECTRONIC MAIL
Latham & Watkins LLP
555 Eleventh Street, N.W., Suite 1000
Washington, DC 20004-1304

_____
Tiffany Geyer Lydon

172155.1