IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALCOA INC., <br><br>  Plaintiff, <br><br> v. <br><br> ALCAN INC., ALCAN ROLLED PRODUCTS-RAVENSWOOD LLC, f/k/a PECHINEY ROLLED PRODUCTS, LLC, PECHINEY CAST PLATE, INC., and CENTURY ALUMINUM COMPANY, <br><br>  Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> C.A. No. 06-451-SLR <br><br> **DEMAND FOR JURY TRIAL** |

### ALCOA'S ANSWERING BRIEF IN OPPOSITION TO CENTURY ALUMINUM COMPANY'S MOTION TO DISMISS FOR FAILURE TO <u>JOIN A PARTY UNDER RULE 19</u>

OF COUNSEL:
Harry M. Johnson, III
J. Michael Showalter
Hunton & Williams LLP
Riverfront Plaza, East Tower
951 E. Byrd St.
Richmond, VA 23219
(804) 788-8200

Allen M. Terrell, Jr. (#709)
terrell@rlf.com
Steven J. Fineman (#4025)
fineman@rlf.com
Richards Layton & Finger
One Rodney Square
920 North King Street
Wilmington, DE 19801
302-651-7700
Attorneys for Plaintiff

Dated: February 12, 2007

RLF1-3114559-1

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................... ii

NATURE AND STAGE OF THE PROCEEDING ..................................................................... 1

SUMMARY OF ARGUMENT .................................................................................................... 1

STATEMENT OF FACTS ........................................................................................................... 2

ARGUMENT ................................................................................................................................. 5

    A.    Standard On Review. .................................................................................................. 5

    B.    Century Has Failed To Meet Its Burden In Its Motion To Dismiss. ......................... 6

        1.    The City Is Not A "Necessary" Party As This Matter Hinges On Indemnification Agreements Between The Parties. ........................................ 7

        2.    Rule 19(b) Does Not Require Dismissal Of This Case. ................................ 11

            a.    The Parties Would Not Be Prejudiced By A Judgment Rendered Absent The City. ............................................................................... 11

            b.    The City Will Not Be Prejudiced If It Is Not Joined In This Action, And Judgment Rendered In The City's Absence Is Adequate. ............................................................................................ 12

            c.    Alcoa Will Not Have An Adequate Remedy If This Action Is Dismissed. ........................................................................................ 13

CONCLUSION ........................................................................................................................... 14

# **TABLE OF AUTHORITIES**

## CASES

*A&M Gregos, Inc. v. Robertory*,
384 F. Supp. 187 (E.D. Pa. 1974) .......................................................................................... 6

*Acierno v. Preit-Rubin, Inc.*,
199 F.R.D. 157 (D. Del. 2001) ............................................................................................ 6, 7

*Bootery, Inc. v. Washington Metropolitan Area Transit Authority*,
326 F. Supp. 794 (D.D.C. 1971) .......................................................................................... 7, 8

*Caldwell v. Gurley Refining Co.*,
755 F.2d 645 (8th Cir. 1985) .................................................................................................. 10

*Coastal Modular Corp. v. Laminators, Inc.*,
635 F.2d 1102 (4th Cir. 1980) ............................................................................................... 10

*D'Imperio v. United States*,
575 F. Supp. 248 (D.N.J. 1983) ............................................................................................. 10

*Estrada v. Sea-Land Service, Inc.*,
939 F. Supp. 129 (D.P.R. 1996) ............................................................................................. 8

*Fid. & Cas. Co. v. Reserve Ins. Co.*,
596 F.2d 914 (9th Cir. 1979) .................................................................................................. 10

*Helzberg's Diamond Shops, Inc. v. Valley West Des Moines Shopping Ctr., Inc.*,
564 F.2d 816 (8th Cir. 1977) .................................................................................................. 9

*Henry George School of Soc. Science v. San Diego Unified School Dist.*,
183 Cal. App. 2d 82 (4th Dist. 1960) ..................................................................................... 9

*New York v. Shore Realty Corp.*,
No. CV-84-0864, 1984 U.S. Dist. LEXIS 16183 (E.D.N.Y. June 4, 1984) ........................... 12

*Northrop Corp. v. McDonnell Douglas Corp.*,
705 F.2d 1030 (9th Cir. 1983) ................................................................................................ 9

*Peregrine Myanmar Ltd. v. Segal*,
89 F.3d 41 (2d Cir. 1996) ....................................................................................................... 10

*Raytheon Co. v. Continental Cas. Co.*,
123 F. Supp. 2d 22 (D. Mass. 2000) ...................................................................................... 6

*Solvent Chem. Co. v. E.I. DuPont de NeMours & Co.*,
242 F. Supp. 2d 196 (W.D.N.Y. 2002) ........................................................................... 12

*Sorrels Steel Co., Inc. v. Great Southwest Corp.*,
906 F.2d 158 (5th Cir. 1990) ......................................................................................... 11

*Trans Pac. Corp. v. South Seas Enters., Ltd.*,
291 F.2d 435 (9th Cir. 1961) ......................................................................................... 10

*United States Aircraft Ins. Group v. Dwiggins, L.L.C.*,
Civ. No. 03-173-SLR, 2004 U.S. Dist. LEXIS 266 (D. Del. Jan. 5, 2004) ..................... 5

*United States v. Aluminum Corp. of America, et al.*,
No. 98-1497 (D.D.C. June 15, 1998) .............................................................................. 4

## STATUTES AND OTHER AUTHORITIES

28 U.S.C. § 1404(a) ............................................................................................................ 1

Cal. Gov't Code § 11350 .................................................................................................... 9

Fed. R. Civ. P. 19 ...................................................................................................... 5, 6, 11

## NATURE AND STAGE OF THE PROCEEDING

Plaintiff Alcoa Inc. ("Alcoa") respectfully submits this answering brief in opposition to Century Aluminum Company's ("Century") Motion to Dismiss for Failure to Join a Party under Rule 19 (hereinafter, "Motion").

Alcoa originally brought suit for a declaratory judgment on July 25, 2006. Defendants Alcan Inc., Alcan Rolled Products -- Ravenswood LLC, and Pechiney Cast Plate Inc. (collectively "Alcan Defendants") sought, and Alcoa consented to, an extension of time to respond to the Complaint. Alcan Inc. then responded to the Complaint by filing a motion to dismiss for lack of personal jurisdiction, while the other two filed a motion under 28 U.S.C. § 1404(a), to transfer this matter to the Central District of California. Alcoa has responded to the motion to transfer, which remains pending before the Court.

On December 15, 2006, Century filed the Motion to which this Response is addressed. For the reasons outlined below, Alcoa submits that Century's Motion should be denied.

## SUMMARY OF ARGUMENT

In its Motion, Century asserts that the City of Vernon, California ("the City"), is a "necessary" and "indispensable" party under Rule 19 to this action. Century has not met its burden to establish this. First, the City is not "necessary" to this action which hinges entirely on contractual indemnification provisions between companies formerly engaged in the production of aluminum cast plate at a facility sold from one to the other. While Century may wish to have this Court determine both which company is contractually responsible for any environmental remediation at the site and whether the City's request to remediate is legally valid, Alcoa filed this action seeking to answer only the first question. Indeed, because the City's request to remediate is an administrative matter, Alcoa could not have sued the City in this Court. Century

can identify no cause of action that Alcoa could assert against the City, and thus the City cannot be a necessary party. As such, Century's Motion should be denied.

Even if the Court were to find Vernon to be a "necessary" party, it is not "indispensable" under Rule 19. First, neither the current defendants nor the City would be prejudiced by this action proceeding in its current posture. Second, a judgment rendered in the City's absence would be adequate to protect the interests of the parties. Finally, Alcoa would not have an adequate remedy should this case be dismissed. Indeed, Century relies almost entirely on speculation to even controvert these points at all.

## STATEMENT OF FACTS

Alcoa brought this action for declaratory judgment regarding its rights and obligations under a contract with Century for the sale of a cast aluminum plate facility located in Vernon, California (the "Vernon Facility").

Alcoa sold the Vernon Facility to Century, a Delaware corporation, pursuant to an Acquisition Agreement which was "executed and delivered . . . [to] be construed and enforced in accordance with the laws of the State of Delaware." *See* Acquisition Agreement § 13.08, Exhibit 1[1]. Subsequently, Century sold the Vernon Facility to the predecessor-in-interest of Defendant Alcan Rolled Products--Ravenswood LLC ("Alcan Rolled Products"), also a Delaware corporation. Alcoa was not a party to that transaction. The Vernon Facility is now owned by Defendant Pechiney Cast Plate Inc. ("Pechiney"), a wholly-owned subsidiary of Alcan Rolled Products and also itself a Delaware corporation.

---

[1] Exhibits referenced herein are attached to the Declaration of J. Michael Showalter in Support of Alcoa's Answering Brief in Opposition to Century Aluminum Company's Motion to Dismiss for Failure to Join a Party Under Rule 19 ("Showalter Declaration") filed contemporaneously herewith.

2

In its Complaint for Declaratory Judgment, Alcoa sued the parties who are, or may be, contractually responsible for environmental remediation at the Vernon Facility. (Compl. ¶¶ 11-22.) Over the past seventy years, Alcoa, Century, and Pechiney all operated aluminum-related operations on the property. *Id.* Of late, Pechiney, the most recent owner, stopped aluminum-related production on the property, and apparently has agreed to sell the property to the City itself. (*See* Standard Offer, Agreement and Escrow Instructions for Purchase of Real Estate, dated March 20, 2006 ("Offer for Purchase"), Exhibit 2.)

Around the time of the Offer for Purchase, the City Environmental Health Department sent a letter seeking Pechiney to perform certain remediation work. (*See* Letter from the City of Vernon Environmental Health Department to Pechiney Cast Plate Inc. dated March 28, 2006, Exhibit 3.) Pechiney made a claim to Century for indemnification for costs incurred in connection with its demolition at the Vernon Facility and the alleged environmental conditions resulting from it. (*See* Letter from John F. Cermak, at Jenkens & Gilchrist, LLP to Century Aluminum Company, dated April 17, 2006, Exhibit 4.) In turn, Century has sought indemnification under the Asset Purchase Agreement from Alcoa. (*See* Letter from Peter McGuire, Century Aluminum Company, to Alcoa, dated May 8, 2006, Exhibit 5.)[2]

The City has not pursued Alcoa in the same fashion as it has Pechiney. Although the City mailed Alcoa a letter some time ago seeking that Alcoa perform remediation work, Alcoa has responded that any remediation obligations at the site were the responsibility of the present owner, and not Alcoa. (*See* Letter from Jaime Mackay to Lewis J. Pozzebon, Director of Environmental Health, City of Vernon, California, dated August 30, 2006, Exhibit 6.) Since this

---

[2] The Agreement between Alcoa and Century is attached to the Showalter Declaration as Exhibit 1. Alcoa does not possess a copy of the agreements between Century and Pechiney.

3

response, the City has not taken any administrative action against or entered any orders against Alcoa. The City's decision not to take administrative action is understandable. Alcoa possesses a number of "no further action" letters from the City which indicate that no further action on the part of Alcoa is required regarding all but one of the identified problems with the Vernon Facility. (*See, e.g.*, documents attached collectively as Exhibit 7.)

The final problem -- the issue of Stoddard Solvent contamination -- is the responsibility of either Century or Pechiney. When Alcoa sold the Vernon Facility to Century, it did so under the premise that the Vernon Facility would continue to operate in the Cast Plate Business. (*See* Acquisition Agreement § 5.04 (stating that "Buyer is acquiring the Shares with the intention of operating the Cast Plate Business.")). Indeed, Alcoa was not free to do anything else because Alcoa had been ordered to sell the Vernon Facility as part of a court-ordered divestiture to comply with antitrust laws. (*See United States v. Aluminum Corp. of America, et al.*, No. 98-1497 (D.D.C. June 15, 1998), Exhibit 8.) So long as the Vernon Facility was used for the purposes defined in the Acquisition Agreement between Alcoa and Century, the Stoddard Solvent issue was adequately addressed. (*See* Letter from City of Vernon Environmental Health Department to Jamie MacKay, dated July 18, 2006, Exhibit 9.) Alcoa therefore complied with its contractual obligations.

The ostensible need for a different approach to the Stoddard Solvent contamination has been occasioned by a subsequent change in use of the Vernon Facility. (*See id.* at 1-2.) It is no longer being used as a cast plate business. Alcoa bears no responsibility for the additional costs imposed by the new remediation and development strategy Pechiney now employs. Indeed, under the relevant contracts, these are for either Century or one of the Alcan Defendants to bear. The contractual allocation of these new remediation costs, and not some speculative dispute with

the City, provides the genesis for this Complaint. The City need not be a party to this litigation for the Court to declare how the relevant contracts allocate those costs among the Alcan Defendants, Century and Alcoa. Alcoa therefore submits that Century's Motion to Dismiss should be denied.

## ARGUMENT

### A. Standard On Review.

Rule 12(b)(7) provides for the dismissal of a claim where the plaintiff has failed to join an indispensable party. A court, in evaluating such a motion, applies the two-part test found in Fed. R. Civ. P. 19. *See United States Aircraft Ins. Group v. Dwiggins, L.L.C.*, Civ. No. 03-173-SLR, 2004 U.S. Dist. LEXIS 266, at *9 (D. Del. Jan. 5, 2004).

Rule 19(a) provides the first prong of this test. The first prong requires analysis to determine whether a party is "necessary," while the second prong, under Rule 19(b), determines whether the party is "indispensable." *See id.* A person is a necessary party to the litigation if: (1) complete relief is not obtainable if the person is not joined, or (2) the person claims an interest in the subject of the litigation and resolution of the litigation without the person's involvement would (i) impair or impede the person's ability to protect the interest or (ii) leave the current parties with a "substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest."

Under Rule 19(b), providing the second part of this test, if a person fitting the description in Rule 19(a) cannot be joined, the Court must determine whether the litigation should proceed without the person or whether the person is an "indispensable" party requiring dismissal of the action. In making this determination, the Court must consider four factors:

> First, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by

5

>the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Fed. R. Civ. P. 19(b). These factors, along with any other factors which might be raised by the facts of a particular case, must be balanced to determine if an action should be dismissed. *Acierno v. Preit-Rubin, Inc.*, 199 F.R.D. 157, 164 (D. Del. 2001).

When making a Rule 19 determination, the Court may consider evidence outside of the pleadings. *Raytheon Co. v. Continental Cas. Co.*, 123 F. Supp. 2d 22, 32 (D. Mass. 2000); *A&M Gregos, Inc. v. Robertory*, 384 F. Supp. 187, 193 & 194 n.16 (E.D. Pa. 1974) (same).

Here, Century proposes that the City is an indispensable party. Because the City is not subject to service in this case, Rule 19(b) becomes relevant to this inquiry.

### B.     Century Has Failed To Meet Its Burden In Its Motion To Dismiss.

Century's Motion should be denied for a number of reasons. ***First***, Century's argument fails on the first part of the analysis: the City is not a "necessary party." This case involves *who* pays, and not *whether* someone does. Alcoa sued the parties who are potentially liable for the remediation costs. When the City demanded Pechiney to perform certain remediation work, Pechiney served notice with Century indicating that its contractual obligations were triggered, and Century, in turn, served notice with Alcoa under Century's contract with Alcoa. Pechiney is performing the work, and Alcoa's lawsuit poses a straightforward question: Who among the parties must pay those costs? The City is not needed to answer this question.

***Second***, even assuming the City *is* a "necessary" party, Century fails the second prong of the analysis. The interests of justice do not compel this case's dismissal. As indicated above, the issues in this case are contractual, and between a number of aluminum producers that owned the Vernon Facility at one time or another. The issues between these parties are real and concrete,

and a judgment in this Court will resolve these issues. At present, Century's arguments regarding future changes in the scope or cost of remediation work ordered by the City are irrelevant and entirely speculative.

### 1. The City Is Not A "Necessary" Party As This Matter Hinges On Indemnification Agreements Between The Parties.

Rule 19(a) states that a party is "necessary" to the litigation if: (1) complete relief is not obtainable if the person is not joined, or (2) the person claims an interest in the subject of the litigation and resolution of the litigation without the person's involvement would (i) impair or impede the person's ability to protect the interest or (ii) leave the current parties with a "substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest."

Century cites two cases in support of its argument that Vernon is a "necessary" party. In *Acierno v. Preit-Rubin, Inc.*, 199 F.R.D. 157, 164 (D. Del. 2001) a landowner brought suit against an adjacent landowner, contending that the adjacent landowner misled the County of New Castle into approving a land development plan. *Id.* Before reaching its decision, the Court found that the proposed injunctive relief "necessarily depends on the County's approval," and the proposed injunction would effectively overrule the County's decision regarding the development plan. *Id.* at 163. Given these factors, the Court found the County a necessary and indispensable party. *Id.*

Century also cites *Bootery, Inc. v. Washington Metropolitan Area Transit Authority*, 326 F. Supp. 794, 808 (D.D.C. 1971). There, the court held that the District of Columbia was a necessary party where plaintiffs sought injunctive and declaratory relief regarding a proposed subway system because the District of Columbia's interest was "of such a nature that a final decree [could not] be made without . . . affecting that interest." *Id.* The thrust of Plaintiff's

complaint in *Bootery* was that the District of Columbia, among others, had violated their constitutional rights in adopting its Mass Transit Plan.

Both cases are clearly distinguishable from Alcoa's lawsuit here. In both *Acierno* and *Bootery*, the plaintiff was asking the Court to take action that directly implicated the ability of a governmental body to perform its duties. In *Bootery*, the plaintiffs were trying to stop the government from spending money which had been previously allocated. *Id.* In *Acierno*, the plaintiffs wanted the Court to effectively adopt a new land development plan without the county's input. By contrast, Alcoa here filed suit after one of the Alcan Defendants threatened to sue it for remediation costs while Century demanded indemnification. (*See* Compl. ¶¶ 29-30.) Alcoa filed this suit seeking a declaration of the respective rights and obligations of the parties under their private contracts allocating responsibilities for such costs. The City is not a party to those contracts, and this lawsuit does not seek any relief that would affect Vernon's powers regarding remediation at the site.[3]

Century's argument is premised on a fundamental mischaracterization of the relief Alcoa seeks in this action. In its Motion, Century argues that:

> [T]o succeed in this case, Alcoa must prevail on the Court to (a) evaluate and effectively overturn the City's Order, (b) evaluate the City's NFA letter and rule that it has the legal effect of releasing Alcoa from any further responsibility at the Vernon Facility, and (c) evaluate and make rulings on the City's decisions and authority regarding the applicable cleanup standards at the Vernon facility.

(Century's Motion at 4.)

---

[3] Century also discusses a third case, *Estrada v. Sea-Land Service, Inc.*, 939 F. Supp. 129, 133 (D.P.R. 1996), in a footnote. (*See* Century's Brief at 15 n.8.) *Estrada* is distinguishable from this case for the same reasons as are *Acierno* and *Bootery*: all of these cases involve instances where the plaintiff effectively seeks injunctive relief against the government. Here, Alcoa does not seek an order which would stop the City from doing anything.

8

This statement is simply wrong. The City has not issued *any* official order to Alcoa. As such, Alcoa is not seeking through this action to "overturn" any order.[4] Further, Alcoa's Complaint does call into question the City's municipal ordinances, as Century suggests. To the extent Alcoa will cite NFA ("No Further Action") orders in this case, it will be to show that Alcoa complied with its *contractual* duties to *Century*. The NFA letters are evidence; Alcoa certainly does not challenge their validity. As was emphasized before, this action is about *who* must pay for the current remediation activities, not *whether* anyone will.

Furthermore, there is no necessity in this case to resolve the issue of *what* remediation need occur on the site of the Vernon Facility, or how much it will cost. Pechiney has chosen to change the use of the property and redevelop it. To accomplish this, the site must be remediated beyond what was necessary for the prior use. What Alcoa's Complaint brings into issue is *who must pay* for any such remediation for the new use that was not contemplated by Alcoa's contract with Century.

In filing this action, Alcoa relies on two well-recognized principles regarding contract law. First, the only necessary parties to the adjudication of rights and obligations under contracts are *the parties to the contract themselves*. "A nonparty to a commercial contract ordinarily is not a necessary party to an adjudication of rights under the contract. This rule is not inapplicable merely because the absent party happens to be the Government." *Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1044 (9th Cir. 1983). *See also Helzberg's Diamond Shops, Inc.*

---

[4] Before filing a declaratory action against the City, Alcoa would need to exhaust administrative remedies under the California Administrative Procedure Act. *See* Cal. Gov't Code § 11350; *Henry George School of Soc. Science v. San Diego Unified School Dist.*, 183 Cal. App. 2d 82, 86-87 (4th Dist. 1960) (holding that where administrative agency has a statutory basis, relief must be sought from the administrative body and any remedies exhausted before courts will act).

*v. Valley West Des Moines Shopping Ctr., Inc.*, 564 F.2d 816, 820 (8th Cir. 1977); *Trans Pac. Corp. v. South Seas Enters., Ltd.*, 291 F.2d 435, 436-37 (9th Cir. 1961). Second, this rule does not change solely because a proposed absent party happens to be the government. *See, e.g., Coastal Modular Corp. v. Laminators, Inc.*, 635 F.2d 1102, 1108 (4th Cir. 1980); *Fid. & Cas. Co. v. Reserve Ins. Co.*, 596 F.2d 914, 918 (9th Cir. 1979). As much as Century attempts to muddy the issues, it is clear that the City is neither bound by the parties' contracts nor required to do anything under those contracts. As such, its absence will in no way preclude complete relief from being granted among the parties to those contracts. *See Peregrine Myanmar Ltd. v Segal*, 89 F.3d 41, 48 (2d Cir. 1996) (complete relief "can be accorded even without the [absent party], because nothing in the district court's statements or final judgment requires the [absent party] to do anything or change any of its positions").

Century's assertion that the City is "necessary" to the adjudication of this case runs counter to common sense. Moreover, the City cannot be a "necessary" party to this lawsuit when Alcoa could not have named it in its initial complaint. Alcoa cannot sue the City for breach of contract because Alcoa has no contract with the City. The City has not entered any binding orders obligating Alcoa to perform remediation work. *See D'Imperio v. United States*, 575 F. Supp. 248, 250-52 (D.N.J. 1983) (dismissing declaratory judgment action against United States as not ripe for adjudication because the only governmental action was a letter from the EPA to plaintiffs stating that plaintiffs "may be liable.") *Id* Without a viable cause of action under a contract or governmental order, it is hard to imagine how Alcoa could have sued the City in the first instance. It is common for one private party to sue another private party after a governmental entity has notified both of them of potential responsibility for site remediation. *See, e.g., Caldwell v Gurley Refining Co.*, 755 F.2d 645, 647-49 (8th Cir. 1985). As such, the

City is not a "necessary" party to the dispute between Alcoa and defendants. Century's Motion to Dismiss under Rule 12(b)(7) should be denied.

### 2. Rule 19(b) Does Not Require Dismissal Of This Case.

Even if one assumes that adding the City as a party would somehow allow for a more complete disposition of the issues, Rule 19(b) does not dictate that it is an indispensable party. To determine whether Century is "indispensable" under Rule 19(b), the Court must evaluate: (1) the extent to which a judgment rendered in the party's absence might be prejudicial to the person or to those already parties; (2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; (3) whether a judgment rendered in the party's absence will be adequate; and (4) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder. *See* Fed. R. Civ. P. 19(b). For the reasons outlined below, Alcoa submits that none of these requirements are met.

#### a. The Parties Would Not Be Prejudiced By A Judgment Rendered Absent The City.

The parties to this action will not be prejudiced by a judgment rendered absent the City. Century states that "the City presumably could take actions that implicate the parties' interests . . . . [and] issue further orders that increase cleanup costs and implicate the parties' respective liabilities." This is pure speculation. A party is not "indispensable" when, in its absence, complete relief, including a damage award, can be afforded. *See, e.g., Sorrels Steel Co., Inc. v. Great Southwest Corp.*, 906 F.2d 158, 168 (5th Cir. 1990). Here, at the end of this litigation, the Court will issue an order declaring whether Century, Pechiney, or Alcoa is responsible for the remediation of the Vernon Facility site to accommodate Pechiney's new use. The City cannot alter the parties' respective contractual obligations; hence, its participation is not necessary to complete relief.

11

The judgment of this Court will have no effect on the City's authority to order more or different clean-up activities. Likewise, this Court's judgment will not preclude any party from challenging the scope or power of the City to order remediation. The parties remain free to invoke the administrative process in California regardless of who this Court finds is contractually obligated to fund the clean-up. In fact, this Court's judgment will make clear to the parties who has the financial incentive to work with the City on remediation issues.

Courts facing the same issues have held that regulatory bodies are not indispensable in cases between private parties regarding allocation of the costs of remediation. *See Solvent Chem. Co. v. E.I. DuPont de NeMours & Co.*, 242 F. Supp. 2d 196, 220 (W.D.N.Y. 2002) (stating that "there is no requirement that state or federal environmental agencies involved in cleanup efforts must also be parties in those actions."). In *Solvent Chemical*, the court denied DuPont's motion to deem the New York State Department of Environmental Conservation an indispensable party in a suit about who was to pay for environmental cleanup. *Id. New York v. Shore Realty Corp.*, No. CV-84-0864, 1984 U.S. Dist. LEXIS 16183, at *7 (E.D.N.Y. June 4, 1984), illustrates this point from another perspective. There, the court held that not all potentially responsible parties were necessary parties when a state sued in an attempt to force remediation. *Id.* This line of cases is further proof that the City is not an indispensable party in the present case.

    **b. The City Will Not Be Prejudiced If It Is Not Joined In This Action, And Judgment Rendered In The City's Absence Is Adequate.**

Regarding the second and third factors, the City will not be prejudiced if it does not participate in this action, and judgment rendered in the City's absence is adequate. As was discussed above, the City's ordinances are not being called into question. The issues in this case are contractual. As such, no actions are necessary to lessen the impact on the City. Before, during and even after judgment is entered in this case, the City can pursue whomever it wants for

any remediation that needs to occur at the Vernon Facility site. This litigation only seeks to resolve which of the private parties will fund it. As such, the City will not be prejudiced by not being named in this action, and a judgment rendered in its absence is adequate to protect the interests of the parties.

        **c.    Alcoa Will Not Have An Adequate Remedy If This Action Is Dismissed.**

Regarding the fourth factor, Alcoa will not have an adequate remedy if this action is dismissed. Century indicates that Alcoa could file suit in California if the Court dismissed this suit, and that this provides an adequate remedy. This is wrong for several reasons. First, Alcoa has no cause of action in California against the City under any contract. Second, there are no ripe environmental causes of action against the City by Alcoa. Finally, Alcoa had a right to choose its forum, and did so when it filed this declaratory action in Delaware. (*See also* Alcoa's Response to the Alcan Defendants' Motion to Transfer.) Century should not be permitted to undo this choice by attempting to add the City to this action when it is not necessary to the full and complete adjudication of the issues present in this case.

## CONCLUSION

For all the foregoing reasons, the City is neither "necessary" nor "indispensable" under Rule 19 of the Federal Rules of Civil Procedure. As such, the Court should deny Century's Motion to Dismiss under Rule 12(b)(7) for failure to join an indispensable party.

OF COUNSEL:
Harry M. Johnson, III
J. Michael Showalter
Hunton & Williams LLP
Riverfront Plaza, East Tower
951 E. Byrd St.
Richmond, VA 23219
(804) 788-8200

Allen M. Terrell, Jr. (#709)
terrell@rlf.com
Steven J. Fineman (#4025)
fineman@rlf.com
Richards Layton & Finger
One Rodney Square
920 North King Street
Wilmington, DE 19801
302-651-7700
Attorneys for Plaintiff

Dated: February 12, 2007

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I hereby certify that on February 12, 2007, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing(s) and Hand Delivered to the following:

**BY E-FILE & HAND DELIVERY**
Steven J. Balick, Esquire
Ashby & Geddes
500 Delaware Avenue
8th Floor
P.O. Box 1150
Wilmington, DE 19899

**BY E-FILE & HAND DELIVERY**
Christian D. Wright, Esquire
Young, Conaway, Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

I hereby certify that on February 12, 2007, I have sent by electronic mail, the foregoing document to the following non-registered participants:

**BY FEDERAL EXPRESS**
Carrie A. Fino, Esquire
Jenner & Block LLP
One IBM Plaza
Chicago, IL 60611-7603

Steven J. Fineman (#4025)

RLF1-3090466-1