# RICHARDS, LAYTON & FINGER

A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

STEVEN J. FINEMAN

DIRECT DIAL NUMBER
302-651-7592
FINEMAN@RLF.COM

August 1, 2007

**VIA E-FILING AND HAND DELIVERY**
The Honorable Sue L. Robinson
United States District Court
District of Delaware
844 King Street
Wilmington, DE 19801

Re: *Alcoa Inc. v. Alcan Inc., et al.*,
C.A. No.: 06-451-SLR

Dear Judge Robinson:

Enclosed for Your Honor's consideration is the parties' agreed-upon proposed scheduling order in the above-referenced matter.

As always, if Your Honor has any questions regarding the proposed form of order or any other aspect of this matter, counsel remain available at the Court's convenience.

Respectfully,

Steven J. Fineman (#4025)

SXF/afg

Enclosure
cc: Steven J. Balick, Esquire
    Christian D. Wright, Esquire

RLF1-3184594-1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ALCOA INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-451-SLR |
| | ) | |
| ALCAN ROLLED PRODUCTS-<br>RAVENSWOOD LLC, f/k/a<br>PECHINEY ROLLED PRODUCTS, LLC,<br>PECHINEY CAST PLATE, INC., and<br>CENTURY ALUMINUM COMPANY, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| ALCAN ROLLED PRODUCTS-<br>RAVENSWOOD LLC, f/k/a<br>PECHINEY ROLLED PRODUCTS, LLC,<br>and PECHINEY CAST PLATE, INC., | ) ) ) ) | **DEMAND FOR JURY TRIAL** |
| | ) | |
| Counter-Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ALCOA INC. and<br>CENTURY ALUMINUM COMPANY, | ) ) | |
| | ) | |
| Counter-Defendants. | ) | |

ORDER

At Wilmington this 2nd day of August 2007, plaintiff Alcoa Inc. ("Alcoa") and defendants Alcan Rolled Products-Ravenswood LLC f/k/a Pechiney Rolled Products LLC, Pechiney Cast Plate Inc. (collectively, the "Alcan Defendants") and Century Aluminum Company ("Century"), having satisfied their obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling conference pursuant to Fed. R.

Civ. P. 16 and D. Del. LR 16.2(a) and (b),

**IT IS ORDERED** that:

1. **Pre-Discovery Disclosures.** The parties will exchange by August 31, 2007, the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2. **Discovery.**

    (a) The parties set forth below their list of general discovery topics. The list is intended to be representative, not exhaustive, and does not enumerate each and every area in which discovery may be requested. Not all parties have responded to the merits of the claims asserted against them at this time; consequently, there may be additional topics requiring discovery as a result of their answers and defenses. The list is not intended to limit the parties' rights to seek additional discovery in this matter in accordance with the applicable rules. Subject to these conditions, discovery will likely be needed on the following subjects:

    > (1) Whether Alcoa is obligated under its Acquisition Agreement with Century ("Century Acquisition Agreement") to indemnify Century regarding environmental conditions arising from a cast aluminum plate manufacturing and sales facility located in Vernon, California ("Vernon Facility") sold by Alcoa to Century and in turn sold by Century to Pechiney Rolled Products, LLC, one of the Alcan Defendants, pursuant to a Stock and Asset Purchase Agreement ("Pechiney Purchase Agreement").
    >
    > (2) Whether Century is obligated under the Pechiney Purchase Agreement and/or the Vernon Indemnification Agreement to indemnify the Alcan Defendants regarding environmental conditions at the Vernon Facility.
    >
    > (3) Whether Alcoa is liable to the Alcan Defendants under federal or California state statutory provisions or common law theories as a result of environmental conditions at the Vernon Facility.
    >
    > (4) Whether Century is obligated to Alcoa under the Century Acquisition Agreement for any environmental or other obligations

that Alcoa is held to owe to the Alcan Defendants arising from the Vernon Facility.

(5) The cost, reasonableness, and necessity for the current actions at the Vernon site for which the Alcan Defendants seek to impose liability on Alcoa and/or Century, including the economic benefits accruing to the Alcan Defendants as a result of such actions.

(6) If necessary, the appropriate allocation of financial responsibility for any remedial efforts at the Vernon site, including consideration of all relevant equitable factors bearing on such allocation.

(7) The proposed redevelopment of the Vernon site.

(8) Communications and dealings among the parties and federal, state and local officials regarding the Vernon site.

(9) Use of the Vernon Facility after its sale to Century.

(10) Damages sought by any party.

(11) Affirmative defenses raised by any party.

(12) Due diligence by the Alcan Defendants prior to purchase of the Vernon Facility.

(13) Negotiation and performance of the relevant agreements.

(14) The conditions imposed by the Final Judgment dated June 15, 1998, in the United States District Court for the District of Columbia regarding the Vernon Facility.

(15) Orders, directives, actions or communications regarding the Vernon site by the City of Vernon and/or any other governmental agency.

(16) The current environmental conditions at the Vernon site.

(17) Past, current, proposed or planned remedial activities by the Alcan Defendants at the Vernon site, including the basis for such remedial activities, and, if necessary, the appropriate allocation of financial responsibility for any remedial efforts at the Vernon site, including consideration of all relevant equitable factors bearing on such allocation.

RLF1-3184596-1

(18) Whether Alcoa complied with applicable federal, state and local laws regarding environmental conditions at the Vernon Facility.

(19) Whether Alcoa complied with its remediation obligations under the Century Acquisition Agreement.

(b) Fact discovery

(1) Written discovery will be substantially completed by January 15, 2008.

(2) Depositions will commence following the substantial completion of discovery and will be completed by April 30, 2008.

In the event that a party believes additional written discovery will be required subsequent to the January 15, 2008 deadline, or that any of the above deadlines should be modified as a result of a material change in the ongoing site activities or otherwise, the parties shall first confer and attempt to reach agreement before moving the court for any such modification.

(3) Expert discovery will be commenced in time to be completed by July 25, 2008.

(c) Maximum of 25 interrogatories by each party to any other party, with the Alcan Defendants collectively considered a single party.

(d) Maximum of 50 requests for admission by each party to any other party, with the Alcan Defendants collectively considered a single party. Requests for admission will not be subject to the January 15, 2008 deadline for written discovery, but will be commenced in time to be completed by August 15, 2008.

(e) Maximum of twelve (12) fact depositions by plaintiff Alcoa, twelve (12) by defendant Century, and twelve (12) by the Alcan Defendants collectively. With respect to depositions of entities or organizations pursuant to Fed. R. Civ. P.

4

30(b)(6), each deposition shall count as one (1) fact deposition regardless of the number of witnesses that are designated and deposed in each instance.

(f) Each fact deposition limited to a maximum of seven (7) hours unless extended by agreement of parties or by order of the court for good cause shown. With respect to depositions of parties pursuant to Fed. R. Civ. P. 30(b)(6), counsel for the parties shall strive to reach agreement on whether a seven (7) hour limit is adequate for any particular designee.

(g) Reports from retained experts under Rule 26(a)(2) on issues for which any party has the burden of proof due by May 30, 2008. Rebuttal expert reports due by June 27, 2008.

(h) **Discovery Disputes.** Any discovery disputes shall be submitted to the court pursuant to Fed. R. Civ. P. 37. During the course of discovery, each party is limited to **two (2)** Rule 37 motions. The court shall make itself available, however, to resolve through a telephone conference, disputes that arise during the course of a deposition and disputes related to entry of a protective order.

(i) The parties have conferred and have reached a separate agreement on how to conduct electronic discovery consistent with the Federal Rules of Civil Procedure.

3. **Joinder of other Parties, Amendment of Pleadings, and Class Certification.** All motions to join other parties, amend the pleadings, and certify a class action shall be filed on or before December 15, 2007.

4. **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to Magistrate Judge Thynge for the purposes of exploring ADR.

5.     **Summary Judgment Motions.** All summary judgment motions shall be served and filed with an opening brief on or before September 8, 2008. Response briefs shall be filed no later than October 8, 2008. Any reply shall be filed no later than October 22, 2008. In all other respects, briefing shall be pursuant to D. Del. LR 7.1.2. No summary judgment motion may be filed more than **ten (10)** days from the above date without leave of the court.

6.     **Applications by Motion.** Any application to the court shall be by written motion filed with the clerk. Unless otherwise requested by the court, counsel shall not deliver copies of papers or correspondence to chambers. **Any non-dispositive motion shall contain the statement required by D. Del. LR 7.1.1.**

7.     **Motions in Limine.** All motions *in limine* shall be filed on or before January 6, 2009. All responses to said motions shall be filed on or before January 13, 2009.

8.     **Pretrial Conference.** A pretrial conference will be held on January 20, 2009 at 4:30 p.m. in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

9.     **Trial.** This matter is scheduled for a 10 day jury trial commencing on February 9, 2009, in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

_____
United States District Judge