IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALCOA INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ALCAN ROLLED PRODUCTS-RAVENSWOOD LLC, ) | |
| f/k/a PECHINEY ROLLED PRODUCTS, LLC, ) | |
| PECHINEY CAST PLATE, INC., and CENTURY ) | C.A. No. 06-451-SLR |
| ALUMINUM COMPANY, ) | |
| ) | **TRIAL BY JURY** |
| Defendants. ) | **DEMANDED** |
| ALCAN ROLLED PRODUCTS-RAVENSWOOD LLC, ) | |
| f/k/a PECHINEY ROLLED PRODUCTS, LLC, and ) | |
| PECHINEY CAST PLATE, INC., ) | |
| ) | |
| Counter-Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| ALCOA, INC. and CENTURY ALUMINUM COMPANY,) | |
| ) | |
| Counter-Defendants ) | |
| ) | |
| CENTURY ALUMINUM COMPANY, ) | |
| ) | |
| Counterclaim and Cross-Claim Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ALCOA, INC., ) | |
| ) | |
| Counterclaim Defendant, ) | |
| ) | |
| and ) | |
| ) | |
| ALCAN ROLLED PRODUCTS-RAVENSWOOD LLC, ) | |
| f/k/a PECHINEY ROLLED PRODUCTS, LLC, and ) | |
| PECHINEY CAST PLATE, INC., ) | |
| ) | |
| Cross-Claim and Counterclaim Defendants. ) | |

**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS OF CENTURY ALUMINUM COMPANY TO ALCAN ROLLED PRODUCTS-RAVENSWOOD LLC AND PECHINEY CAST PLATE INC.'S CROSS-COMPLAINT**

Century Aluminum Company, by and through its undersigned counsel, answers the allegations in Alcan Rolled Products-Ravenswood LLC and Pechiney Cast Plate, Inc.'s Cross-Complaint as follows:

**NATURE OF ACTION**

1. Century Aluminum Company ("Century") admits that Alcoa, Inc. ("Alcoa") owned and operated a cast aluminum plate manufacturing and sales facility located in Vernon, California ("Vernon Facility"). Century further admits that Alcan Rolled Products-Ravenswood LLC ("Alcan Rolled Products"), formerly known as Pechiney Rolled Products LLP ("Pechiney Rolled Products"), and Pechiney Cast Plate, Inc. ("Pechiney Cast Plate") (hereinafter collectively referred to as the "Alcan Cross-Plaintiffs") seek to recover from Alcoa costs associated with the Alcan Cross-Plaintiffs' remediation of hazardous substances that were released and/or disposed of at the Vernon Facility during the time when Alcoa owned and/or controlled the work being conducted at the Vernon Facility. Except as expressly admitted, Century denies the remaining allegations in Paragraph 1.

2. Century admits that the Alcan Cross-Plaintiffs have purported to assert certain counterclaims against Alcoa, including a cost recovery claim under § 107 of the Comprehensive Environmental Response, Compensation and Liability Act, ("CERCLA"), 42 U.S.C. § 9607, a contribution claim under the Hazardous Substances Account Act, California Health & Safety Code § 25363(e), and various common law claims. Except as expressly admitted, Century denies the remaining allegations in Paragraph 2.

3. Century admits that Century and Pechiney Rolled Products entered into a Stock and Asset Purchase Agreement dated July 26, 1999 ("Stock and Asset Purchase Agreement"), and a separate indemnification agreement dated September 20, 1999 ("Vernon Indemnification Agreement"), that these agreements contain certain indemnification provisions, and that the Alcan Cross-Plaintiffs have purported to bring certain cross-claims against Century with respect to these indemnification provisions. Except as expressly admitted, Century denies the remaining allegations contained in Paragraph 3 on the grounds that Cross-Plaintiffs fail to set forth the complete terms of the agreements, which speak for themselves.

## **THE PARTIES**

4. Century admits that Alcoa is a corporation organized and existing under the laws of the State of Pennsylvania. Except as expressly admitted, Century lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 4 of the Cross-Complaint, and therefore denies them.

5. Century admits that Alcan Rolled Products is a limited liability company organized and existing under the laws of the State of Delaware. Except as expressly admitted, Century lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 5 of the Cross-Complaint, and therefore denies them.

6. Century admits that Pechiney Cast Plate is a corporation organized and existing under the laws of the State of Delaware. Except as expressly admitted, Century lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 6 of the Cross-Complaint, and therefore denies them.

7. Century admits the allegations of Paragraph 7.

## JURISDICTION AND VENUE

8. The allegations contained in Paragraph 8 constitute legal conclusions which do not require a response. To the extent a response is required, Century denies the allegations in Paragraph 8.

9. The allegations contained in Paragraph 9 constitute legal conclusions which do not require a response. To the extent a response is required, Century denies the allegations in Paragraph 9.

10. The allegations contained in Paragraph 10 constitute legal conclusions which do not require a response. To the extent a response is required, Century denies the allegations in Paragraph 10.

## FACTS

11. Century admits that Alcoa owned and operated the Vernon Facility as an aluminum cast plate and manufacturing plant and sales office from 1937 until 1998. Century further admits that on December 22, 1998, Alcoa agreed to sell the Vernon Facility to Century pursuant to an acquisition agreement ("Century Acquisition Agreement"). Except as expressly admitted, Century denies the remaining allegations in Paragraph 11.

12. Century admits the allegations of Paragraph 12.

13. Century admits the allegations of Paragraph 13.

14. Century admits the allegations of Paragraph 14.

15. Century admits the allegations of Paragraph 15.

16. Century lacks sufficient information to admit or deny the allegations contained in Paragraph 16, and therefore denies them.

17.     Century lacks sufficient information to admit or deny the allegations contained in Paragraph 17, and therefore denies them.

18.     Century lacks sufficient information to admit or deny the allegations contained in Paragraph 18, and therefore denies them.

19.     Century lacks sufficient information to admit or deny the allegations contained in Paragraph 19, and therefore denies them.

20.     Century admits the allegations of Paragraph 20.

21.     Century admits that the Alcan Cross-Plaintiffs are subject to an order or directive of the City of Vernon in respect of investigations and remedial activities that the Alcan Cross-Plaintiffs contend they are performing at the Vernon Facility. Century lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 21 of the Cross-Complaint, and therefore denies them.

22.     Century admits that, on March 28, 2006, the City of Vernon Environmental Health Department sent Alcan Rolled Products a letter ordering Alcan Rolled Products to perform specified activities in respect of contamination at the Vernon Facility. Century lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 22 of the Cross-Complaint, and therefore denies them.

23.     Century admits that on July 26, 2006, the City of Vernon Environmental Health Department issued an order to Pechiney Cast Plate directing such entity to perform investigations and remedial activities specified in such order.

24.     Century lacks sufficient information to admit or deny the allegations contained in Paragraph 24 of the Cross-Complaint, and therefore denies them.

25. Century lacks sufficient information to admit or deny the allegations contained in Paragraph 25 of the Cross-Complaint, but admits that, if the California Department of Toxic Substances Control has required approval and implementation of a Remedial Action Plan for the Vernon Facility, such requirements would constitute an order or directive of a governmental agency to investigate and/or remediate the site in connection with contamination that occurred during Alcoa's ownership and operation of the Vernon Facility.

### FIRST COUNTERCLAIM AGAINST ALCOA

The allegations contained in Paragraphs 26-35 constitute allegations asserted against Alcoa only, and therefore do not require a response. To the extent a response is required, Century denies each and every allegation in Paragraphs 26-35.

### SECOND COUNTERCLAIM AGAINST ALCOA

The allegations contained in Paragraphs 36-44 are asserted against Alcoa only, and therefore do not require a response. To the extent a response is required, Century denies each and every allegation in Paragraphs 36-44.

### THIRD COUNTERCLAIM AGAINST ALCOA

The allegations contained in Paragraphs 45-46 are asserted against Alcoa only, and therefore do not require a response. To the extent a response is required, Century denies each and every allegation in Paragraphs 45-46.

### FOURTH COUNTERCLAIM AGAINST ALCOA

The allegations contained in Paragraphs 47-52 are asserted against Alcoa only, and therefore do not require a response. To the extent a response is required, Century denies each and every allegation in Paragraphs 47-52.

### FIFTH COUNTERCLAIM AGAINST ALCOA

The allegations contained in Paragraphs 53-56 are asserted against Alcoa only, and therefore do not require a response. To the extent a response is required, Century denies each and every allegation in Paragraphs 53-56.

### SIXTH COUNTERCLAIM AGAINST ALCOA

The allegations contained in Paragraphs 57-61 are asserted against Alcoa only, and therefore do not require a response. To the extent a response is required, Century denies each and every allegation in Paragraphs 57-61.

### RESPONSE TO FIRST CROSS-CLAIM AGAINST CENTURY

62. Century hereby incorporates its responses to the allegations contained in Paragraphs 1-61 of the Cross-Complaint as if fully rewritten herein.

63. Century admits the allegations of Paragraph 63.

64. Century lacks sufficient information to admit or deny the allegations contained in Paragraph 64 of the Cross-Complaint, and therefore denies them.

65. Century admits that Century and Pechiney Rolled Products entered into a Stock and Asset Purchase Agreement pursuant to which, *inter alia*, Century transferred the Vernon Facility to Pechiney Rolled Products, and that the agreement contained certain indemnification provisions. Except as expressly admitted, Century denies the remaining allegations contained in Paragraph 65 on the grounds that Cross-Plaintiffs fail to set forth the complete terms of the Agreement, which speaks for itself.

66. Century admits that, *inter alia*, the Stock and Asset Purchase Agreement contained certain indemnification provisions relating to PCB contamination existing at the Vernon Facility on or before the date Pechiney Rolled Products acquired the Vernon Facility "in

each case requiring investigation or remediation or other action under applicable Environmental Law." Except as expressly admitted, Century denies the remaining allegations in Paragraph 66 on the grounds that Cross-Plaintiffs fail to set forth the complete terms of the Agreement, which speaks for itself.

      67.     Century admits that, *inter alia*, the Stock and Asset Purchase Agreement contained certain limited representations and warranties relating to PCB contamination existing at the Vernon Facility on or before the date Pechiney Rolled Products acquired the Vernon Facility. Except as expressly admitted, Century denies the remaining allegations contained in Paragraph 67 on the grounds that Cross-Plaintiffs fail to set forth the complete terms of the Agreement, which speaks for itself.

      68.     Century admits the allegations of Paragraph 68 to the extent such allegations relate to the period of time associated with Alcoa's ownership and/or operation of the Vernon Facility, but denies such allegations to the extent they relate to the period of time associated with Century's ownership and/or operation of the Vernon Facility.

      69.     Century denies the allegations of Paragraph 69.

      70.     Century admits that Century received two letters from the Alcan Cross-Plaintiffs, dated April 17, 2006, in which the Alcan Cross-Plaintiffs purported to assert claims against Century for indemnity under the Stock and Asset Purchase Agreement. Except as expressly admitted, Century denies the remaining allegations in Paragraph 70.

## RESPONSE TO SECOND CROSS-CLAIM AGAINST CENTURY

      71.     Century hereby incorporates its responses to the allegations contained in Paragraphs 1-70 of the Cross-Complaint as if fully rewritten herein.

72.   Century admits that Century and Pechiney Rolled Products entered into the Vernon Indemnification Agreement on September 20, 1999.  Except as expressly admitted, Century denies the remaining allegations contained in Paragraph 72 on the grounds that Plaintiff fails to set forth the complete terms of the Agreement, which speaks for itself.

73.   Century admits the allegations of Paragraph 73.

74.   Century admits that on July 26, 2006, the City of Vernon Health Department issued an order to Pechiney Cast Plate mandating the cleanup at the Facility (the "Order") and that the Order required Pechiney Cast Plate to performs certain environmental cleanup actions at the Vernon Facility.  Except as expressly admitted, Century denies the remaining allegations contained in Paragraph 74.

75.   Century lacks sufficient information to admit or deny the allegations contained in Paragraph 75 of the Cross-Complaint, and therefore denies them.

76.   Century admits that Century received two letters from the Alcan Cross-Plaintiffs, dated April 17, 2006, in which the Alcan Cross-Plaintiffs purported to assert claims against Century for indemnity under the Vernon Indemnification Agreement.  Except as expressly admitted, Century denies the remaining allegations in Paragraph 76.

77.   In response to the Alcan Cross-Plaintiffs' prayer for relief, Century denies that the Alcan Cross-Plaintiffs are entitled to any of the relief sought in the Cross-Complaint, and Century requests that the Cross-Complaint be dismissed.

78.   Century denies all allegations of the Cross-Complaint not expressly responded to herein.

## AFFIRMATIVE DEFENSES

For its affirmative defenses, Century alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

Cross-Plaintiffs' claims are barred because they fail to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Cross-Plaintiffs' claims are barred by contractual limitations or the applicable statutes of limitation.

## THIRD AFFIRMATIVE DEFENSE

Cross-Plaintiffs' claims are barred due to a lack of ripeness of dispute.

## FOURTH AFFIRMATIVE DEFENSE

Cross-Plaintiffs' claims are barred by the doctrine of estoppel.

## FIFTH AFFIRMATIVE DEFENSE

Cross-Plaintiffs' claims are barred by bad faith and the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

Cross-Plaintiffs' claims are barred to the extent that Cross-Plaintiffs failed to comply with applicable laws and regulations.

## SEVENTH AFFIRMATIVE DEFENSE

Cross-Plaintiffs' claims are barred to the extent that Cross-Plaintiffs (i) failed to mitigate costs, damages and losses, (ii) assert recovery for development-related costs, or (iii) caused, contributed or exacerbated contamination at the Vernon Facility.

### EIGHTH AFFIRMATIVE DEFENSE

Century asserts all other defenses that are, or that may become, available to it under Rules 8(c) and 12(b) of the Federal Rules of Civil Procedure.

### NINTH AFFIRMATIVE DEFENSE

Century reserves the right to amend its Answer to supplement the affirmative defenses stated herein if, in the course of discovery, further affirmative defenses are revealed.

WHEREFORE, Century respectfully prays that all relief sought herein by the Alcan Cross-Plaintiffs be denied and such claims be dismissed with prejudice; that Century be awarded its costs, including reasonable attorneys' fees, in defending against this action; and for other such relief as the Court may deem proper.

### COUNTERCLAIMS FOR DECLARATORY RELIEF AGAINST ALCAN CROSS-PLAINTIFFS

Century hereby incorporates, as counterclaims against the Alcan Cross-Plaintiffs, Century's cross-claims for declaratory relief against the Alcan Cross-Plaintiffs, as set forth in the Answer, Affirmative Defenses, Counterclaims and Cross-claims of Century Aluminum Company to Alcoa Inc.'s Complaint for Declaratory Judgment, filed on July 31, 2007.

### PRAYER FOR RELIEF

WHEREFORE, Century prays for judgment against the Alcan Cross-Plaintiffs as follows:

A.   For the entry of a declaratory judgment against the Alcan Cross-Plaintiffs holding that Century has no liability to the Alcan Cross-Plaintiffs under the Stock and Asset Purchase Agreement, or under CERCLA and its state law counterparts, for the costs of the Alcan Cross-Plaintiffs' development and other activities at the Vernon Facility;

  B. For the entry of a declaratory judgment against the Alcan Cross-Plaintiffs holding that Century has no liability to the Alcan Cross-Plaintiffs under the Vernon Indemnification Agreement, or under CERCLA and its state law counterparts, for the costs of the Alcan Cross-Plaintiffs' development and other activities at the Vernon Facility;

  C. For the costs and expenses of this litigation, including all reasonable attorneys' fees and expert witness fees; and

  D. For such other relief as this Court deems just and proper.

## DEMAND FOR A JURY TRIAL

Century hereby demands a trial by jury on all issues so triable.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____/s/ Christian Douglas Wright_____
Christian Douglas Wright (No. 3554)
Mary F. Dugan (No. 4704)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391
(302) 571-6600
cwright@ycst.com
mdugan@ycst.com

OF COUNSEL:

LATHAM & WATKINS LLP
Robert M. Howard
James R. Barrett
Mark A. Miller
Robyn L. Ginsberg
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
(202) 637-2200

Dated:  August 13, 2007   *Attorneys for Century Aluminum Company*