## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ALCOA INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 06-451-SLR |
| v. | ) | |
| ALCAN INC., ALCAN ROLLED | ) | |
| PRODUCTS-RAVENSWOOD LLC, f/k/a | ) | **DEMAND FOR JURY TRIAL** |
| PECHINEY ROLLED PRODUCTS, LLC, | ) | |
| PECHINEY CAST PLATE, INC., and | ) | |
| CENTURY ALUMINUM COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

### ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
### OF ALCOA INC. TO ALCAN DEFENDANTS'
### COUNTERCLAIMS AND CROSS-CLAIMS

Plaintiff Alcoa Inc. hereby submits its Answer, Affirmative Defenses and Counterclaims to the Counterclaims and Cross-Claims of Defendants Alcan Rolled Products-Ravenswood LLC and Pechiney Cast Plate, Inc. (the "Alcan Defendants").

### NATURE OF ACTION

1.     The first and second clauses of the first sentence of Paragraph 1 present conclusory legal assertions to which no response is required from Alcoa. Based on information and belief, Alcoa denies the third and fourth clauses of Paragraph 1, but admits that Alcoa Inc. owned and operated the aluminum cast plate manufacturing and sales facility located in Vernon, California, that is the subject of this action for more than 60 years.

2.     No response to Paragraph 2 is required from Alcoa as this paragraph serves only to summarize the Alcan Defendants' counterclaims in this action. To the extent any response from Alcoa is required, Paragraph 2 is denied.

3.    No response to Paragraph 3 is required from Alcoa as this paragraph serves only to summarize the Alcan Defendants' counterclaims in this action.  To the extent any response from Alcoa is required, Paragraph 3 is denied.

### THE PARTIES

4.    Paragraph 4 is admitted.

5.    Based on information and belief, Paragraph 5 is admitted.

6.    Based on information and belief, Paragraph 6 is admitted.

7.    Based on information and belief, Paragraph 7 is admitted.

### JURISDICTION AND VENUE

8.    Based on information and belief, Paragraph 8 is admitted.

9.    Based on information and belief, Paragraph 9 is admitted.

10.    Based on information and belief, Paragraph 10 is admitted.

### FACTS

11.    Based on information and belief, Paragraph 11 is admitted.

12.    Regarding the allegations contained in Paragraph 12, Alcoa admits using various chemicals in connection with its operations on the Vernon, California site that forms the subject matter for this action.   These chemicals include polychlorinated biphenyls ("PCBs"), trichloroethene ("TCE"), and Stoddard Solvent.   Alcoa explicitly denies the remaining allegations contained in Paragraph 12.

13.    Regarding the allegations contained in Paragraph 13, Alcoa admits that Section 10.03(c) of the Acquisition Agreement between Alcoa and Century Aluminum Company, dated December 22, 1998, lists environmental issues present on the site at the time it was sold by Alcoa that Alcoa agreed to remediate.   To the extent the Alcan Defendants' allegations in

Paragraph 13 are not encompassed by the list of environmental issues identified in Section 10.03(c) of the Acquisition Agreement, such allegations are denied.

14.    Based on information and belief, Paragraph 14 is admitted to the extent that Stoddard Solvent and PCBs were identified as set forth in the Century Acquisition Agreement. However, Alcoa further states that, as a condition of the sale of the Facility to Century, Alcoa performed an appropriate environmental remediation of the Facility in the context of the ongoing operations of the cast plate manufacturing facility. Alcoa completed the remediation of the Facility required under the Century Acquisition Agreement and obtained No Further Action letters from the appropriate regulatory authority. To the extent Paragraph 14 alleges anything other than the foregoing, such allegations are denied.

15.    Based on information and belief, Paragraph 15 is admitted.

16.    Based on information and belief, Paragraph 16 is admitted.

17.    Based on information and belief, Paragraph 17 is admitted.

18.    Alcoa is without knowledge or information sufficient as to form a belief as to the truth or falsity of the allegations contained in Paragraph 18. As such, the allegations contained in this paragraph are denied.

19.    Alcoa is without knowledge or information sufficient as to form a belief as to the truth or falsity of the allegations contained in Paragraph 19. As such, the allegations contained in this paragraph are denied.

20.    Based on information and belief, Paragraph 20 is denied. The delegation to the City of Vernon pursuant to Cal. Health & Safety Code Chapter 6.11 speaks for itself. Further, as Paragraph 20 provides a legal conclusion, no response is required from Alcoa.

RLF1-3188631-1

21.    Alcoa is without knowledge or information sufficient as to form a belief as to the truth or falsity of the allegations contained in Paragraph 21. As such, the allegations contained in this paragraph are denied.

22.    Regarding the allegations contained in Paragraph 22, Alcoa is in possession of a letter dated March 28, 2006, from Lewis J. Pozzebon of the City of Vernon, California, Environmental Health Department to Pechiney Cast Plate, Inc. This document speaks for itself. Finally, based on information and belief, Alcoa admits that Geomatrix is an environmental consultant that Alcan Defendants have retained to conduct an environmental investigation and assessment on their behalf.

23.    Regarding the allegations contained in Paragraph 23, Alcoa is in possession of a letter dated July 26, 2006, from Lewis J. Pozzebon of the City of Vernon, California, Environmental Health Department to Pechiney Cast Plate, Inc. This document speaks for itself.

24.    Alcoa is without knowledge or information sufficient as to form a belief as to the truth or falsity of the allegations contained in Paragraph 24. As such, the allegations contained in this paragraph are denied.

25.    Alcoa is without knowledge or information sufficient as to form a belief as to the truth or falsity of the allegations contained in Paragraph 25. As such, the allegations contained in this paragraph are denied.

## RESPONSE TO FIRST COUNTERCLAIM AGAINST ALCOA
### (Cost Recovery under CERCLA § 107(a))

26.    Alcoa hereby incorporates by reference its responses to Paragraphs 1 through 25 of the Alcan Defendants' Counterclaims as if set forth verbatim herein.

27.    Paragraph 27 presents conclusory legal assertions, to which no response is required from Alcoa.

4

28.   Paragraph 28 is admitted

29.   Paragraph 29 is admitted.

30.   Paragraph 30 presents a conclusory legal assertion, to which no response is required from Alcoa.

31.   Paragraph 31 is admitted.

32.   Paragraph 32 is explicitly denied.

33.   Paragraph 33 is explicitly denied.

34.   Paragraph 34 is explicitly denied.

35.   Paragraph 35 is explicitly denied.

## RESPONSE TO SECOND COUNTERCLAIM AGAINST ALCOA
### (Contribution under the HSAA)

36.   Alcoa hereby incorporates by reference its responses to Paragraphs 1 through 35 of the Alcan Defendants' Counterclaims as if set forth verbatim herein.

37.   Paragraph 37 presents conclusory legal assertions, to which no response is required from Alcoa.

38.   Paragraph 38 is admitted.

39.   Paragraph 39 is admitted.

40.   Paragraph 40 is admitted.

41.   Paragraph 41 is explicitly denied.

42.   Paragraph 42 is explicitly denied.

43.   Paragraph 43 is explicitly denied.

44.   Paragraph 44 is explicitly denied.

## RESPONSE TO THIRD COUNTERCLAIM AGAINST ALCOA
### (Equitable Indemnity)

45.    Alcoa hereby incorporates by reference its responses to Paragraphs 1 through 44 of the Alcan Defendants' Counterclaims as if set forth verbatim herein.

46.    Paragraph 46 is explicitly denied.

## RESPONSE TO FOURTH COUNTERCLAIM AGAINST ALCOA
### (Nuisance)

47.    Alcoa hereby incorporates by reference its responses to Paragraphs 1 through 46 of the Alcan Defendants' Counterclaims as if set forth verbatim herein.

48.    Paragraph 48 is explicitly denied.

49.    Regarding the allegations contained in Paragraph 49, Alcoa admits that it formerly owned and operated the Vernon, California site that forms the subject matter for this action.  The remaining allegations in this Paragraph are explicitly denied.

50.    Paragraph 50 is explicitly denied.

51.    Paragraph 51 is explicitly denied.

52.    Paragraph 52 is explicitly denied.

## RESPONSE TO FIFTH COUNTERCLAIM AGAINST ALCOA
### (Negligence)

53.    Alcoa hereby incorporates by reference its responses to Paragraphs 1 through 52 of the Alcan Defendants' Counterclaims as if set forth verbatim herein.

54.    Regarding the allegations contained in Paragraph 54, Alcoa admits that it formerly owned and operated the Vernon, California site that forms the subject matter for this action.  The remaining allegations in this Paragraph are explicitly denied.

55.    Paragraph 55 is explicitly denied.

56.    Paragraph 56 is explicitly denied.

RLF1-3188631-1

**RESPONSE TO SIXTH COUNTERCLAIM AGAINST ALCOA**
**(Trespass)**

57.     Alcoa hereby incorporates by reference its responses to Paragraphs 1 through 56 of the Alcan Defendants' Counterclaims as if set forth verbatim herein.

58.     Paragraph 58 is explicitly denied.

59.     Paragraph 59 is explicitly denied.

60.     Regarding the allegations contained in Paragraph 60, Alcoa admits that certain of the Alcan Counter-Plaintiffs have a possessory interest in the site.   The remainder of the allegations in this Paragraph are explicitly denied.

61.     Paragraph 61 is explicitly denied.

**RESPONSE TO FIRST AND SECOND**
**CROSS-CLAIMS AGAINST CENTURY**
**(Indemnification under the Pechiney Purchase Agreement and Vernon Purchase**
**Agreement)**

62.     Paragraph 62 is not directed at Alcoa.  As such, no response is required.

63.     Paragraph 63 is not directed at Alcoa.  As such, no response is required.

64.     Paragraph 64 is not directed at Alcoa.  As such, no response is required.

65.     Paragraph 65 is not directed at Alcoa.  As such, no response is required.

66.     Paragraph 66 is not directed at Alcoa.  As such, no response is required.

67.     Paragraph 67 is not directed at Alcoa.  As such, no response is required.

68.     Paragraph 68 is not directed at Alcoa.  As such, no response is required.

69.     Paragraph 69 is not directed at Alcoa.  As such, no response is required.

70.     Paragraph 70 is not directed at Alcoa.  As such, no response is required.

71.     Paragraph 71 is not directed at Alcoa.  As such, no response is required.

72.     Paragraph 72 is not directed at Alcoa.  As such, no response is required.

73.    Paragraph 73 is not directed at Alcoa. As such, no response is required.

74.    Paragraph 74 is not directed at Alcoa. As such, no response is required.

75.    Paragraph 75 is not directed at Alcoa. As such, no response is required.

76.    Paragraph 76 is not directed at Alcoa. As such, no response is required.

## AFFIRMATIVE DEFENSES

77.    Alcoa asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1.    The Alcan Defendants' counterclaims fail to state a claim in whole or in part against Alcoa upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Act of Third Party)

2.    Alcoa alleges that it is not liable to the Alcan Defendants because the release or threat of release of a hazardous substance and the damages resulting therefrom are subsequent to Alcoa's remediation of the site and were caused solely by an act or omission of a third party, pursuant to CERCLA § 107(b)(3), 42 U.S.C. § 9607(b)(3).

### THIRD AFFIRMATIVE DEFENSE
### (Equitable Allocation)

3.    The Alcan Defendants cannot recover from Alcoa more than Alcoa's fair, equitable and proportionate share of the costs, damages, expenses and other relief that the Alcan Defendants seek.

RLF1-3188631-1

## FOURTH AFFIRMATIVE DEFENSE
### (*De Minimus* Harm)

4.      Insofar as hazardous substances from Alcoa are present at the Facility, the amount

of, and/or the harm or relief attributable to, such hazardous substances was and is *de minimus* so

long as operations at the Facility continued to function as a cast plate business.

## FIFTH AFFIRMATIVE DEFENSE
### (Divisibility of Harm)

5.      Alcoa is not liable, jointly and severally or otherwise, for any releases, harms, or

costs that are divisible from any releases, harms, or costs attributable to the Alcan Defendants.

## SIXTH AFFIRMATIVE DEFENSE
### (Cause)

6.      No act or omission of Alcoa or of any person or entity for whom Alcoa may be

responsible was the legal cause of any release, threatened release, or any injuries or costs for

which damages or other relief is sought in this action.

## SEVENTH AFFIRMATIVE DEFENSE
### (Proximate Cause)

7.      No act or omission of Alcoa or of any person or entity for whom Alcoa may be

responsible was the proximate cause of any release, threatened release, or any injuries or costs

for which damages or other relief is sought in this action.

## EIGHTH AFFIRMATIVE DEFENSE
### (Independent, Intervening, and/or Superseding Cause)

8.      No act or omission of Alcoa was a substantial factor in bringing about any alleged

injuries or damages, or was a contributing cause thereof.  Any losses or damages for which

damages or other relief is sought in this action were the result of independent, intervening, or

superseding forces and/or actions or omissions of third parties over which Alcoa had no control,

in which Alcoa did not in any way participate, and for which Alcoa is not liable.

9

## NINTH AFFIRMATIVE DEFENSE
### (Contributory and Comparative Negligence)

9.      Any and all injury or damages were caused, in whole or in part, by the negligence, carelessness, lack of due care, fault, and/or failure to execute legal responsibilities of the Alcan Defendants and/or their predecessors in interest, agents, employees, contractors, departments, instrumentalities, tenants and/or third parties.    Accordingly, the Counterclaims and Cross-Claims, and each claim therein, is barred, in whole or in part, by the Alcan Defendants' and/or third parties' contributory or comparative faults.

## TENTH AFFIRMATIVE DEFENSE
### (Due Care)

10.      Alcoa is not liable to the Alcan Defendants because Alcoa acted reasonably and with due care and in accordance with applicable statutes, regulations, ordinances, and/or other laws.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Equitable Defenses)

11.      The Alcan Defendants' counterclaims are barred, in whole or in part, by the doctrines of waiver, estoppel, and unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

12.      The Alcan Defendants' counterclaims are barred, in whole or in part, by the Alcan Defendants' failure to mitigate or avoid any of the alleged costs, damages, fees and/or expenses that they allege have been or will be incurred.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Set-Off)

13.      Alcoa is entitled to an offset against any liability for the greater of (1) any money the Alcan Defendants were paid by the City of Vernon regarding the sale of the Facility

10

effectively used for site redevelopment, or (2) the equitable share of the liability of any person or entity that has received or hereafter receives a release from liability or a covenant not to sue with respect to any of the injuries, costs and damages alleged in the Alcan Defendants' counterclaims.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Contribution or Indemnity)

14.     Alcoa is entitled to contribution or indemnity from the Alcan Defendants or any other party pursuant to CERCLA, HSAA and common law, and such contribution or indemnity would offset or eliminate any liability of Alcoa.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Aggravation of Harm)

15.     The Alcan Defendants have caused any release or threatened release of any hazardous substances on the site or otherwise have aggravated the alleged harm or threat of exposure to any hazardous substances on the site.  Any recovery by the Alcan Defendants for such harm should be barred or reduced accordingly.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Reservation of Rights)

16.     The Alcan Defendants' counterclaims do not describe its claims or events with sufficient particularity to allow Alcoa to ascertain what other affirmative defenses may exist, and Alcoa therefore reserves the right to assert all affirmative defenses which may pertain to the counterclaims once the precise nature of the claims is ascertained.  Alcoa also reserves the right to assert all other defenses that arise in discovery, at trial or otherwise.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Reliance upon Other Parties' Defenses)

17.     All affirmative defenses raised by any other party, to the extent applicable to Alcoa, are incorporated by reference as if fully set forth herein.

WHEREFORE, Alcoa respectfully requests that this Court enter judgment in its favor, dismissing the Alcan Defendants' counterclaims and awarding Alcoa's attorneys' fees, costs and such other relief as this Court deems just and proper.

## COUNTERCLAIMS

Alcoa hereby submits these Counterclaims against the Alcan Defendants and alleges as follows:

1.     Pursuant to Rule 13 of the Federal Rules of Civil Procedure, and for its Counterclaims against the Alcan Defendants, Alcoa seeks contribution and restitution for costs incurred to remediate the hazardous substances found in soil, subsurface structures and groundwater at the cast aluminum plate manufacturing and sales facility located in Vernon, California, which Alcoa sold to Century Aluminum Company on December 22, 1998.

## The Parties

2.     Alcoa is a "person" as defined in CERCLA § 101(21), 42 U.S.C. § 9601(21).

3.     Defendant Alcan Rolled Products--Ravenswood LLC, formerly known as Pechiney Rolled Products, LLC ("Alcan Rolled Products") is a Delaware limited liability company with its principal place of business at Century Road, P.O. Box 68, Ravenswood, West Virginia, 26164. Alcan Rolled Products is a "person" as defined in CERCLA § 101(21), 42 U.S.C. § 9601(21). Alcan Rolled Products was one of the "owners" and "operators" of the Site at the time of the disposal of hazardous substance within the meaning of CERCLA §§ 101(20) and 107(a)(1)-(2), 42 U.S.C. §§ 9601(20) and 9607(a)(1)-(2).

4.     Defendant Pechiney Cast Plate, Inc. ("Pechiney Cast Plate") is a Delaware corporation and is a wholly-owned subsidiary of Alcan Rolled Products. Pechiney Cast Plate operated the Vernon site until approximately January 31, 2006. Pechiney Cast Plate and Alcan Rolled Products are collectively referred to as "Alcan Defendants."

12

5.    Both Pechiney Cast Plate and Alcan Rolled Products are "persons" as defined in CERCLA § 101(21), 42 U.S.C. § 9601(21). Pechiney Cast Plate is the current "owner" and "operator" of the Site and the "owner" and "operator" of the Site at the time of the disposal of hazardous substance within the meaning of CERCLA §§ 101(20) and 107(a)(1)-(2), 42 U.S.C. §§ 9601(20) and 9607(a)(1)-(2).

### Ownership of the Site

6.    Prior to December 1998, Alcoa owned and operated an aluminum cast plate manufacturing and sales facility located in Vernon, California (the facility and the real property upon which the facility is located is hereinafter referred to as the "Facility"). In December 1998, Alcoa sold the Facility to Century Aluminum Corporation, which in turn sold the Facility to an entity related to Alcan Defendants on or about July 26, 1999.

7.    The Facility is located at 3200 Fruitland Avenue, Vernon, California.

### Operation of the Site

8.    Since the time the Facility was constructed by Alcoa in the 1930s until 2006, the primary use of the Facility has been production and sale of aluminum cast plate.

### Response Actions at the Site by Alcoa

9.    Pursuant to Section 10.03(c) of the Acquisition Agreement between Alcoa and Century, Alcoa agreed to perform certain specified remedial actions.

10.   Alcoa completed the specified tasks and provided to Century documentation of such completion, including a "No Further Action" letter obtained from the City of Vernon Environmental Health Department ("Vernon EHD") dated September 2, 1999.

11.   At the time of the closing of the Acquisition Agreement between Alcoa and Century, the Facility was in compliance with all environmental regulations.

13

12.    The Alcan Defendants have alleged that the Site is a "facility" within the meaning of CERCLA § 101(9), 42 U.S.C. § 9601(9).

13.    The Alcan Defendants have alleged that "hazardous substances" within the meaning of CERCLA § 101(14), 42 U.S.C. § 9601(14) are present in the soil, subsurface structures and/or groundwater at the Site.

14.    The Alcan Defendants have alleged that a "release" or "threat of release" of hazardous substances from the Site has occurred all within the meaning of CERCLA § 101(22), 42 U.S.C. § 9601(22).

**JURISDICTION AND VENUE**

15.    Alcoa's counterclaims against the Alcan Defendants arise in part under CERCLA, a federal statute, and jurisdiction therefore exists under 28 U.S.C. § 1331. Jurisdiction also exists under 28 U.S.C. § 1332, as there is complete diversity of citizenship between Alcoa and the Alcan Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

16.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

**FIRST COUNTERCLAIM AGAINST ALCAN DEFENDANTS**
**(CERCLA § 113(f) Contribution)**

17.    Alcoa repeats and realleges paragraphs 1 through 16 above as if fully set forth herein.

18.    Alcoa denies and, at all times relevant to this matter, has denied that it has liability under CERCLA § 107(a), 42 U.S.C. § 9607(a), for costs or damages due to releases at or from the Site. Nevertheless, if Alcoa is found, according to proof in this action, to have any CERCLA liability with respect to the Site, it is jointly liable with the Alcan Defendants.

14

19.    Pursuant to CERCLA § 113(f)(1), 42 U.S.C. § 9613(f)(1), Alcoa is entitled to contribution from any other person who is liable under CERCLA § 107(a), 42 U.S.C. § 9607(a), for response costs that are incurred at the Site.

20.    The Alcan Defendants are persons who are liable for response costs and damages under CERCLA § 107(a), 42 U.S.C. § 9607(a).

21.    An actual, substantial and justiciable controversy exists between Alcoa, on the one hand, and the Alcan Defendants, on the other hand, regarding the liabilities of each of the Alcan Defendants for such contribution of response costs as Alcoa has incurred and may incur to respond to the release and threatened release of hazardous substances at the Site.

22.    The Alcan Defendants are liable for their contribution share of the response costs incurred and to be incurred at the Site, in accordance with CERCLA § 113(f)(1), 42 U.S.C. § 9613(f)(1).

### SECOND COUNTERCLAIM AGAINST ALCAN DEFENDANTS
### (HSAA § 25363 Contribution)

23.    Alcoa repeats and realleges paragraphs 1 through 22 above as if fully set forth herein.

24.    Alcoa denies and, at all times relevant to this matter, has denied that it has liability under HSAA § 25323.5 for costs or damages due to releases at or from the Site. Nevertheless, if Alcoa is found, according to proof in this action, to have any HSAA liability with respect to the Site, it is jointly liable with the Alcan Defendants.

25.    Pursuant to HSAA § 25363(e), Alcoa is entitled to contribution or indemnification from any other person who is liable under HSAA § 25323.5 for response costs that are incurred at the Site.

26.    The Alcan Defendants are persons who are liable for response costs and damages under HSAA § 25323.5.

27.    An actual, substantial and justiciable controversy exists between Alcoa, on the one hand, and the Alcan Defendants, on the other hand, regarding the liabilities of each of the Alcan Defendants for such contribution of response costs as Alcoa has incurred and may incur to respond to the release and threatened release of hazardous substances at the Site.

28.    The Alcan Defendants are liable for their contribution share of the response costs incurred and to be incurred at the Site, in accordance with HSAA § 25363(e).

### THIRD COUNTERCLAIM AGAINST ALCAN DEFENDANTS
#### (Unjust Enrichment)

29.    Alcoa repeats and realleges paragraphs 1 through 28 above as if fully set forth herein.

30.    Over time, Alcoa has performed environmental remediation at the Vernon site. Alcan Defendants have made a voluntary choice to change the use of the Vernon site and to develop it for use for different purposes.  At the time of this choice, Alcoa's remediation efforts were successful, and the Vernon site presented no threat to human health or the environment.

31.    In this action, Alcan Defendants' CERCLA claims, if successful, would allow Alcan Defendants to reap a windfall by forcing Alcoa to pay for redevelopment costs for which Alcan Defendants should be responsible.  The Alcan Defendants have been, or would be, unjustly enriched by the amount of response costs that Alcoa has paid, or may incur, solely for the enrichment of Alcan Defendants.

32.    Such unjust enrichment can be remedied by requiring the Alcan Defendants to reimburse Alcoa for the response costs that it has incurred, or may incur, regarding the Vernon site.

16

## PRAYER FOR RELIEF

WHEREFORE, Alcoa prays for judgment against Alcan Rolled Products-Ravenswood LLC, f/k/a Pechiney Rolled Products LLC, Pechiney Cast Plate, Inc., as follows:

A.    That the Counterclaims of the Alcan Defendants be dismissed with prejudice, and that Alcoa's costs to defend against the Counterclaims be awarded against the Alcan Defendants;

B.    On Count I of these Counterclaims, for judgment against the Alcan Defendants for contribution of their fair and equitable share of all necessary response costs incurred to-date or in the future in connection with the release or threatened release of hazardous substances at, onto or from the Site;

C.    On Count II of these Counterclaims, for a declaratory judgment that the Alcan Defendants are liable for contribution of their fair and equitable share of all past or future costs of response resulting from the release or threatened release of hazardous substances at, onto or from the Site;

D.    On Count III of these Counterclaims, for judgment against the Alcan Defendants, in the amount which Alcan Defendants have been, or will be, unjustly enriched by forcing Alcoa to pay development costs for which Alcan Defendants should be responsible;

E.    For the costs of the litigation, including reasonable attorney and expert witness fees; and

F.    For such relief as the Court deems just and proper.

RLF1-3188631-1

OF COUNSEL:
Harry M. Johnson, III
J. Michael Showalter
Hunton & Williams LLP
Riverfront Plaza, East Tower
951 E. Byrd St.
Richmond, VA 23219
(804) 788-8200

Allen M. Terrell, Jr. (#709)
terrell@rlf.com
Steven J. Fineman (#4025)
fineman@rlf.com
Richards Layton & Finger
One Rodney Square
920 North King Street
Wilmington, DE 19801
302-651-7700
Attorneys for Plaintiff

Dated: August 13, 2007

RLF1-3188631-1

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2007, I electronically filed the foregoing document

with the Clerk of Court using CM/ECF which will send notification of such filing(s) and Hand

Delivered to the following:

**BY E-FILE & HAND DELIVERY**
John G. Day, Esquire
Ashby & Geddes
500 Delaware Avenue
8th Floor
P.O. Box 1150
Wilmington, DE 19899

**BY E-FILE & HAND DELIVERY**
Christian D. Wright, Esquire
Young, Conaway, Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801


Steven J. Fineman (#4025)