**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

ALCOA INC.,                                      )
                                                 )
            Plaintiff,                           )
                                                 )        C.A. No.  06-451-SLR
v.                                               )
ALCAN    INC.,   ALCAN    ROLLED                 )
PRODUCTS-RAVENSWOOD LLC, f/k/a                   )
PECHINEY ROLLED PRODUCTS, LLC,                   )
PECHINEY  CAST  PLATE,  INC.,  and               )
CENTURY ALUMINUM COMPANY,                        )
                                                 )
            Defendants.                          )

**ANSWER AND AFFIRMATIVE DEFENSES OF ALCOA INC. TO
CENTURY ALUMINUM COMPANY'S COUNTERCLAIMS AND CROSS-CLAIMS**

Plaintiff Alcoa Inc. hereby submits its Answer and Affirmative Defenses to the

Counterclaims and Cross-Claims of Defendant Century Aluminum Company ("Defendant").

**The Parties**

1.      Based on information and belief, Paragraph 1 is admitted.

2.      Based on information and belief, Paragraph 2 is admitted.

3.      Based on information and belief, Paragraph 3 is admitted.

4.      Based on information and belief, Paragraph 4 is admitted.

**Jurisdiction and Venue**

5.      Based on information and belief, Paragraph 5 is admitted.

6.      Based on information and belief, Paragraph 6 is admitted.

7.      Based on information and belief, Paragraph 7 is admitted.

8.      Based on information and belief, Paragraph 8 is admitted.

9.      Based on information and belief, Paragraph 9 is admitted.

**Statement of Facts**

10.    Paragraph 10 is admitted.

11.    Regarding the allegations contained in Paragraph 11, Alcoa admits using various chemicals in connection with its operations on the Vernon, California site that forms the subject matter for this action.    These chemicals include polychlorinated biphenyls ("PCBs"), trichloroethene ("TCE"), and Stoddard Solvent.    Alcoa explicitly denies the remaining allegations contained in Paragraph 11.

12.    Based on information and belief, Paragraph 12 is denied.

13.    Based on information and belief, Paragraph 13 is admitted to the extent that Stoddard Solvent and PCBs were identified as set forth in the Century Acquisition Agreement. However, as a condition of the sale of the Vernon facility to Century, Alcoa performed an appropriate environmental remediation of the facility in the context of the ongoing operations of the cast plate manufacturing facility.    Alcoa completed the remediation of the facility required under the Century Acquisition Agreement and obtained No Further Action letters from the appropriate regulatory authority.    To the extent Paragraph 13 can be interpreted to state outside of the foregoing, such allegations are denied.

14.    Paragraph 14 is admitted.

15.    Paragraph 15 merely restates and recharacterizes the text of the Century Acquisition Agreement.    This document speaks for itself.    As such, Century's restatement and recharacterization of this document contained in this paragraph is denied.

16.    Paragraph 16 merely restates and recharacterizes the text of the Century Acquisition Agreement.    This document speaks for itself.    As such, Century's restatement and recharacterization of this document contained in this paragraph is denied.

2

17.    Paragraph 17 is admitted.

18.    Based on information and belief, Paragraph 18 is admitted.

19.    Alcoa is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 19.  As such, the allegations contained in this paragraph are denied.

20.    Based on information and belief, Paragraph 20 is admitted.

21.    Alcoa is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 21.  As such, the allegations contained in this paragraph are denied.

22.    Alcoa is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 22.  As such, the allegations contained in this paragraph are denied.

23.    Based on information and belief, Paragraph 23 is denied.  The delegation to the City of Vernon pursuant to Cal. Health & Safety Code Chapter 6.11 speaks for itself.  Further, as Paragraph 23 provides a legal conclusion, no response is required from Alcoa.

24.    Regarding the allegations contained in Paragraph 24, Alcoa is in possession of a letter dated March 28, 2006, from Lewis J. Pozzebon of the City of Vernon, California, Environmental Health Department to Pechiney Cast Plate, Inc.  This document speaks for itself. To the extent the allegations of Paragraph 24 differ from the document's contents, those allegations are denied.

25.    Regarding the allegations contained in Paragraph 25, Alcoa is in possession of a letter dated July 26, 2006, from Lewis J. Pozzebon of the City of Vernon, California, Environmental Health Department to Pechiney Cast Plate, Inc.  This document speaks for itself.

3

To the extent the allegations of Paragraph 25 differ from the document's contents, those allegations are denied.

26.     Regarding the allegations contained in Paragraph 26, Alcoa is in possession of a letter dated July 26, 2006, from Lewis J. Pozzebon of the City of Vernon, California, Environmental Health Department to Pechiney Cast Plate, Inc. This document speaks for itself. To the extent the allegations of Paragraph 26 differ from the document's contents, those allegations are denied.

27.     Paragraph 27 presents a mix of conclusory legal assertions and legal argument, to which no response is required. To the extent any response is required, the allegations contained in Paragraph 27 are denied.

## FIRST COUNTERCLAIM AGAINST ALCOA

28.     Alcoa hereby incorporates by reference its responses to Paragraphs 1 to 27 of Century's Counterclaims as if set forth verbatim herein.

29.     Regarding the allegations contained in Paragraph 28, Alcoa admits that Century brings this cause of action pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.* to obtain a declaration of its rights and interests under its agreement with Alcoa.

30.     Paragraph 30 is admitted.

31.     Paragraph 31 merely restates and recharacterizes the text of the Century Acquisition Agreement. This document speaks for itself. As such, Century's restatement and recharacterization of this document contained in this paragraph is denied.

32.     Alcoa is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 32. As such, the allegations contained in this paragraph are denied.

4

33.    Paragraph 33 presents a mix of conclusory legal assertions and legal argument, to which no response is required.  To the extent any response is required, the allegations contained in Paragraph 33 are denied.

34.    Paragraph 34 presents a mix of conclusory legal assertions and legal argument, to which no response is required.  To the extent any response is required, the allegations contained in Paragraph 34 are denied.

35.    Alcoa admits the first sentence of Paragraph 34.  The remainder of Paragraph 34 presents a mix of conclusory legal assertions and legal argument, to which no response is required.  To the extent any response is required, the allegations contained in the remainder of Paragraph 34 are denied.

### SECOND COUNTERCLAIM AGAINST ALCOA

36.    Alcoa hereby incorporates by reference its responses to Paragraphs 1 to 35 of Century's Counterclaims as if set forth verbatim herein.

37.    Regarding the allegations contained in Paragraph 37, Alcoa admits that Century brings this cause of action pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.* to obtain a declaration of its rights and interests under its agreement with Alcoa.

38.    Paragraph 38 is admitted.

39.    Paragraph 39 merely restates and recharacterizes the text of the Century Acquisition Agreement.  This document speaks for itself.  As such, Century's restatement and recharacterization of this document contained in this paragraph is denied.

40.    Paragraph 40 merely restates and recharacterizes the text of the Century Acquisition Agreement.  This document speaks for itself.  As such, Century's restatement and recharacterization of this document contained in this paragraph is denied.

5

41.     Paragraph 41 contains quoted statements from an order to which no source reference is provided. Alcoa admits that it received a letter from Lewis J. Pozzebon, Director of Environmental Health for the City of Vernon, dated July 18, 2006 discussing the Vernon site. Jamie K. Mackay, P.E., Manager -- Environment, Health, and Safety Resources for Alcoa, responded to this letter by letter dated August 30, 2006, and stated that "Alcoa believes that the City of Vernon should look to the party responsible for changing the conditions of the premises and knowingly undermining what would otherwise be the appropriate solution" to the environmental conditions discussed in the July 18, 2006 letter. Since that time, there have been no further communications between Alcoa and the City of Vernon. To the extent Paragraph 41 states anything other than the above, it is denied.

42.     Paragraph 42 is denied.

43.     Alcoa admits the first sentence of Paragraph 43. The remainder of Paragraph 43 presents a mix of conclusory legal assertions and legal argument, to which no response is required. To the extent any response is required, the allegations contained in the remainder of Paragraph 43 are denied.

## THIRD COUNTERCLAIM AGAINST ALCOA

44.     Alcoa hereby incorporates by reference its responses to Paragraphs 1 to 43 of Century's Counterclaims as if set forth verbatim herein.

45.     Regarding the allegations contained in Paragraph 45, Alcoa admits that Century brings this cause of action pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.* to obtain a declaration of its rights and interests under its agreement with Alcoa.

46.     Paragraph 46 is admitted.

47.     Paragraph 47 is denied.

6

48.    Paragraph 48 is denied.

49.    Paragraph 49 is denied.

50.    Paragraph 50 merely restates Section 107(a)(4)(B) of CERCLA, 42 U.S.C. § 9607(a)(4)(B).  Section 107(a)(4)(B) speaks for itself.  Insofar as a response to Paragraph 50 is required, it is denied.

51.    Paragraph 51 is admitted.

52.    Paragraph 52 is admitted.

53.    Alcoa is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 53.  As such, the allegations contained in this Paragraph are denied.

54.    Paragraph 54 is denied.

55.    Alcoa is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 55.  As such, the allegations contained in this Paragraph are denied.

56.    Alcoa is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 56.  As such, the allegations contained in this Paragraph are denied.

57.    Alcoa admits the allegations contained in the first sentence of Paragraph 57. Alcoa denies the second and third sentences of Paragraph 57.

## FIRST CROSS-CLAIM AGAINST THE ALCAN DEFENDANTS

58.    Alcoa hereby incorporates by reference its responses to Paragraphs 1 to 57 of Century's Counterclaims as if set forth verbatim herein.

59.    Paragraph 59 is admitted.

60.    Paragraph 60 is not directed at Alcoa.  As such, no response from Alcoa is required.  Insofar as any response from Alcoa is required, the allegations contained in this Paragraph are denied.

61.    Paragraph 61 is not directed at Alcoa.  As such, no response from Alcoa is required.  Insofar as any response from Alcoa is required, the allegations contained in this Paragraph are denied.

62.    Paragraph 62 is not directed at Alcoa.  As such, no response from Alcoa is required.  Insofar as any response from Alcoa is required, the allegations contained in this Paragraph are denied.

63.    Paragraph 63 is not directed at Alcoa.  As such, no response from Alcoa is required.  Insofar as any response from Alcoa is required, the allegations contained in this Paragraph are denied.

64.    Paragraph 64 is not directed at Alcoa.  As such, no response from Alcoa is required.  Insofar as any response from Alcoa is required, the allegations contained in this Paragraph are denied.

65.    Paragraph 65 is not directed at Alcoa.  As such, no response from Alcoa is required.  Insofar as any response from Alcoa is required, the allegations contained in this Paragraph are denied.

66.    Paragraph 66 is not directed at Alcoa.  As such, no response from Alcoa is required.  Insofar as any response from Alcoa is required, the allegations contained in this Paragraph are denied.

67.    Paragraph 67 is not directed at Alcoa.  As such, no response from Alcoa is required.  Insofar as any response from Alcoa is required, the allegations contained in this Paragraph are denied.

68.    Paragraph 68 is not directed at Alcoa.  As such, no response from Alcoa is required.  Insofar as any response from Alcoa is required, the allegations contained in this Paragraph are denied.

## SECOND CROSS-CLAIM AGAINST THE ALCAN DEFENDANTS

69.    Alcoa hereby incorporates by reference its responses to Paragraphs 1 to 68 of Century's Counterclaims as if set forth verbatim herein

70.    Paragraph 70 is not directed at Alcoa.  As such, no response from Alcoa is required.  Insofar as any response from Alcoa is required, the allegations contained in this Paragraph are denied.

71.    Paragraph 71 is not directed at Alcoa.  As such, no response from Alcoa is required.  Insofar as any response from Alcoa is required, the allegations contained in this Paragraph are denied.

72.    Paragraph 72 is not directed at Alcoa.  As such, no response from Alcoa is required.  Insofar as any response from Alcoa is required, the allegations contained in this Paragraph are denied.

73.    Paragraph 73 is not directed at Alcoa.  As such, no response from Alcoa is required.  Insofar as any response from Alcoa is required, the allegations contained in this Paragraph are denied.

74.    Paragraph 74 is not directed at Alcoa.  As such, no response from Alcoa is required.  Insofar as any response from Alcoa is required, the allegations contained in this Paragraph are denied.

75.    Alcoa denies all allegations in the Counterclaims that have not been expressly admitted herein.

## AFFIRMATIVE DEFENSES

Alcoa asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1.    Century's counterclaims fail to state a claim in whole or in part against Alcoa upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Act of Third Party)

2.    Alcoa alleges that it is not liable under CERCLA because the release or threat of release of a hazardous substance and the damages resulting therefrom are subsequent to Alcoa's remediation of the site and were caused solely by an act or omission of a third party, pursuant to CERCLA § 107(b)(3), 42 U.S.C. § 9607(b)(3).

### THIRD AFFIRMATIVE DEFENSE
### (Divisibility of Harm)

3.    Alcoa is not liable, jointly and severally or otherwise, for any releases, harms, or costs that are divisible from any releases, harms, or costs attributable to Century.

10

## FOURTH AFFIRMATIVE DEFENSE
### (Cause)

4.      No act or omission of Alcoa or of any person or entity for whom Alcoa may be responsible was the legal cause of any release, threatened release, or any injuries or costs for which damages or other relief is sought in this action.

## FIFTH AFFIRMATIVE DEFENSE
### (Proximate Cause)

5.      No act or omission of Alcoa or of any person or entity for whom Alcoa may be responsible was the proximate cause of any release, threatened release, or any injuries or costs for which damages or other relief is sought in this action.

## SIXTH AFFIRMATIVE DEFENSE
### (Independent, Intervening, and/or Superseding Cause)

6.      No act or omission of Alcoa was a substantial factor in bringing about any alleged injuries or damages, or was a contributing cause thereof.  Any losses or damages for which damages or other relief is sought in this action were the result of independent, intervening, or superseding forces and/or actions or omissions of third parties over which Alcoa had no control, in which Alcoa did not in any way participate, and for which Alcoa is not liable.

## SEVENTH AFFIRMATIVE DEFENSE
### (Contributory and Comparative Negligence)

7.      Any and all injury or damages were caused, in whole or in part, by the negligence, carelessness, lack of due care, fault, and/or failure to execute legal responsibilities of Century and/or its agents, employees, contractors, departments, instrumentalities, tenants and/or third parties.  Accordingly, Century's counterclaims, and each claim therein, are barred, in whole or in part, by Century's and/or third parties' contributory or comparative faults.

## EIGHTH AFFIRMATIVE DEFENSE
### (Due Care)

8.     Alcoa is not liable to Century because Alcoa acted reasonably and with due care and in accordance with applicable statutes, regulations, ordinances, and/or other laws.

## NINTH AFFIRMATIVE DEFENSE
### (Equitable Defenses)

9.     Century's counterclaims are barred, in whole or in part, by the doctrines of waiver, estoppel, and unclean hands.

## TENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

10.     Century's counterclaims are barred, in whole or in part, by Century's failure to mitigate or avoid any of the alleged costs, damages, fees and/or expenses that they allege have been or will be incurred.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Contribution or Indemnity)

11.     Alcoa is entitled to contribution or indemnity from Century or other parties pursuant to CERCLA, HSAA and common law, and such contribution or indemnity would offset or eliminate any liability of Alcoa.

## TWELFTH AFFIRMATIVE DEFENSE
### (Failure to Comply with CERCLA Requirements)

12.     Century's third counterclaim is barred because of Century's failure to comply with all of the prerequisites for filing an action under CERCLA.

RLF1-3193089-1

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Equitable Share)

13.     Century cannot recover from Alcoa more than Alcoa's fair, equitable, and proportionate share of the costs, damages, expenses and other relief sought by Century in this case.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Unjust Enrichment)

14.     Century's claims against Alcoa are barred or limited by the doctrine of unjust enrichment.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Reservation of Rights)

15.     Century's counterclaims do not describe its claims or events with sufficient particularity to allow Alcoa to ascertain what other affirmative defenses may exist, and Alcoa therefore reserves the right to assert all affirmative defenses which may pertain to the counterclaims once the precise nature of the claims is ascertained.  Alcoa also reserves the right to assert all other defenses that arise in discovery, at trial or otherwise.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Reliance upon Other Parties' Defenses)

16.     All affirmative defenses raised by any other party, to the extent applicable to Alcoa, are incorporated by reference as if fully set forth herein.

## PRAYER FOR RELIEF

WHEREFORE, Alcoa respectfully requests that this Court dismiss Century's Counterclaims against Alcoa, enter judgment in Alcoa's favor, and award Alcoa's attorneys' fees, costs and such other relief as this Court deems just and proper.

13

Allen M. Terrell, Jr. (#709)
terrell@rlf.com
OF COUNSEL:                              Steven J. Fineman (#4025)
Harry M. Johnson, III                    fineman@rlf.com
J. Michael Showalter                     Richards Layton & Finger
Hunton & Williams LLP                    One Rodney Square
Riverfront Plaza, East Tower             920 North King Street
951 E. Byrd St.                          Wilmington, DE 19801
Richmond, VA 23219                       302-651-7700
(804) 788-8200                           Attorneys for Plaintiff


Dated: August 23, 2007

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2007, I electronically filed the foregoing document

with the Clerk of Court using CM/ECF which will send notification of such filing(s) and Hand

Delivered to the following:

**BY E-FILE & HAND DELIVERY**
John G. Day, Esquire
Ashby & Geddes
500 Delaware Avenue
8th Floor
P.O. Box 1150
Wilmington, DE 19899

**BY E-FILE & HAND DELIVERY**
Christian D. Wright, Esquire
Young, Conaway, Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

Steven J. Fineman (#4025)