IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ALCOA INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| ALCAN ROLLED PRODUCTS-RAVENSWOOD LLC, PECHINEY CAST PLATE, INC., and CENTURY ALUMINUM COMPANY, | ) ) ) ) ) | C.A. No. 06-451-SLR |
| Defendants. | ) ) | |
| ALCAN ROLLED PRODUCTS-RAVENSWOOD LLC, and PECHINEY CAST PLATE, INC., | ) ) ) ) | |
| Counterclaim and - Cross-Claim Plaintiffs, | ) ) | **DEMAND FOR JURY TRIAL** |
| v. | ) ) | |
| ALCOA INC. Counterclaim Defendant, | ) ) ) | |
| and | ) ) | |
| CENTURY ALUMINUM COMPANY, | ) ) | |
| Cross-Claim-Defendant. | ) ) | |
| CENTURY ALUMINUM COMPANY, Counterclaim and Cross-Claim Plaintiff, | ) ) ) ) | |
| v. | ) ) | |
| ALCOA INC., Counterclaim Defendant, | ) ) ) | |
| and | ) ) | |
| ALCAN ROLLED PRODUCTS-RAVENSWOOD LLC, and PECHINEY CAST PLATE, INC., | ) ) ) ) | |
| Cross-Claim and Counterclaim Defendants. | ) ) | |

# ANSWER AND AFFIRMATIVE DEFENSES OF ALCAN ROLLED PRODUCTS-RAVENSWOOD LLC AND PECHINEY CAST PLATE, INC. TO ALCOA INC.'S COUNTERCLAIMS

Alcan Rolled Products-Ravenswood LLC and Pechiney Cast Plate, Inc. (the "Alcan Parties"), hereby submit their Answers and Affirmative Defenses in response to the Counterclaims filed against the Alcan Parties by Alcoa Inc. ("Alcoa") on August 13, 2007.

## COUNTERCLAIMS

1. Pursuant to Rule 13 of the Federal Rules of Civil Procedure, and for its Counterclaims against the Alcan Defendants, Alcoa seeks contribution and restitution for costs incurred to remediate the hazardous substances found in soil, subsurface structures and groundwater at the cast aluminum plate manufacturing and sales facility located in Vernon, California, which Alcoa sold to Century Aluminum Company on December 22, 1998.

**ANSWER:** The Alcan Parties admit that Alcoa is contending that its Counterclaims are properly brought under Rule 13 of the Federal Rules of Civil Procedure. The Alcan Parties further admit that Alcoa is contending that it seeks contribution and restitution for costs incurred to remediate the hazardous substances found in soil, subsurface structures and groundwater at the cast aluminum plate manufacturing and sales facility located in Vernon, California, which Alcoa sold to Century Aluminum Company on December 22, 1998. The Alcan Parties deny the remaining allegations set forth in Paragraph 1 of Alcoa's Counterclaims.

## PARTIES

2. Alcoa is a "person" as defined in CERCLA § 101(21), 42 U.S.C. § 9601(21).

**ANSWER:** The Alcan Parties admit the allegations set forth in Paragraph 2 of Alcoa's Counterclaims.

3. Defendant Alcan Rolled Products - Ravenswood LLC, formerly known as Pechiney Rolled Products, LLC ("Alcan Rolled Products") is a Delaware limited liability

2

company with its principal place of business at Century Road, P.O. Box 68, Ravenswood, West Virginia, 26164. Alcan Rolled Products is a "person" as defined in CERLCA § 101(21), 42 U.S.C. § 9601(21). Alcan Rolled Products was one of the "owners" and "operators" of the Site at the time of the disposal of hazardous substance within the meaning of CERCLA §§ 101 (20) and 107(a)(1)-(2), 42 U.S.C. §§ 9601(20) and 9607(a)(1)-(2).

**ANSWER:** The Alcan Parties admit that Alcan Rolled Products-Ravenswood LLC was formerly known as Pechiney Rolled Products, LLC. The Alcan Parties further admit that Alcan Rolled Products-Ravenswood LLC is a limited liability company organized under the laws of Delaware with its principal place of business at Century Road, P.O. Box 68, Ravenswood, West Virginia, 26164. The Alcan Parties further admit that Alcan Rolled Products is a "person" as defined in CERCLA § 101(21), 42 U.S.C. § 9601(21). The Alcan Parties deny the remaining allegations set forth in Paragraph 3 of Alcoa's Counterclaims.

4.    Defendant Pechiney Cast Plate, Inc. ("Pechiney Cast Plate") is a Delaware corporation and is a wholly-owned subsidiary of Alcan Rolled Products. Pechiney Cast Plate operated the Vernon site until approximately January 31, 2006. Pechiney Cast Plate and Alcan Rolled Products are collectively referred to as "Alcan Defendants."

**ANSWER:** The Alcan Parties admit the allegations of the first sentence of Paragraph 4 of Alcoa's Counterclaims. The Alcan Parties admit that Pechiney Cast Plate operated the Vernon site from approximately October 1999 until approximately January 31, 2006.

5.    Both Pechiney Cast Plate and Alcan Rolled Products are "persons" as defined in CERCLA § 101(21), 42 U.S.C. § 9601(21). Pechiney Cast Plate is the current "owner" and "operator" of the Site and the "owner" and "operator" of the Site at the time of the disposal of hazardous substance within the meaning of CERCLA §§ 101(20) and 107(a)(1)-(2), 42 U.S.C. §§ 9601(20) and 9607(a)(1)-(2).

**ANSWER:** The Alcan Parties admit that both Pechiney Cast Plate and Alcan Rolled Products are "persons" as defined in CERCLA § 101(21), 42 U.S.C. § 9601(21). The Alcan Parties further admit that Pechiney Cast Plate is the current "owner" and "operator" of the Site within the meaning of CERCLA §§ 101(20) and 107(a)(1), 42 U.S.C. §§ 9601(20) and

3

9607(a)(1). The Alcan Parties deny the remaining allegations set forth in Paragraph 5 of Alcoa's Counterclaims.

## OWNERSHIP OF THE SITE

6. Prior to December 1998, Alcoa owned and operated an aluminum cast plate manufacturing and sales facility located in Vernon, California (the facility and the real property upon which the facility is located is hereinafter referred to as the "Facility"). In December 1998, Alcoa sold the Facility to Century Aluminum Corporation, which in turn sold the Facility to an entity related to Alcan Defendants on or about July 26, 1999.

**ANSWER:** The Alcan Parties admit the allegations set forth in Paragraph 6 of Alcoa's Counterclaims.

7. The Facility is located at 3200 Fruitland Avenue, Vernon, California.

**ANSWER:** The Alcan Parties admit the allegations set forth in Paragraph 7 of Alcoa's Counterclaims.

## OPERATION OF THE SITE

8. Since the time the Facility was constructed by Alcoa in the 1930s until 2006, the primary use of the Facility has been production and sale of aluminum cast plate.

**ANSWER:** The Alcan Parties admit that Alcoa owned and operated the Vernon Facility as an aluminum cast plate and manufacturing plant and sales office from 1937 until 1998. The Alcan Parties deny the remaining allegations set forth in Paragraph 8 of Alcoa's Counterclaims.

## RESPONSE ACTIONS AT THE SITE BY ALCOA

9. Pursuant to Section 10.03(c) of the Acquisition Agreement between Alcoa and Century, Alcoa agreed to perform certain specified remedial actions.

**ANSWER:** The Alcan Parties admit that Section 10.03(c) of the Acquisition Agreement provides that Alcoa "is responsible for and will complete the remedial actions set

4

forth below." The Alcan Parties deny the remaining allegations set forth in Paragraph 9 of Alcoa's Counterclaims.

10. Alcoa completed the specified tasks and provided to Century documentation of such completion, including a "No Further Action" letter obtained from the City of Vernon Environmental Health Department ("Vernon EHD") dated September 2, 1999.

ANSWER: The Alcan Parties admit that Alcoa obtained a letter dated September 2, 1999 from the City of Vernon Environmental Health Department which noted that no further remedial action was required "based on the assumption that the information submitted in the documentation [provided by Alcoa] is complete and correct" and stated that "[f]urther review or determinations may be necessary if subsequent information, which significantly affects any decision, is found." The Alcan Parties deny the remaining allegations set forth in Paragraph 10 of Alcoa's Counterclaims.

11. At the time of the closing of the Acquisition Agreement between Alcoa and Century, the Facility was in compliance with all environmental regulations.

ANSWER: The Alcan Parties deny the allegations set forth in Paragraph 11 of Alcoa's Counterclaims.

12. The Alcan Defendants have alleged that the Site is a "facility" within the meaning of CERCLA § 101(9), 42 U.S.C. § 9601(9).

ANSWER: The Alcan Parties admit the allegations set forth in Paragraph 12 of Alcoa's Counterclaims.

13. The Alcan Defendants have alleged that "hazardous substances" within the meaning of CERCLA § 101(14), 42 U.S.C. § 9601(14) are present in the soil, subsurface structures and/or groundwater at the Site.

ANSWER: The Alcan Parties admit the allegations set forth in Paragraph 13 of Alcoa's Counterclaims.

5

14. The Alcan Defendants have alleged that a "release" or "threat of release" of hazardous substances from the Site has occurred all within the meaning of CERCLA § 101(22), 42 U.S.C. § 9601(22).

**ANSWER:** The Alcan Parties admit the allegations set forth in Paragraph 14 of Alcoa's Counterclaims.

## JURISDICTION AND VENUE

15. Alcoa's counterclaims against the Alcan Defendants arise in part under CERCLA, a federal statute, and jurisdiction therefore exists under 28 U.S.C. § 1331. Jurisdiction also exists under 28 U.S.C. § 1332, as there is complete diversity of citizenship between Alcoa and the Alcan Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**ANSWER:** The Alcan Parties admit the allegations set forth in Paragraph 15 of Alcoa's Counterclaims.

16. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

**ANSWER:** The Alcan Parties admit the allegations set forth in Paragraph 16 of Alcoa's Counterclaims.

## FIRST COUNTERCLAIM AGAINST ALCAN DEFENDANTS
(CERCLA § 113(f) Contribution)

17. Alcoa repeats and realleges paragraphs 1 through 16 above as if fully set forth herein.

**ANSWER:** The Alcan Parties incorporate herein by reference their answers to Paragraphs 1 through 16 of Alcoa's Counterclaims as if set forth in their entirety.

18. Alcoa denies and, at all times relevant to this matter, has denied that it has liability under CERCLA § 107(a), 42 U.S.C. § 9607(a), for costs or damages due to releases at or from the Site. Nevertheless, if Alcoa is found, according to proof in this action to have any CERCLA liability with respect to the Site, it is jointly liable with the Alcan Defendants.

**ANSWER:** The Alcan Parties admit that Alcoa is contending that it denies and, at all times relevant to this matter, has denied that it has liability under CERCLA § 107(a), 42 U.S.C.

6

§ 9607(a), for costs or damages due to releases at or from the Site. The Alcan Parties deny the remaining allegations set forth in Paragraph 18 of Alcoa's Counterclaims.

19. Pursuant to CERCLA § 113(f)(1), 42 U.S.C. § 9613(f)(1), Alcoa is entitled to contribution from any other person who is liable under CERCLA § 107(a), 42 U.S.C. § 9607(a), for response costs that are incurred at the Site.

**ANSWER:** The Alcan Parties admit that pursuant to CERCLA § 113(f)(1), 42 U.S.C. § 9613(f)(1), "Any person may seek contribution from any other person who is liable or potentially liable under section 9607(a) of this title." The Alcan Parties deny the remaining allegations set forth in Paragraph 19 of Alcoa's Counterclaims.

20. The Alcan Defendants are persons who are liable for response costs and damages under CERCLA § 107(a), 42 U.S.C. § 9607(a).

**ANSWER:** The Alcan Parties deny the allegations set forth in Paragraph 20 of Alcoa's Counterclaims.

21. An actual, substantial and justiciable controversy exists between Alcoa, on the one hand, and the Alcan Defendants, on the other hand, regarding the liabilities of each of the Alcan Defendants for such contribution of response costs as Alcoa has incurred and may incur to respond to the release and threatened release of hazardous substances at the Site.

**ANSWER:** The Alcan Parties admit that Alcoa is contending that an actual, substantial and justiciable legal controversy exists between Alcoa and the Alcan Parties. The Alcan Parties deny the remaining allegations set forth in Paragraph 21 of Alcoa's Counterclaims.

22. The Alcan Defendants are liable for their contribution share of the response costs incurred and to be incurred at the Site, in accordance with CERCLA § 113(f)(1), 42 U.S.C. § 9613(f)(1).

**ANSWER:** The Alcan Parties deny the allegations set forth in Paragraph 22 of Alcoa's Counterclaims.

## SECOND COUNTERCLAIM AGAINST ALCAN DEFENDANTS
(HSAA § 25363 Contribution)

23. Alcoa repeats and realleges paragraphs 1 through 22 above as if fully set forth herein.

**ANSWER:** The Alcan Parties incorporate herein by reference their answers to Paragraphs 1 through 22 of Alcoa's Counterclaims as if set forth in their entirety.

24. Alcoa denies and, at all times relevant to this matter, has denied that it has liability under HSAA § 25323.5 for costs or damages due to releases at or from the Site. Nevertheless, if Alcoa is found, according to proof in this action to have any HSAA liability with respect to the Site, it is jointly liable with the Alcan Defendants.

**ANSWER:** The Alcan Parties admit that Alcoa is contending that it denies and, at all times relevant to this matter, has denied that it has liability under HSAA § 25323.5 for costs or damages due to releases at or from the Site. The Alcan Parties deny the remaining allegations set forth in Paragraph 24 of Alcoa's Counterclaims.

25. Pursuant to HSAA § 25363(e), Alcoa is entitled to contribution or indemnification from any other person who is liable under HSAA § 25323.5 for response costs that are incurred at the Site.

**ANSWER:** The Alcan Parties admit that pursuant to HSAA § 25363(e), "Any person who has incurred removal or remedial action costs in accordance with this chapter or the federal act may seek contribution or indemnity from any person who is liable pursuant to this chapter." The Alcan Parties deny the remaining allegations set forth in Paragraph 25 of Alcoa's Counterclaims.

26. The Alcan Defendants are persons who are liable for response costs and damages under HSAA § 25323.5.

**ANSWER:** The Alcan Parties deny the allegations set forth in Paragraph 26 of Alcoa's Counterclaims.

8

27.  An actual, substantial and justiciable controversy exists between Alcoa, on the one hand, and the Alcan Defendants, on the other hand, regarding the liabilities of each of the Alcan Defendants for such contribution of response costs as Alcoa has incurred and may incur to respond to the release and threatened release of hazardous substances at the Site.

**ANSWER:** The Alcan Parties admit that Alcoa is contending that an actual, substantial and justiciable controversy exists between Alcoa and the Alcan Parties. The Alcan Parties deny the remaining allegations set forth in Paragraph 27 of Alcoa's Counterclaims.

28.  The Alcan Defendants are liable for their contribution share of the response costs incurred and to be incurred at the Site, in accordance with HSAA § 25363(e).

**ANSWER:** The Alcan Parties deny the allegations set forth in Paragraph 28 of Alcoa's Counterclaims.

### THIRD COUNTERCLAIM AGAINST ALCAN DEFENDANTS
(Unjust Enrichment)

29.  Alcoa repeats and realleges paragraphs 1 through 28 above as if fully set forth herein.

**ANSWER:** The Alcan Parties incorporate herein by reference their answers to Paragraphs 1 through 28 of Alcoa's Counterclaims as if set forth in their entirety.

30.  Over time, Alcoa has performed environmental remediation at the Vernon site. Alcan Defendants have made a voluntary choice to change the use of the Vernon site and to develop it for use for different purposes. At the time of this choice, Alcoa's remediation efforts were successful, and the Vernon site presented no threat to human health or the environment.

**ANSWER:** The Alcan Parties deny the allegations set forth in Paragraph 30 of Alcoa's Counterclaims.

31.  In this action, Alcan Defendants' CERCLA claims, if successful, would allow Alcan Defendants to reap a windfall by forcing Alcoa to pay for redevelopment costs for which the Alcan Defendants should be responsible. The Alcan Defendants have been, or would be, unjustly enriched by the amount of response costs that Alcoa has paid, or may incur, solely for the enrichment of Alcan Defendants.

**ANSWER:** The Alcan Parties deny the allegations set forth in Paragraph 31 of Alcoa's Counterclaims.

32. Such unjust enrichment can be remedied by requiring the Alcan Defendants to reimburse Alcoa for the response costs that it has incurred, or may incur, regarding the Vernon site.

**ANSWER:** The Alcan Parties deny the allegations set forth in Paragraph 32 of Alcoa's Counterclaims.

## AFFIRMATIVE DEFENSES

The Alcan Parties assert the following affirmative defenses:

### First Affirmative Defense
### (Failure to State a Claim)

The Counterclaims fail to state a claim against the Alcan Parties upon which relief can be granted.

### Second Affirmative Defense
### (Conformance with Governing Law and Industry Standards)

The Alcan Parties allege that they have conformed to and performed any and all obligations imposed by applicable statutes, regulations, permits and industry standards to the full extent of their responsibilities.

### Third Affirmative Defense
### (Not an Owner or Operator at Time of Alleged Disposal)

The Alcan Parties allege that they are not liable to Alcoa because they did not own or operate any facility at which any hazardous substances were disposed of, at the time of the alleged disposal, pursuant to CERCLA § 107(a)(2), 42 U.S.C. § 9607(a)(2).

### Fourth Affirmative Defense
### (Act of Third Party)

The Alcan Parties allege that they are not liable to Alcoa because the release or threat of release of a hazardous substance and the damages resulting therefrom were caused solely by an act or omission of a third party, pursuant to CERCLA § 107(b)(3), 42 U.S.C. § 9607(b)(3).

### Fifth Affirmative Defense
### (Innocent Holder of Land)

The Alcan Parties allege that they are not liable to Alcoa because Alcan Rolled Products-Ravenswood LLC and Pechiney Cast Plate, Inc. are innocent holders of land and meet the statutory criteria set forth in CERCLA § 101(35), 42 U.S.C. § 9601(35).

### Sixth Affirmative Defense
### (Equitable Allocation)

The Alcan Parties allege that they are not liable for any other person's fair, equitable, and/or proportionate share of any relief to which Alcoa may be entitled. Any claims for damages by Alcoa should be reduced in accordance with those factors recognized under CERCLA § 113(f), 42 U.S.C. § 9613(f), for allocation of costs and damages among the parties by virtue of the "Gore Factors" and/or other equitable considerations.

### Seventh Affirmative Defense
(*De Minimus* Harm)

If any hazardous substances from the Alcan Parties were or are present, which the Alcan Parties deny, then the amount of, and/or the harm or relief attributable to, such hazardous substances is *de minimus*.

### Eighth Affirmative Defense
(Divisibility of Harm)

The Alcan Parties are not liable, jointly and severally or otherwise, for any releases, harms, or costs that are divisible from any releases, harms, or costs allegedly attributable to Alcoa.

### Ninth Affirmative Defense
(Cause)

No act or omission of the Alcan Parties or of any person or entity for whom the Alcan Parties may be responsible was the legal cause of any release, threatened release, or any injuries or costs for which damages or other relief is sought in this action.

### Tenth Affirmative Defense
(Proximate Cause)

No act or omission of the Alcan Parties or of any person or entity for whom the Alcan Parties may be responsible was the proximate cause of any release, threatened release, or any injuries or costs for which damages or other relief is sought in this action.

### Eleventh Affirmative Defense
(Independent, Intervening, and/or Superseding Cause)

No act or omission of the Alcan Parties was a substantial factor in bringing about any alleged injuries or damages, or was a contributing cause thereof. Any losses or damages for which damages or other relief is sought in this action were the result of independent, intervening, or superseding forces and/or actions or omissions of third parties over which the Alcan Parties

had no control, in which the Alcan Parties did not in any way participate, and for which the Alcan Parties are not liable.

### Twelfth Affirmative Defense
### (Contributory and Comparative Negligence)

Any and all injuries or damages were caused, in whole or in part, by the negligence, carelessness, lack of due care, fault, and/or failure to execute legal responsibilities of Alcoa and/or its predecessors in interest, agents, employees, contractors, departments, instrumentalities, tenants and/or third parties. Accordingly, the Complaint for Declaratory Judgment, Alcoa's Counterclaims and each claim therein, is barred, in whole or in part, by Alcoa's and/or third parties' contributory or comparative faults.

### Thirteenth Affirmative Defense
### (Actions Authorized by Law)

The Alcan Parties are not liable to Alcoa because any of their acts and/or omissions which are the basis for Alcoa's claims were authorized by statute, regulation, ordinance, or other law.

### Fourteenth Affirmative Defense
### (Compliance with Laws)

The Alcan Parties are not liable to Alcoa because they acted reasonably and with due care and complied with all applicable statutes, regulations, ordinances, and/or other laws.

### Fifteenth Affirmative Defense
### (Failure to Join Necessary and/or Indispensable Parties)

Alcoa's Complaint for Declaratory Judgment and its Counterclaims are barred by Alcoa's failure to join all necessary and/or indispensable parties needed for a just adjudication of the subject matter of this action.

### Sixteenth Affirmative Defense
### (Unclean Hands)

Alcoa's Complaint for Declaratory Judgment and its Counterclaims, and each claim therein, is barred, in whole or in part, by the doctrine of unclean hands.

### Seventeenth Affirmative Defense
### (Undue Delay)

Alcoa has, contrary to its legal and equitable obligations, failed to take effective action to abate environmental hazards at the Facility for many years, a delay that has increased the costs of abatement, resulting in prejudice to the Alcan Parties. Given this delay on the part of Alcoa, an award of equitable injunctive relief against the Alcan Parties would be inappropriate and inequitable.

### Eighteenth Affirmative Defense
### (Failure to Mitigate)

The Complaint for Declaratory Judgment and Counterclaims, and each claim therein, is barred, in whole or in party, by Alcoa's failure to mitigate any alleged damages.

### Nineteenth Affirmative Defense
### (Set-Off)

The Alcan Parties are entitled to an offset against any liability for the greater of (1) any amounts actually paid by any person for any of the costs and/or damages alleged in the Complaint for Declaratory Judgment, or (2) the equitable share of the liability of any person or entity that has received or hereafter receives a release from liability or a covenant not to sue with respect to any of the injuries, costs and damages alleged in the Complaint for Declaratory Judgment.

## Twentieth Affirmative Defense
### (Contribution or Indemnity)

The Alcan Parties are entitled, according to proof, to contribution or indemnity from Alcoa or any other party pursuant to CERCLA and common law, and such contribution or indemnity would offset or eliminate any liability of the Alcan Parties.

## Twenty-First Affirmative Defense
### (No Liability)

The Alcan Parties are not liable, jointly and severally or otherwise, for relief to which Alcoa may be entitled against any other party.

## Twenty-Second Affirmative Defense
### (Aggravation of Harm)

Alcoa has caused any release or threatened release of any hazardous substances or otherwise has aggravated the alleged harm or threat of exposure to any hazardous substances. Any recovery by Alcoa for such harm should be barred or reduced accordingly.

## Twenty-Third Affirmative Defense
### (Legally Deficient Counterclaim)

The Counterclaims filed by Alcoa against the Alcan Parties are an improper pleading under Rule 13 of the Federal Rules of Civil Procedure, and should therefore be stricken.

## Twenty-Fourth Affirmative Defense
### (Reservation of Rights)

The Complaint for Declaratory Judgment and Counterclaims do not describe the claims or events with sufficient particularity to allow the Alcan Parties to ascertain what other affirmative defenses may exist, and the Alcan Parties therefore reserve the right to assert all affirmative defenses which may pertain to the Complaint for Declaratory Judgment once the precise nature of the claims is ascertained. The Alcan Parties also reserve the right to assert all other defenses that arise in discovery, at trial or otherwise.

### Twenty-Fifth Affirmative Defense
### (Reliance upon Other Parties' Defenses)

All affirmative defenses raised by any other party, to the extent applicable to the Alcan Parties, are incorporated by reference as if fully set forth herein.

WHEREFORE, Alcan Rolled Products-Ravenswood LLC and Pechiney Cast Plate, Inc. respectfully request that this Court enter judgment in their favor, dismiss Alcoa's Complaint for Declaratory Relief and Counterclaims, and award the Alcan Parties their attorney's fees, costs and such other relief as this Court deems just and proper.

ASHBY & GEDDES

/s/ *Tiffany Geyer Lydon*

---

Steven J. Balik (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Ave., 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Alcan Rolled Products-Ravenswood LLC and Pechiney Cast Plate, Inc.*

*Of Counsel:*

Richard P. Steinken
Steven M. Siros
Sarah Hardgrove-Koleno
JENNER & BLOCK LLP
330 N. Wabash Avenue
Chicago, IL 60611
(312) 222-9350

Dated: September 4, 2007

183823.1