IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALCOA, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> ALCAN ROLLED PRODUCTS-RAVENSWOOD LLC, f/k/a PECHINEY ROLLED PRODUCTS LLC, PECHINEY CAST PLATE INC., and CENTURY ALUMINUM COMPANY, <br><br> Defendants. | C.A. NO. 06-451-JFB-SRF <br><br> **MEMORANDUM AND ORDER** |

This matter is before the Court on the following motions: Plaintiff Alcoa's Inc.'s ("Alcoa") motion under *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), to exclude certain testimony of John Woodyard (D.I. 312); defendant Century Aluminum Company's ("Century") motion to disqualify expert witness A.J. Gravel (D.I. 309); plaintiff Alcoa's and defendant Century's joint motion for an order deferring certain challenges to expert testimony or in the alternative excluding certain expert testimony from such experts (D.I. 306); defendants Constellium Rolled Products Ravenswood, LLC (formerly Alcan Rolled-Products-Ravenswood LLC, f/k/a Pechiney Rolled Products LLC) and Pechiney Cast Plate, Inc.'s (collectively, "Pechiney") *Daubert* motion to exclude the opinions and testimony of Christopher Hunt, Ph.D. and Ronald O. Hamburger (D.I. 300); defendant Pechiney's *Daubert* motion to exclude the opinions and testimony of Anton Raviraj Arulanantham, Ph.D. (D.I. 298); defendant Pechiney's *Daubert* motion to exclude certain opinions and testimony of Jonathan W. Rohrer (D.I. 296); defendant Pechiney's *Daubert*

motion to exclude the opinions and testimony of Steven Hastings (D.I. 294); and plaintiff Alcoa's and defendant Century's joint motion to exclude the testimony of A.J. Gravel (D.I. 291).

I.      BACKGROUND

Defendant Century and plaintiff Alcoa jointly move to exclude or defer ruling on Pechiney's experts, A.J Gravel, John Woodward, and Walter Shields, Ph.D. Gravel is an environmental consultant, Dr. Shields is a soil scientist, and John Woodward is also a consultant with a B.S. degree in Industrial Engineering and a M.S. degree in Mechanical Engineering. Alcoa and Century challenge Gravel's and Woodward's qualifications and methodology. They assert Shields's testimony should be excluded because it is duplicative of Pechiney's other experts' testimony. The experts opines on cost recovery and NCP compliance issues and whether certain expenditures were reasonable and/or necessary. Alcoa and Century assert that Gravel should not be allowed to give "lengthy regurgitations of 'facts'" of which he has no firsthand knowledge. They challenge Gravel's and Woodward's opinions as improper testimony on matters of law and state of mind or motive that invades the province of the court and jury. Alternatively, Alcoa and Century request that the Court direct Pechiney to limit the testimony of its expert witnesses to matters appropriate for expert testimony within the areas of their technical qualifications, if any, and to defer ruling at this time.

Pechiney moves to exclude or limit the testimony of Steven Hastings, C.P.A. Hastings is Century's damages expert. Pechiney contends his testimony with respect to the tax and financial treatment of Pechiney's expenditures is irrelevant and prejudicial. It also challenges geologist and certified hydrogeologist Jonathan W. Rohrer's testimony.

2

Though it does not challenge his credentials, Pechiney contends his testimony on alternative remedies should be excluded as speculative. Raviraj Arulanantham is a toxicologist and former regulator with a master's degree in Physiology and a Ph.D. in Biochemistry. Pechiney also challenges his testimony on alternative remedies and on risk assessment, contending it is baseless and should be excluded. Pechiney also challenges the rebuttal testimony of engineering experts Christopher Hunt and Ronald O. Hamburger as outside the scope of their expert reports and irrelevant.

II. LAW

Rule 702 of the Federal Rules of Evidence governs the admissibility of expert witnesses. Rule 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. District court judges are to perform a screening function with respect to expert testimony. *Daubert,* 509 U.S. at 597. *Daubert* requires courts to conduct an inquiry into the reliability and relevance of the proposed expert testimony. *See United States v. Ford*, 481 F.3d 215, 218 (3d Cir. 2007). To be admissible, expert testimony must be connected to the inquiry at hand. *See Daubert*, 509 U.S. at 591-92.

The Supreme Court explains that Federal Rule of Evidence 702 creates "a gatekeeping role for the [trial] judge" in order to "ensur[e] that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Id.* at 597. The Rule requires that expert testimony "help the trier of fact to understand the evidence or to

3

determine a fact in issue." Fed. R. Evid. 702(a). There are three distinct requirements for admissible expert testimony: (1) the expert must be qualified; (2) the opinion must be reliable; and (3) the expert's opinion must relate to the facts. *See generally* Elcock v. Kmart Corp., 233 F.3d 734, 741–46 (3d Cir. 2000).

A trial court must be given wide latitude in determining whether an expert's testimony is reliable. *See* Kumho Tire Co. v. Carmichael, 526 U.S. 137, 152 (1999). This analysis requires that the court make "a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology . . . can be [properly] applied to the facts in issue." *Daubert,* 509 U.S. at 592-93. The Court of Appeals for the Third Circuit identifies the following non-exhaustive factors to be taken into consideration when evaluating the reliability of a particular methodology: (1) whether a method consists of a testable hypothesis; (2) whether the method has been subject to peer review; (3) the known or potential rate of error; (4) the existence and maintenance of standards controlling the technique's operation; (5) whether the method is generally accepted; (6) the relationship of the technique to methods which have been established to be reliable; (7) the qualifications of the expert witness testifying based on the methodology; and (8) the non-judicial uses to which the method has been put. *Elcock,* 233 F.3d at 745-46. The expert's opinion must be based on the methods and procedures of science rather than on subjective belief or unsupported speculation. *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 742 (3d Cir. 1994). *Daubert* applies to the other expert matters described in Rule 702, even when the proposed expert is offering non-scientific, but specialized, testimony. *Kumho Tire,* 526

U.S. at 149. "The focus, of course, must be solely on principles and methodology, not on the conclusions that they generate." *Daubert*, 509 U.S. at 595.

An otherwise qualified and proper expert technical opinion is not excludable "just because it embraces an ultimate issue." Fed. R. Evid. 704(a). "[R]esolving doubtful questions of law is the distinct and exclusive province of the trial judge." *United States v. Brodie*, 858 F.2d 492, 497 (9th Cir. 1988); *see also Berckeley Inv. Group, Ltd. v. Colkitt*, 455 F.3d 195, 217 (3d Cir. 2006)). Nevertheless, under appropriate circumstances and to the extent otherwise relevant and helpful to the trier of fact, an expert witness may properly draw upon his expertise and testify as to "customs and practices" within the relevant field to assist the fact finding process. *See United States v. Leo*, 941 F.2d 181, 196-97 (3d Cir. 1991).

The main purpose of *Daubert* exclusion is to protect juries from being swayed by dubious scientific testimony. *In re Zurn Pex Plumbing Prod. Liab. Litig.*, 644 F.3d 604, 613 (8th Cir. 2011). That interest is not implicated where the judge is the decision maker. *Id.* The district court's "gatekeeping function" under Daubert ensures that expert evidence "*submitted to the jury*" is sufficiently relevant and reliable, but "[t]here is less need for the gatekeeper to keep the gate when the gatekeeper is keeping the gate only for himself[.]" *Id.* (quoting *United States v. Brown*, 415 F.3d 1257, 1269 (11th Cir. 2005)) (emphasis added). Accordingly, less stringent application of *Daubert* is appropriate in bench trials. *Id.* The "usual concerns of the [*Daubert*] rule—keeping unreliable expert testimony from the jury—are not present in such a setting." *Metavante Corp. v. Emigrant Sav. Bank*, 619 F.3d 748, 760 (7th Cir. 2010).

III. DISCUSSION

The Court has reviewed the parties' submissions and finds the parties' motions to exclude should be denied. The Court finds generally that the experts are qualified to render their opinions. Each expert opines on matters within his area of expertise. The record shows that the experts independently examined the bases for their opinions. The experts' methodology appears sound and the evidence the experts rely on is sufficiently related to the case.

The Court finds that the defendants' arguments go to the weight and not the admissibility of the experts' testimony. Also, the parties' criticisms of much of the testimony is properly the subject of lack of foundation, relevance, speculation, or duplicative objections at trial. The Court is not able to assess the admissibility of certain testimony in the context of a pretrial motion. Moreover, subject to a showing of proper foundation, any flaws in the experts' testimony can be addressed in effective cross-examination and by the presentation of competing evidence. The parties' positions on these motions reflect disagreement with the experts' opinions, but do not show a reason to exclude the testimony altogether.

Also, only testimony and opinions properly disclosed in expert reports will be permitted. Generally, rebuttal evidence is proper in response to competing testimony and when expert reports are properly supplemented. The Court will not permit experts to opine on purely questions of law, but testimony that is background or that relates to customs and practices under the relevant regulations may be helpful to the trier of fact and will be permitted to some extent. It appears that most, if not all, of the issues in the case are matters for resolution by the Court. As such, *Daubert* concerns are lessened and the Court's gate-keeping function is relaxed. Accordingly, the Court finds the parties'

motions to exclude should be denied, without prejudice to assertion of timely objections at trial.

IT IS ORDERED:

1. Plaintiff Alcoa's motion to exclude certain testimony of John Woodyard (D.I. 312) is denied;

2. Defendant Century's motion to disqualify expert witness A.J. Gravel (D.I. 309) is denied;

3. Plaintiff Alcoa's and defendant Century's joint motion for an order deferring certain challenges to expert testimony or in the alternative excluding certain expert testimony from such experts (D.I. 306) is denied;

4. Defendant Pechiney's motions to exclude the opinions and testimony of Christopher Hunt, Ph.D. and Ronald O. Hamburger (D.I. 300), Anton Raviraj Arulanantham, Ph.D. (D.I. 298), Jonathan W. Rohrer (D.I. 296), and Steven Hastings (D.I. 294) are denied; and

5. Plaintiff Alcoa's and defendant Century's joint motion to exclude the testimony of A.J. Gravel (D.I. 291) is denied.

Dated this 28th day of January, 2020.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge