IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALCOA, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> ALCAN ROLLED PRODUCTS-RAVENSWOOD LLC, f/k/a PECHINEY ROLLED PRODUCTS LLC, PECHINEY CAST PLATE INC., and CENTURY ALUMINUM COMPANY, <br><br> Defendants. | C.A. NO. 06-451-JFB-SRF <br><br> **MEMORANDUM AND ORDER** |

This matter is before the Court on the parties' motions in limine. D.I. 437-5, Ex. 20 to Ex. 27.

I.  LAW

This is a trial to the Court. Trial courts should be more reluctant to exclude evidence in a bench trial than a jury trial. See *First Am. State Bank v. Cont'l Ins. Co.*, 897 F.2d 319, 328 (8th Cir. 1990); *Builders Steel Co. v. Commissioner*, 179 F.2d 377, 379 (8th Cir. 1950) ("[A] trial judge who, in the trial of a nonjury case, attempts to make strict rulings on the admissibility of evidence, can easily get his decision reversed by excluding evidence which is objected to, but which, on review, the appellate court believes should have been admitted"). Thus, in bench trials evidence should be admitted and then sifted when the district court makes its findings of fact and conclusions of law. *Fields Eng'g & Equip., Inc. v. Cargill, Inc.,* 651 F.2d 589, 594 (8th Cir. 1981). In a nonjury case, the trial court is presumed to consider only the competent evidence and to disregard all evidence

1

that is incompetent.  *First Am. State Bank*, 897 F.2d at 328; *see also Builders Steel Co.*, 179 F.2d at 379 (noting that the trial court, capable of ruling accurately upon the admissibility of evidence, is equally capable of sifting it accurately after it has been received).  Where the court has assumed the role of fact-finder in a bench trial, "the better course" is to "hear the testimony, and continue to sustain objections when appropriate." *Easley v. Anheuser-Busch, Inc.*, 758 F.2d 251, 258 (8th Cir. 1985).

To the extent that a party challenges the probative value of the evidence, an attack upon the probative sufficiency of evidence relates not to admissibility but to the weight of the evidence and is a matter for the trier of fact to resolve.  *United States v. Beasley,* 102 F.3d 1440, 1451 (8th Cir. 1996).  Also, some evidence "cannot be evaluated accurately or sufficiently by the trial judge" in the procedural environment of a ruling on a motion in limine.  *Jonasson v. Lutheran Child and Family Servs.*, 115 F.3d 436, 439 (8th Cir. 1997). Indeed, "motions in limine often present issues for which final decision is best reserved for a specific trial situation." *Walden v. Georgia-Pacific Corp.*, 126 F.3d 506, 518 n.10 (3d Cir. 1997).

Moreover, "pretrial Rule 403 exclusions should rarely be granted. . . . [a] court cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes until it has a full record relevant to the putatively objectionable evidence." *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 859 (3d Cir. 1990) (emphasis in original).  "Evidentiary rulings made by a trial court during motions in limine are preliminary and may change depending on what actually happens at trial." *Walzer v. St. Joseph State Hosp.*, 231 F.3d 1108, 1113 (8th Cir. 2000); *see also Leonard v. Stemtech Health Scis., Inc.*, 981 F. Supp. 2d 273, 276 (D. Del. 2013) (noting that evidentiary rulings, especially those that encompass

broad classes of evidence, should generally be deferred until trial to allow for the resolution of questions of foundation, relevancy, and potential prejudice in proper context).

II.  MOTIONS IN LIMINE

A.  Constellium Rolled Products Ravenswood, LLC's (formerly Alcan Rolled Products-Ravenswood LLC, f/k/a Pechiney Rolled Products LLC) ("Pechiney") Motions

> 1.  Motion to Bar Century Aluminum Company ("Century") from presenting any evidence or testimony at trial on Pechiney's tax practices (D.I. 437-5, Ex. 20).

Pechiney contends the danger of prejudice outweighs the probative value of this evidence. In response, Century contends Pechiney's arguments are a rehash of the arguments considered and rejected in Pechiney's *Daubert* motion with respect to Century's tax expert, Steven Hastings. Further, it argues the evidence is relevant to two issues: 1) Pechiney's characterization of costs as costs as recoverable (remediation), non-recoverable (redevelopment), or otherwise so as to be either "deducted" or "expensed" in the year they are incurred or "capitalized" or "deferred" over time, under tax rules; and 2) Pechiney's purported damages. In reply to that argument, Pechiney states that this Court has already deemed the evidence not relevant and found it "an apple and oranges" comparison that has nothing to do with the substantive issues that are being litigated in this case." D.I. 347, Discovery Teleconference Tr. at 43. It contends that ruling is law of the case. Pechiney also states it does not seek to exclude Hastings as a damages expert with its motion in limine.

The Magistrate Judge denied a motion to compel production of certain tax documents and found that "under Rule 26, the sales related documents, particularly documents and communications surrounding the NOPA, the Notice of Proposed Adjustment issued by the IRS is not relevant and/or proportional to the needs of the case." *Id.* at 43. The Court will stand by that ruling at trial. Whether the evidence may be relevant for impeachment purposes remains to be considered, depending on the evidence at trial. Accordingly, the motion will be granted at this time in accordance with the Magistrate Judge's ruling, without prejudice to a showing of relevance in rebuttal or for impeachment purposes.

2. Motion in Limine to Bar Any Testimony or Evidence Regarding the Viability of Hypothetical Alternative Cleanup Remedies (D.I. 437-5, Ex. 21)

Pechiney contends that Alcoa and Century should be barred from presenting misleading evidence or testimony at trial that environmental regulators would have approved an illegal alternative remedy for Pechiney's cleanup of hazardous substances at the Vernon Site (the "Site"). It contends that Alcoa and Century have speculated that the City of Vernon, California Department of Toxic Substances Control ("DTSC"), and United States Environmental Protection Agency ("EPA") might have approved a "do nothing" alternative at the site of simply abandoning tens of thousands of tons of PCB contaminated-material in place and then constructing new buildings on top of this hazardous waste. In response, Alcoa and Century contend the evidence is relevant to their showing that Pechiney's expenditures were not reasonable or necessary. In reply, Pechiney contends that Century's and Alcoa's arguments relate to proof that 1) cleanup was not required by government order; 2) Pechiney failed to consult Century; and 3)

response costs were unnecessary. Pechiney contends that the Court already ruled against Century and Alcoa on these issues in its summary judgment order, finding that cleanup was required, Pechiney consulted Century, and there was a threat making costs necessary.

The Court finds the motion should be granted with respect to evidence or testimony on any facially-illegal alternative to Pechiney's government-approved cleanup, but evidence that relates to whether Pechiney's expenditures were reasonable and necessary as defined under CERCLA will be permitted on a proper showing of foundation and relevance. Needless to say, speculative evidence will not be permitted. The Court intends to stand by its summary judgment order, though Pechiney's characterization of the order may be overstated. The Court is unable to determine the precise parameters of admissibility in the context of a motion in limine, and will defer ruling until trial. Accordingly, the motion in limine is denied without prejudice to reassertion.

3. Motion in Limine to Exclude Evidence of Alleged Corruption in the City of Vernon (D.I. 437-5, Ex. 22)

Pechiney argues that Century's and Alcoa's argument that Pechiney somehow colluded with a corrupt City government in connection with the remediation is supported by evidence of alleged corruption of three City of Vernon officials[1] that has nothing to do with the issue of the case. Pechiney contends there is no logical connection between any alleged corruption and issues before the Court and contends that some instances of

---

[1]These are a charge of voter fraud against the then-Mayor for falsely claiming to live in the City of Vernon and charges of corruption against City officials for hiring a relative and for misappropriating funds for personal use. D.I. 437-5, Ex. 22.1, Motion at 2, & n.6.

5

alleged corruption did not even occur during the time period at issue. Pechiney also contends the evidence should be excluded as improper character evidence.

In response, Century argues that it seeks the converse in its own motion in limine, moving for an order allowing it to elicit testimony about the facts that "(i) the City was under a criminal probe during the time Pechiney was evaluating the City's offer, (ii) Pechiney officials were aware of the criminal probe prior to consummating the deal with the City on March 20, 2006, and (iii) decided to proceed with the transaction anyway." D.I. 437-5, Ex. 22.2, Response at 2.

The Court strains to see the relevance of any such evidence, however, because this is a bench trial, the parties' concerns are less compelling. Evidence will not be admitted without a showing of foundation and relevance. Relevance includes a showing of some connection to the issues to be determined by the Court. The Court is inclined to admit the evidence and determine its relevance to issues under consideration later. To the extent the evidence is speculative, lacks a causal connection, or is unfairly prejudicial, it will be disregarded by the Court. Accordingly, the motion in limine will be denied without prejudice to reassertion through a timely objection at trial.

B.   Alcoa's Inc.'s ("Alcoa") Motions

1.   Motion in Limine to Preclude Reference to Alcoa as "Polluter" (or Similar Term) (D.I. 437-5, Ex. 23)

Because this is a trial to the Court, Alcoa's arguments are unavailing. First, the Court does not regard the term "polluter" as particularly pejorative. Nor does the Court find the term implies a callous disregard for the environment. The CERCLA statute is aimed at remediating pollution and it is a strict liability statute. The Court will disregard

6

pejorative, derogatory or inflammatory terms. The Court finds the motion in limine should be denied.

2. Motion In Limine to Preclude Reference to Expenditures not at Issue in this Action (D.I. 437-5, Ex. 24)

Alcoa, joined by Century, seeks an order preventing Pechiney from presenting evidence relating to expenditures for which Pechiney is not seeking recovery in this action, including so-called remediation that Pechiney did as an alleged "volunteer" before any government orders required remediation. Pechiney contends the evidence of Pechiney's total expenditures at the Site is relevant to Pechiney's claims and defenses against Alcoa, because Alcoa has put the distinction between recoverable and nonrecoverable costs directly at issue in this litigation. It contends Pechiney and its expert should be permitted to explain the difference between the costs Pechiney has incurred in total at the Site versus the amount Pechiney is seeking in claimed response costs.

Again, the parties' concerns are obviated by the fact that this is a trial to the Court. The evidence may be relevant to equitable considerations in connection with proper allocation of responsibility. Evidence will be admitted only on a proper showing of foundation and relevance, and expert testimony that is helpful to the trier of fact will be permitted. Also, the parties will be limited to the issues set out in the Pretrial Order. The Court will not be swayed by improper evidence. Accordingly, the motion will be overruled at this time, without prejudice to reassertion at trial.

C. Century's Motions

1. Motion in Limine to Include Evidence Relating to the City of Vernon's Criminal Corruption Investigations and Pechiney's Knowledge Thereof. (D.I. 437-5, Ex. 25)

For the reasons set forth above on Alcoa's similar motion, the motion will be overruled at this time, without prejudice to reassertion at trial.

2. Motion in Limine to Bar Evidence Regarding Pechiney's Purchase of Century's Vernon, California Facility and Ravenswood, West Virginia Facility for $250 Million and Related References (D.I. 437-5, Ex. 26)

This motion seeks to prevent Pechiney from mentioning the total purchase price—approximately $250 million—that Pechiney actually paid for both the Vernon, California facility (the "Site") and a separate facility in Ravenswood, Virginia. It argues references to the total sale price is prejudicial because it suggests that Century obtained a windfall.

The Court finds the motion should be denied because the Court is capable of sifting through the evidence and determining the relevance of—and proper inferences to be drawn from—the information. Again, evidence will be admitted only on a showing of proper foundation and relevance. Because this is a trial to the Court, Century's contentions of prejudice lose some force. The Court notes that this action involves only the Vernon, California facility, and evidence with respect to the Ravenswood facility is not generally relevant. The Court finds the motion should be overruled, without prejudice to reassertion.

3. Motion in Limine to Bar Evidence or Argument Concerning an Irrelevant and Uncodified Local Building Department "Policy" Regarding Excavation Depth (D.I. 437-5, Ex. 27)

This motion relates to Pechiney's alleged efforts to impose liability on Century for its voluntary costs—including the costs associated with digging out 10 feet of subsurface

8

structures. Century contends that Pechiney has sought to characterize its work as having been undertaken pursuant to an environmental order or law, and Century argues that it is undisputed that neither the EPA nor the DTSC mandated excavation of the site down to a certain depth. In response, Pechiney argues that there is evidence of such a policy and the determination is a question for the trier of fact.

The Court finds the motion should be denied. This dispute relates to issues properly before the Court for resolution. The evidence appears to be relevant to both remediation obligations and contractual indemnification obligations.

The Court cannot make a general ruling without knowing the nature of the specific evidence and the purpose for which it may be offered, matters which will be better known at trial should some or all of the evidence at issue be presented. Therefore, the Court will defer on ruling on the motion until such time as specific evidence is presented. Accordingly, the motion will be denied, without prejudice to reassertion at trial.

Accordingly,

IT IS ORDERED that the parties' motions in limine are granted and denied as set forth in this order.

Dated this 9th day of March 2020.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge