IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALCOA, Inc.,<br><br>        Plaintiff,<br><br>vs.<br><br>ALCAN ROLLED PRODUCTS-<br>RAVENSWOOD LLC, f/k/a PECHINEY<br>ROLLED PRODUCTS LLC, PECHINEY<br>CAST PLATE INC., and CENTURY<br>ALUMINUM COMPANY,<br><br>        Defendants. | C.A. NO. 06-451-JFB-SRF<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on the parties' responses (D.I. 432, 433, 434, 439, 440, and 444)[1] to the Court's order striking their demands for a jury trial on CERCLA claims (D.I. 426), and on Constellium Rolled Products Ravenswood, LLC (Formerly Alcan Rolled Products-Ravenswood LLC, f/k/a Pechiney Rolled Products LLC) and Pechiney Cast Plate, Inc.'s ("Pechiney") motion to realign the parties (D.I. 427).

I.  BACKGROUND

In its order on the parties' cross-motions for summary judgment, this Court found that the parties have no right to a jury trial on CERCLA claims. The Court held that those claims would be tried to the Court, with contract/indemnification claims deferred until after

---

[1] Pechiney moves for leave to supplement its response (D.I. 444). Leave will be granted, and the Court has considered Alcoa's supplemental response. D.I. 444-2.

1

CERCLA liability and contribution are determined.[2] The Court invited responses from the parties.

Pechiney responds that it agrees with the Court's approach and states that trying the case in phases will reduce jury confusion, conserve judicial resources, reduce the risk of prejudice to the parties, and efficiently resolve the remaining issues in the case. It proposes that the case should be bifurcated into two trials including: (1) a bench trial addressing the CERCLA and HSAA claims involving only Pechiney and Alcoa; and, if necessary, (2) a jury trial addressing any remaining contractual disputes and damages claims between Pechiney, Century, and Alcoa.

Century Aluminum Company ("Century") first requests reconsideration of the Court's summary judgment order, contending that the Court invaded the province of the jury by making certain ostensible factual findings. It also challenges the Court's findings on law of the case.

Century objects to bifurcation, contending that that the contract/indemnification claims, and defenses are intertwined with the CERCLA issues and two trials would be inefficient. Also, it contends bifurcation would violate its rights to a jury trial on contractual/indemnification issues, pointing to numerous issues of fact.[3] Further, Century disputes Pechiney's contention that Century should not participate in the CERCLA trial, arguing that it has a right to intervene under 42 U.S.C. § 9613(i).

Century, joined in part by Alcoa, proposes that the CERCLA and contract issues be tried at the same time, with evidence unique to CERCLA tried only to the Court. The

---

[2] Pechiney and Alcoa agreed to dismiss, with prejudice, Pechiney's common law claims against Alcoa. D.I. 430.
[3] Century lists thirty-three separate disputed issues. D.I. 439 at 2-3.

Court would then recess the jury and the parties would present closing arguments on CERCLA issues to the Court. The Court would then make its findings on CERCLA liability and allocation and reconvene the jury for closing arguments on indemnification claims. The jury would then deliberate and decide indemnification claims, and the Court would later issue a substantive decision on the CERCLA findings.

Alcoa Inc.'s ("Alcoa") agrees with Century that the CERCLA and contract issues are intertwined and that multiple trials would be inefficient. It submits that the CERCLA and contract issues should be tried together and proposes that the Court manage the case through instructions and special interrogatories to the jury. Alcoa also contends there are numerous issues of fact. Alcoa agrees with Century that Century should participate in the CERCLA trial.

In reply to Century's and Alcoa's arguments, Pechiney disagrees with Century's arguments in support of its motion for reconsideration and again asserts that Century has no right to intervene in the CERCLA. It argues that Alcoa can effectively protect Century's interests.

Pechiney moves to realign the parties to reflect their actual roles in the litigation. Century accedes to the proposal as long as the Court follows its proposal on the conduct of the trial. Alcoa objects to realignment only to the extent Pechiney attempts to leverage realignment to support its argument for bifurcation and/or excluding Century from participation in one of the trials.

II. LAW

Interpretation of contract terms is a question of law for the Court. *O'Brien v. Progressive N. Ins. Co.*, 785 A.2d 281, 286 (Del. 2001); see *Tamarind Resort Assocs. v. Virgin Islands*, 138 F.3d 107, 110-11 (3d Cir. 1998) ("It is a fundamental principle of contract law that disputes involving the interpretation of unambiguous contracts are resolvable as a matter of law, and are, therefore, appropriate cases for summary judgment"). Whether an agreement is ambiguous is a question of law for the court, to be determined by looking to the document as a whole rather than to sentences or clauses in isolation. *Hatco Corp. v. W.R. Grace & Co. Conn.,* 59 F.3d 400, 405 (3d Cir. 1995) (applying New York law). The Court interprets an unambiguous contract by giving clear and unambiguous terms their plain and ordinary meaning. *O'Brien,* 785 A.2d at 288. An ambiguity exists where a term has more than one interpretation. *Id.* "Contract terms themselves will be controlling when they establish the parties' common meaning so that a reasonable person in the position of either party would have no expectations inconsistent with the contract language." *Eagle Indus., Inc. v. DeVilbiss Health Care, Inc.*, 702 A.2d 1228, 1232 (Del. 1997).

The right to jury trial depends not upon the factual setting from which the claim arose but (i) on whether the claim involves an issue "triable of right by a jury," and (ii) on the nature of the cause of action as well as its historical treatment in English-American jurisprudence, that is, whether the proceedings are more emblematic of a "legal" proceeding, as distinguished from an "equitable" one. *See Tull v. United States*, 481 U.S. 412, 417–18 (1987). Under Delaware law, "indemnification claims do not accrue until the party seeking indemnification has made payment to the injured person." *See Breakaway*

*Solutions, Inc. v. Morgan Stanley & Co., Inc.*, 2004 WL 1949300, at *15 (Del. Ch. Aug. 27, 2004*); LaPoint v. AmerisourceBergen Corp.*, 970 A.2d 185, 197 (Del. 2009) ("[t]he term 'indemnity' has a distinct legal meaning that permits the party seeking indemnification to bring a separate cause of action for indemnification after first bringing a successful action for breach of the [underlying] contract."); *see also Reading Co. v. City of Phila.*, No. CIV. A. 91-2377, 1996 WL 251511, at *2 (E.D. Pa. May 9, 1996), *aff'd*, 107 F.3d 8 (3d Cir. 1997)(holding that since the contractual indemnification crossclaims "concern indemnity for CERCLA liability, the court had to await the resolution of the underlying CERCLA action before it could address the crossclaims").

Under 42 U.S.C. § 9613(i),

> In any action commenced under this chapter or under the Solid Waste Disposal Act in a court of the United States, any person may intervene as a matter of right when such person claims an interest relating to the subject of the action and is so situated that the disposition of the action may, as a practical matter, impair or impede the person's ability to protect that interest, unless the President or the State shows that the person's interest is adequately represented by existing parties.

42 U.S.C.A. § 9613. Courts have a duty to "look beyond the pleadings and arrange the parties according to their sides in the dispute." *Dawson v. Columbia Tr. Co.*, 197 U.S. 178, 180, (1905). The parties must be arranged by ascertaining the "principle purpose of the suit" and the "primary and controlling matter in dispute." *Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69 (1941). Where there are multiple parties to a lawsuit the Court can realign the parties according to their true interests. *Butcher & Singer, Inc. v. Kellam*, 623 F. Supp. 418, 421 (D. Del. 1985)*.*

III. DISCUSSION

The Court first finds that Century's motion for reconsideration should be denied. Contrary to Century's contention, the findings made by the Court in ruling on the parties' cross-motions for summary judgment were determinations on matters of law. Whether the City possessed the required authority to oversee and order remediation at the site is also a question of law and does not present an issue for resolution by the jury. That the Court's finding was made in reliance on the law of the case doctrine is of little consequence because the Court would make the same determination as a matter of law. Because the finding relates to a legal determination—not a jury's resolution of competing facts—no facts could alter the outcome. The Court stands by the determination that the City had authority to order or compel a toxic cleanup.

The Court also stands by its decision that there is no right to a jury trial under CERCLA and the bifurcation of the jury and non-jury issues. The Court finds Century's and Alcoa's proposal to try jury and nonjury issues in a single proceeding would be awkward and unworkable.

The Court notes that jurisdiction over this case is based on a federal question—liability and contribution under CERCLA. The Court exercised supplemental jurisdiction over the related contract claims for indemnity.[4] It is clear to the Court that the heart of this dispute is CERCLA and resolution of the CERCLA claims is independent of and

---

[4] The Court's jurisdiction is based on 42 U.S.C. § 9613(b), which vests exclusive jurisdiction of CERCLA claims in the federal courts, and under 28 U.S.C. §§ 1331 (federal question) and 28 U.S.C. § 1367 (supplemental jurisdiction). The right to a jury trial for claims brought under the Declaratory Judgment Act depends on whether a right to a jury trial exists on the underlying action upon which declaratory relief is sought. *See Simler v. Conner*, 372 U.S. 221, 223 (1963).

antecedent to the claims of contractual indemnity. By their express terms, the indemnification contracts contemplate CERCLA or other "environmental law" liability. The indemnification provided under the contracts is dependent on CERCLA liability and the contracts are interpreted with reference to the meaning of terms under CERCLA.

The Court disagrees that a bifurcated trial would deny the parties the right to a jury trial. The Court is not denying a jury trial, merely delaying it. At this point, the Court sees no overlapping factual issues between the CERCLA claims and the contract claims that would preclude bifurcation. Most of the purported factual issues identified by Alcoa and Century are legal issues of contract interpretation that either have been, or will be, decided by the Court as a matter of law. Other issues are equitable in nature. The extent to which the costs of remediation are indemnified under the agreements is not essential to the Court's CERCLA determination. Though the CERCLA claims and breach of contract/indemnification claims involve the same factual setting, the claims are not interwoven to the point that factfinding is required on an element common to both claims. The Court and the jury will resolve distinct questions.

The Court can resolve any questions of law in connection with the contract claims first, without determining any factual questions material to the contract claims that would be presented to a jury. The Court is not able at this stage of the proceedings to imagine or predict what those factual issues might be. In the event that factual issues material to the contract and indemnification claims overlap with factual issues material to the CERCLA claims, the Court can preserve the parties' right to a jury determination by deferring decisions on those issues. It makes sense to try the non-jury issues first

because the contract claims may be moot depending on the findings on CERCLA liability and/or contribution.

Also, the Court finds that Century can participate in the CERCLA trial. Century, after all, is potentially subject to CERCLA liability as an owner of the property. Both Alcoa and Century have direct interest in the CERCLA claims because of the indemnification contracts; Century agreed to contractually assume over-the-cap CERCLA liabilities (if proven) when it purchased the site, while Alcoa agreed to indemnify Century for any provable under-the-cap CERCLA liabilities. Though Alcoa's and Century's interests line up to some extent, Century has participated in the litigation from the outset and there have been numerous disagreements between Alcoa and Century. The Court finds that precluding Century from participating in the trial could practically impair or impede its ability to protect its interest.

The Court finds it makes sense to realign the parties. Since this is a trial to the Court, however, it may not be necessary to do so formally. The same result can be achieved with adjusting the order of proof. The Court will structure the presentation of the case as if Pechiney had been the original plaintiff.

IT IS ORDERED:

1. Pechiney's motion for leave to submit a supplemental response (D.I. 444) is granted.

2. Century's alternative motion to reconsider is denied.

3. Alcoa's and Century's objections to bifurcation of the trial are overruled.

4. Pechiney's objection to Century's participation in the CERCLA bench trial is overruled.

5.      Pechiney's motion to realign the parties (D.I. 427) is granted to the extent that the order of proof at the bench trial will be adjusted as if Pechiney were originally the plaintiff.

Dated this 10th day of March 2020.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge